IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON, | : |
| | :     C.A. No.: |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| NEAL SHOEMAKER, an individual, BLUE | :     **JURY OF SIX DEMANDED** |
| DIAMOND, LLC, a Delaware corporation, | : |
| HOUGHTONS AMUSEMENT PARK, | : |
| LLC, a Delaware corporation, JACK | : |
| BRADY, individually and d/b/a KSR | : |
| MOTOR SPORTS, BENCHMARK | : |
| BUILDERS, INC., a Delaware corporation, | : |
| and PARKWAY GRAVEL, a Delaware | : |
| corporation, | : |
| | : |
| Defendants. | |

## COMPLAINT

### PARTIES

1. The plaintiff, Delbert Rollison, is an individual who resides at P.O. Box 272, Waterford, Virginia 22190.

2. Defendant, Neal Shoemaker, is an individual who resides at 1215 N. Mink Road, Danielsville, Pennsylvania 18038.

4. Defendant, Blue Diamond, LLC, is a Delaware corporation located at 4048 New Castle Avenue, New Castle, Delaware 19720. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

5. Defendant, Houghtons Amusement Park, LLC, is a Delaware corporation whose registered agent is Corporate Agents, Inc., located at 2711 Centreville Road, Suite 400, Wilmington, Delaware 19808. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

6. Defendant, KSR Motor Sports, is a sole proprietorship run by the defendant, Jack Brady, located at P.O. Box 1701, Paoli, Pennsylvania 19301.

7. Defendant, Jack Brady, is an individual located at P.O. Box 1701, Paoli, Pennsylvania, 19301.

8. Defendant, Benchmark Builders, Inc., is a Delaware corporation whose registered agent is Steven W. Bomberger at 818 First State Boulevard, Wilmington, Delaware 19804. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

9. Defendant, Parkway Gravel, Inc., is a Delaware corporation located at 4048 New Castle Avenue, New Castle, Delaware 19720. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

## JURISDICTION

10. Paragraphs 1 through 9 are incorporated herein by reference.

11. Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which some of the defendants reside and the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

12. On July 3, 2004, at approximately 6:30 p.m., the plaintiff, Delbert Rollison, was attending a Monster Truck Show at the Blue Diamond Park in New Castle, Delaware.

13. At the aforementioned time and place, the defendant, Neal Shoemaker, was operating a four-wheeler, pushing a truck that was steered by a minor, believed to be defendant Neal Shoemaker's son.

14. While being pushed by the four-wheeler, the Monster Truck struck plaintiff, Delbert Rollison, causing him to fall and resulting in injuries to the plaintiff, Delbert Rollison.

15. At all times relevant, the defendant, Blue Diamond, LLC, owned, maintained, managed, and/or controlled the property known as Blue Diamond Park at 765 Hamburg Road New Castle, Delaware 19720.

16. At all times relevant, the defendant, Benchmark Builders, Inc., owned, maintained, managed, and/or controlled the property known as Blue Diamond Park at 765 Hamburg Road New Castle, Delaware 19720.

17. At all times relevant, the defendant, Parkway Gravel, Inc., owned, maintained, managed, and/or controlled the property known as Blue Diamond Park at 765 Hamburg Road - New Castle, Delaware 19720.

18. At all times relevant, the defendant, Houghtons Amusement Park, LLC, owned, maintained, managed, and/or controlled the property/ and or events at Blue Diamond Park at 765 Hamburg Road -New Castle, Delaware 19720.

19. At all times relevant, the defendant, Jack Brady individually, and d/b/a KSR Motorsports, owned, maintained, managed, and/or controlled the property/ and or events at Blue Diamond Park at 765 Hamburg Road -New Castle, Delaware 19720.

### COUNT I
### CLAIM AGAINST NEAL SHOEMAKER

20. Paragraphs 1 through 19 are incorporated herein by reference.

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

21. The direct and proximate cause of the accident was the negligence of the defendant, Neal Shoemaker, as follows:

(a) He failed to exercise due care to avoid colliding with any pedestrian upon any roadway, in violation of 21 Del. C. §4144;

(b) He failed to give full time and attention to the operation of his vehicle in violation of 21 Del. C. §4176(b);

(c) He drove his vehicle in willful and wanton disregard for the safety of persons and property on said roadway, in violation of 21 Del. C. §4175(a);

(d) He operated his vehicle in a careless and imprudent manner without due regard for the road, weather and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

(e) He failed to keep his vehicle under proper and adequate control at the time of the collision, in violation of the common law duty of care he had to others, including the plaintiff, Delbert Rollison;

(f) He failed to maintain and keep a proper lookout for persons and other vehicles in the area, in violation of the common law duty of care he had to others, including the plaintiff, Delbert Rollison;

(g) He allowed a minor, unlicensed driver to operate a vehicle;

(h) He failed to operate his vehicle as a reasonable and prudent person under the circumstances in doing the aforesaid acts set out in subparagraphs (a) through (g) in violation of the common law duty of care he had to others, including the plaintiff, Delbert Rollison;

(i) He was otherwise negligent.

