IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-159 |
| | ) | |
| NEAL SHOEMAKER, an individual, | ) | |
| BLUE DIAMOND, LLC, a Delaware | ) | |
| corporation, HOUGHTONS | ) | |
| AMUSEMENT PARK, LLC, a | ) | |
| Delaware corporation JACK | ) | |
| BRADY, individually and d/b/a | ) | |
| KSR MOTOR SPORTS, BENCHMARK | ) | |
| BUILDERS, INC. a Delaware | ) | |
| corporation, and PARKWAY | ) | |
| GRAVEL, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS OF DEFENDANTS BLUE DIAMOND, LLC AND PARKWAY GRAVEL**

1.-2. Answering defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 1-2.

4. Admitted.

5.-8. Answering defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 5-8.

9. Admitted.

10. Answering defendants reallege and incorporate herein their responses to paragraphs 1-9.

1

11. The averments in paragraph 11 state conclusions of law to which no response is required.

12.-14. Answering defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 12-14.

15. Denied that defendant Blue Diamond owned the property at Blue Diamond Park. Denied that at all times relevant Blue Diamond maintained, managed and/or controlled the property at Blue Diamond Park or which a Monster Truck show was held on July 3, 2004.

16. No response is required because no allegations are made against answering defendants.

17. Admitted that on July 3, 2004 defendant Parkway Gravel, Inc. owned the property at Blue Diamond Park on which a Monster Truck Show was held. Denied that defendant Parkway Gravel, Inc. maintained, managed and/or controlled the property at all relevant times.

18.-19. No response is required because no allegations are made against answering defendants.

20. Answering defendants reallege and incorporate herein their responses to paragraphs 1-19.

21.-28. No responses are required because no allegations are made against answering defendants.

29. Answering defendants reallege and incorporate herein their responses to paragraphs 1-28.

30. (a)-(r). Denied.

31. Denied.

32. Answering defendants reallege and incorporate herein their responses to paragraphs 1-32.

33.-34. No responses are required because no allegations are made against answering defendants.

35. Answering defendants reallege and incorporate herein their responses to paragraphs 1-34.

36.-37. No responses are required because no allegations are made against answering defendants.

38. Answering defendants reallege and incorporate herein their responses to paragraphs 1-37.

39.-40. No responses are required because no allegations are made against answering defendants.

41. Answering defendants reallege and incorporate herein their responses to paragraphs 1-40.

42. (a)-(r). Denied.

43. Denied.

44. Answering defendants reallege and incorporate herein their responses to paragraphs 1-43.

45.-46. Denied as to answering defendants.

47.-48. Answering defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 47-48.

49.-50. Denied as to answering defendants.

## AFFIRMATIVE DEFENSES

51. Plaintiff was contributorily negligent in a manner which proximately caused his own injuries and losses. Plaintiff was negligent in that he:

    (a) failed to watch where he was walking;

    (b) failed to maintain a proper look-out in violation of his common law duties;

    (c) failed to exercise prudence and caution in the presence of a known and obvious hazardous condition; and

    (d) was otherwise negligent in a manner to be determined during discovery.

52. Upon information and belief, plaintiff waived his right to sue through a written waiver signed by plaintiff on or about July 3, 2004.

53. Upon information and belief, plaintiff's claim is barred by a release he signed on or about July 3, 2004.

54. Upon information and belief, plaintiff's claim is barred by a covenant not to sue signed by plaintiff on or about July 3, 2004.

55. Plaintiff's alleged injuries were caused by the acts or omissions of entities/individuals over which/whom answering defendants had no control nor legal duty to control.

## CROSS-CLAIMS FOR CONTRIBUTION AND
## INDEMNIFICATION AGAINST CO-DEFENDANTS

57. Answering defendants deny they are liable to the plaintiff in any respect.  However, in the event the answering defendants are held liable to the plaintiff, they cross-claim against co-defendants Neal Shoemaker, Houghtons Amusement Park, LLC, Jack Brady, individually and d/b/a KSR Motor Sports and Benchmark Builders, Inc. on the grounds that the conduct of co-defendants was the primary cause of the alleged damages sustained by plaintiff and that answering defendants, if liable at all, are only secondarily liable.  Answering defendants are therefore entitled to indemnification from co-defendants Neal Shoemaker, Houghtons Amusement Park, LLC, Jack Brady, individually and d/b/a KSR Motor Sports and Benchmark Builders, Inc.

58. In the event that answering defendants are held primarily liable to the plaintiff, then the wrongful acts of the co-defendants Neal Shoemaker, Houghtons Amusement Park, LLC, Jack Brady, individually and d/b/a KSR Motor Sports and Benchmark Builders, Inc. are contributing causes of the damages sustained by plaintiff and answering defendants are entitled to contribution in any amount which they may be required to pay to the plaintiff based on the relative degrees of fault determined pursuant to applicable federal law and/or the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. § 6308.

**WHEREFORE**, defendants Blue Diamond, LLC and Parkway Gravel, Inc., request that the Complaint be dismissed, with costs assessed against plaintiff, or, in the alternative, that judgment be entered in their favor on the cross-claims asserted against co-defendants.

        **AKIN & HERRON, P.A.**

        /s/ Bruce C. Herron
        Bruce C. Herron
        Attorney I.D. No. 2315
        1220 N. Market Street, Suite 300
        P.O. Box 25047
        Wilmington, DE 19899
        (302) 427-6987
        Attorney for Defendants
        Blue Diamond, LLC &
        Parkway Gravel, Inc.

Dated: April 4, 2006

H:\tmw5\data\files\Docs\3651.041\ANSW\4012.WPD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-159 |
| | ) | |
| NEAL SHOEMAKER, an individual, | ) | |
| BLUE DIAMOND, LLC, a Delaware | ) | |
| corporation, HOUGHTONS | ) | |
| AMUSEMENT PARK, LLC, a | ) | |
| Delaware corporation JACK | ) | |
| BRADY, individually and d/b/a | ) | |
| KSR MOTOR SPORTS, BENCHMARK | ) | |
| BUILDERS, INC. a Delaware | ) | |
| corporation, and PARKWAY | ) | |
| GRAVEL, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF SERVICE**

I hereby certify that on this 4th day of April, 2006, a copy of the **ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS OF DEFENDANTS BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC.** were electronically filed with the Clerk of the Court using CM/ECF which will send notifications of such filing(s) to Plaintiff's attorney listed below:

Arthur M. Krawitz, Esquire
Matthew R. Fogg, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805

Colin M. Shalk, Esquire
Casarino, Christman & Hsalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

**AKIN & HERRON, P.A.**

<u>/s/ Bruce C. Herron</u>
Bruce C. Herron
Attorney I.D. No. 2315
1220 N. Market Street, Suite 300
P.O. Box 25047
Wilmington, DE 19899
(302) 427-6987
Attorney for Defendants
Blue Diamond, LLC &
Parkway Gravel, Inc.

H:\tmw5\data\files\Docs\3651.041\NOS\4013.WPD