22. The defendant, Neal Shoemaker, was the owner of the vehicle being operated by the minor, John Doe, at the time of the aforesaid accident.

23. A proximate cause of the aforesaid collision was the negligence of the defendant, Neal Shoemaker, by entrusting his vehicle to an unlicensed minor, who he knew or should have known would act in a manner likely to cause injuries to third parties.

24. The defendant, Neal Shoemaker, by entrusting his vehicle to a person who he knew or should have known would act in a manner likely to cause injuries to third parties acted in a manner which constituted negligent and/or willful and wanton disregard for the safety of others, including the plaintiff, Delbert Rollison.

25. At all times relevant to this litigation, the driver, was the agent, servant and/or employee of the defendant, Neal Shoemaker [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 DEL. C. §3916].

26. The defendant, Neal Shoemaker, is vicariously liable for the acts of his agent, servant and/or employee.

27. The negligence of defendant, Neal Shoemaker's, minor son is imputed to the defendant, Neal Shoemaker, by reason of his parental relationship and his ownership of the vehicle. He is therefore jointly and severally liable for the injuries sustained by the plaintiff pursuant to 21 Del. C. §6105.

28. The defendant Neil Shoemaker's conduct was reckless and/or evidence of a reckless indifference to the rights of others justifying an award of punitive damages.

## COUNT II
## CLAIM AGAINST BLUE DIAMOND, LLC

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. The proximate cause of the aforesaid accident was the negligence of the defendant, Blue Diamond Park, LLC, as follows:

    (a) It allowed an unlicensed minor to operate a motor vehicle on its premises;

  (b) It failed to adequately staff its facilities or provide sufficient employees to supervise an unsafe area and/or patrons;

  (c) It failed to monitor patrons;

  (d) It knew or should have known of the failure to use proper towing method(s);

  (e) It knew or should have known of inexperienced drivers operating on its premises;

  (f) It failed to maintain its premises in a safe condition;

  (g) It failed to adequately remove a dangerous condition from the premises so it would be safe for business invitees to walk on said premises;

  (h) It failed to remove dangerous conditions so as to prevent the premises from becoming dangerous when it knew or should have known of the danger created;

  (i) It failed to warn of the presence of an unsafe condition on its premises;

  (j) It failed to provide an alternate manner of ingress or egress to the premises to so prevent business invitees from encountering the dangerous condition;

  (k) It failed to protect pedestrians from vehicles entering the race course or race track;

  (l) It failed to provide barriers and/or defined roadways to prevent pedestrians from colliding with motor vehicles;

  (m) It knew or should have known of the existence of an unsafe condition on its premises;

  (n) It was otherwise negligent in that it failed to fulfill its duty to protect business invitees while on its premises, including the plaintiff, Delbert Rollison, from dangerous conditions;

(o) It permitted a dangerous condition to exist in an area where the defendant knew or should have known individuals would be walking;

(p) It acted with willful and wanton disregard for the safety of others, including the plaintiff, Delbert Rollison;

(q) It failed to properly instruct drivers and/or patrons of proper towing method(s) and/or proper driving routes;

(r) It was otherwise negligent.

31. The defendant, Blue Diamond LLC's, conduct was reckless and/or evidence of a reckless indifference to the rights of others justifying an award of punitive damages.

## COUNT III
## CLAIM AGAINST HOUGHTON'S AMUSEMENT PARK, LLC

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. The proximate cause of the aforesaid accident was the negligence of the defendant, Houghton's Amusement Park, LLC, as follows:

(a) It allowed an unlicensed minor to operate a motor vehicle on its premises;

(b) It failed to adequately staff its facilities or provide sufficient employees to supervise an unsafe area and/or patrons;

(c) It failed to monitor patrons;

(d) It knew or should have known of the failure to use proper towing method(s);

(e) It knew or should have known of inexperienced drivers operating on its premises;

(f) It failed to maintain its premises in a safe condition;

(g) It failed to adequately remove a dangerous condition from the premises so it would be safe for business invitees to walk on said premises;

(h) It failed to remove dangerous conditions so as to prevent the premises from becoming dangerous when it knew or should have known of the danger created;

(i) It failed to warn of the presence of an unsafe condition on its premises;

(j) It failed to provide an alternate manner of ingress or egress to the premises to so prevent business invitees from encountering the dangerous condition;

(k) It failed to protect pedestrians from vehicles entering the race course or race track;

(l) It failed to provide barriers and/or defined roadways to prevent pedestrians from colliding with motor vehicles;

(m) It knew or should have known of the existence of an unsafe condition on its premises;

(n) It was otherwise negligent in that it failed to fulfill its duty to protect business invitees while on its premises, including the plaintiff, Delbert Rollison, from dangerous conditions;

(o) It permitted a dangerous condition to exist in an area where the defendant knew or should have known individuals would be walking;

(p) It acted with willful and wanton disregard for the safety of others, including the plaintiff, Delbert Rollison;

(q) It failed to properly instruct drivers and/or patrons of proper towing method(s) and/or proper driving routes;

(r) It was otherwise negligent.

34. The defendant, Houghton's Amusement Park LLC's, conduct was reckless and/or evidence of a reckless indifference to the rights of others justifying an award of punitive damages.

## COUNT IV
## CLAIM AGAINST JACK BRADY INDIVIDUALLY AND D/B/A KSR MOTOR SPORTS

35. Paragraphs 1 through 32 are incorporated herein by reference.

36. The proximate cause of the aforesaid accident was the negligence of the defendant, Jack Brady and KSR Motor Sports, as follows:

   (a) He/it allowed an unlicensed minor to operate its motor vehicle;

   (b) He/it failed to adequately staff its facilities or provide sufficient employees to supervise an unsafe area and/or patrons;

   (c) He/it failed to monitor patrons;

   (d) He/it knew or should have known of the failure to use proper towing method(s);

   (e) He/it knew or should have known of inexperienced drivers operating on its premises;

   (f) He/it failed to maintain its premises/vehicles in a safe condition;

   (g) He/it failed to adequately remove a dangerous condition from the premises so it would be safe for business invitees to walk on said premises;

   (h) He/it failed to remove dangerous conditions so as to prevent the premises/condition from becoming dangerous when he/it knew or should have known of the danger created;

   (i) He/it failed to warn of the presence of an unsafe condition on its premises;

(j) He/it failed to provide an alternate manner of ingress or egress to the premises to so prevent business invitees from encountering the dangerous condition;

(k) He/it failed to protect pedestrians from vehicles entering the race course or race track;

(l) He/it failed to provide barriers and/or defined roadways to prevent pedestrians from colliding with motor vehicles;

(m) He/it knew or should have known of the existence of an unsafe condition on its premises;

(n) He/it was otherwise negligent in that it failed to fulfill its duty to protect business invitees while on its premises, including the plaintiff, Delbert Rollison, from dangerous conditions;

(o) He/it permitted a dangerous condition to exist in an area where the defendant knew or should have known individuals would be walking;

(p) He/it acted with willful and wanton disregard for the safety of others, including the plaintiff, Delbert Rollison;

(q) He/it failed to properly instruct drivers and/or patrons of proper towing method(s) and/or proper driving routes;

(r) He/it was otherwise negligent.

37. The defendant, Jack Brady, individually and d/b/a KSR Motorsports' conduct was reckless and/or evidence of a reckless indifference to the rights of others justifying an award of punitive damages.

## COUNT V
## CLAIM AGAINST BENCHMARK BUILDERS, INC.

38. Paragraphs 1 through 37 are incorporated herein by reference.

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

39. The proximate cause of the aforesaid accident was the negligence of the defendant, Benchmark Builders, Inc., as follows:

(a) It allowed an unlicensed minor to operate a motor vehicle on its premises;

(b) It failed to adequately staff its facilities or provide sufficient employees to supervise an unsafe area and/or patrons;

(c) It failed to monitor patrons;

(d) It knew or should have known of the failure to use proper towing method(s);

(e) It knew or should have known of inexperienced drivers operating on its premises;

(f) It failed to maintain its premises in a safe condition;

(g) It failed to adequately remove a dangerous condition from the premises so it would be safe for business invitees to walk on said premises;

(h) It failed to remove dangerous conditions so as to prevent the premises from becoming dangerous when it knew or should have known of the danger created;

(i) It failed to warn of the presence of an unsafe condition on its premises;

(j) It failed to provide an alternate manner of ingress or egress to the premises to so prevent business invitees from encountering the dangerous condition;

(k) It failed to protect pedestrians from vehicles entering the race course or race track;

(l) It failed to provide barriers and/or defined roadways to prevent pedestrians from colliding with motor vehicles;

(m) It knew or should have known of the existence of an unsafe condition on its premises;

(n) It was otherwise negligent in that it failed to fulfill its duty to protect business invitees while on its premises, including the plaintiff, Delbert Rollison, from dangerous conditions;

(o) It permitted a dangerous condition to exist in an area where the defendant knew or should have known individuals would be walking;

(p) It acted with willful and wanton disregard for the safety of others, including the plaintiff, Delbert Rollison;

(q) It failed to properly instruct drivers and/or patrons of proper towing method(s) and/or proper driving routes;

(r) It was otherwise negligent.

40. The defendant, Benchmark Builders', conduct was reckless and/or evidence of a reckless indifference to the rights of others justifying an award of punitive damages.

### COUNT VI
### CLAIM AGAINST PARKWAY GRAVEL

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. The proximate cause of the aforesaid accident was the negligence of the defendant, Parkway Gravel, as follows:

(a) It allowed an unlicensed minor to operate a motor vehicle on its premises;

(b) It failed to adequately staff its facilities or provide sufficient employees to supervise an unsafe area and/or patrons;

(c) It failed to monitor patrons;

(d) It knew or should have known of the failure to use proper towing method(s);

(e) It knew or should have known of inexperienced drivers operating on its premises;

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

(f) It failed to maintain its premises in a safe condition;

(g) It failed to adequately remove a dangerous condition from the premises so it would be safe for business invitees to walk on said premises;

(h) It failed to remove dangerous conditions so as to prevent the premises from becoming dangerous when it knew or should have known of the danger created;

(i) It failed to warn of the presence of an unsafe condition on its premises;

(j) It failed to provide an alternate manner of ingress or egress to the premises to so prevent business invitees from encountering the dangerous condition;

(k) It failed to protect pedestrians from vehicles entering the race course or race track;

(l) It failed to provide barriers and/or defined roadways to prevent pedestrians from colliding with motor vehicles;

(m) It knew or should have known of the existence of an unsafe condition on its premises;

(n) It was otherwise negligent in that it failed to fulfill its duty to protect business invitees while on its premises, including the plaintiff, Delbert Rollison, from dangerous conditions;

(o) It permitted a dangerous condition to exist in an area where the defendant knew or should have known individuals would be walking;

(p) It acted with willful and wanton disregard for the safety of others, including the plaintiff, Delbert Rollison;

(q) It failed to properly instruct drivers and/or patrons of proper towing method(s) and/or proper driving routes;

(r) It was otherwise negligent.

Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

43. The defendant, Parkway Gravel's, conduct was reckless and/or evidence of a reckless indifference to the rights of others justifying an award of punitive damages.

## COUNT VII
## CLAIM OF DELBERT ROLLISON

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. As a direct and proximate cause of the defendant's negligence, the plaintiff, Delbert Rollison, suffered severe personal injuries, both of a temporary and permanent nature, including but not limited to low back injuries and a ruptured patella tendon in the right knee which required multiple surgeries.

46. As a result of the defendant's negligence, the plaintiff, Delbert Rollison, has experienced, continues to experience and is likely to experience in the future substantial physical pain, suffering and discomfort.

47. As a consequence of his injuries, the plaintiff, Delbert Rollison, has been required to undergo prolonged medical treatment including multiple surgeries and physical therapy.

48. As a further result of his injuries, the plaintiff, Delbert Rollison, has experienced, continues to experience and is likely to experience in the future emotional pain, suffering, anxiety and nervousness.

49. As a further consequence of the defendant's negligence, the plaintiff, Delbert Rollison, has incurred and may in the future continue to incur medical bills for the treatment of the injuries sustained in the accident.

50. As a further consequence of the defendant's negligence, plaintiff, Delbert Rollison, has suffered and may in the future suffer a loss of earnings and an impairment of earning capacity.

WHEREFORE, the plaintiff, Delbert Rollison, prays that this Court enter a judgment against the defendants, Neal Shoemaker, Blue Diamond, LLC, Houghtons Amusement Park,

LLC, Jack Brady, individually and d/b/a KSR Motor Sports, Benchmark Builders, Inc. and Parkway Gravel, jointly and severally, for all compensatory, punitive and special damages and the cost of this action along with any additional relief this Court may deem proper.

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

By: /s/ Arthur M. Krawitz

ARTHUR M. KRAWITZ, ESQUIRE
I.D. NO.: 2440
MATTHEW R. FOGG, ESQUIRE
I.D. NO.: 4254
1202 Kirkwood Highway
Wilmington, DE 19805
(302) 998-0100
Attorneys for Plaintiff

complaints\rollison, Delbert - complaint

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DELBERT E. ROLLISON,

**(b)** County of Residence of First Listed Plaintiff: Loudon, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arthur Krawitz, Matthew Fogg
1202 Kirkwood Hwy, Wilmington, DE 19805

## DEFENDANTS
Neal Shoemaker, et al

County of Residence of First Listed Defendant: Northampton, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332(a)(1) and §1332(c)(1), 1391(a)

Brief description of cause:
Negligence Causing Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 3/8/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06____159___

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____6____ COPIES OF AO FORM 85.

_____        _____
(Date forms issued)                                    (Signature of Party or their Representative)

                                       __Brian E. Grossan_____
                                       (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action