IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON, ) | C.A. No.: 06-CV00159 SLR |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ARBITRATION CASE |
| ) | |
| NEAL SHOEMAKER, an individual; ) | |
| DIAMOND, LLC, a Delaware ) | |
| corporation; HOUGHTONS AMUSEMENT ) | |
| PARK, LLC, a Delaware corporation; ) | |
| JACK BRADY, individually and ) | TRIAL BY JURY OF |
| d/b/a KSR MOTOR SPORTS; ) | TWELVE DEMANDED |
| BENCHMARK BUILDERS, INC., ) | |
| a Delaware corporation; ) | |
| and PARKWAY GRAVEL, ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT, NEAL SHOEMAKER'S
### ANSWER AND CROSS-CLAIM TO COMPLAINT

PARTIES:

1. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2. Admitted.

4. [sic] The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## JURISDICTION:

10. The Defendant repeats his responses to paragraphs 1 through 9 and incorporates them herein by reference, as if fully set forth herein.

11. This paragraph states a legal conclusion to which no response is required. By way of further answer, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**FACTUAL ALLEGATIONS:**

12. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. Admitted that, on the date, time, and location stated in this paragraph, the Answering Defendant, Neal Shoemaker, was participating in a procession of race cars. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in this paragraph. By way of further answer, the negligence of the Answering Defendant is denied.

14. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT I
## CLAIM AGAINST NEAL SHOEMAKER:

20. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. Denied.

22. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23. Denied.

24. Denied.

25. Denied. An Affidavit of Non-Agency is attached hereto. The original signed Affidavit will be supplemented, pursuant to an agreement with plaintiff's counsel.

26. Denied.

27. Denied.

28. Denied.

## COUNT II:
## CLAIM AGAINST BLUE DIAMOND, LLC:

29. The Answering Defendant repeats his responses to paragraphs 1 through 28 and incorporates them herein by reference, as if fully set forth herein.

30. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

31. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT III
## CLAIM AGAINST HOUGHTON'S AMUSEMENT PARK, LLC:

32. The Answering Defendant repeats his responses to paragraphs 1 through 31 and incorporates them herein by reference, as if fully set forth herein.

33. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT IV
## CLAIM AGAINST JACK BRADY, INDIVIDUALLY
## AND D/B/A KSR MOTOR SPORTS:

35. The Answering Defendant repeats his responses to paragraphs 1 through 34 and incorporates them herein by reference, as if fully set forth herein.

36. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

37. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT V:
## CLAIM AGAINST BENCHMARK BUILDERS, INC.:

38. The Answering Defendant repeats his responses to paragraphs 1 through 34 and incorporates them herein by reference, as if fully set forth herein.

39. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT VI:
## CLAIM AGAINST PARKWAY GRAVEL:

41. The Answering Defendant repeats his responses to paragraphs 1 through 40 and incorporates them herein by reference, as if fully set forth herein.

42. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

43. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT VII
## CLAIM OF DELBERT ROLLISON:

44. The Answering Defendant repeats his responses to paragraphs 1 through 43 and incorporates them herein by reference, as if fully set forth herein.

45. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

46. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

47. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

48. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

49. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

50. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

### FIRST AFFIRMATIVE DEFENSE:

51. The Plaintiff is barred from pleading or introducing into evidence those damages for which he was eligible to receive no-fault benefits, pursuant to 21 <u>Del. C.</u> § 2118(h).

### SECOND AFFIRMATIVE DEFENSE:

52. The Complaint fails to state a claim for punitive damages for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE:

53. The accident was proximately caused by the negligence of the Plaintiff, Delbert E. Rollison, in that he:

(a) Failed to keep his bodily movements under proper control;

(b) Failed to maintain a proper lookout for his own safety;

(c) Failed to take an alternate path around an allegedly dangerous condition;

(d) Assumed the risk of his injuries;

(e) Failed to take reasonable precautions for his own safety;

(f) Failed to observe clear and obvious traffic conditions on the premises;

(g) Negligently continued to proceed upon the premises while his vision and/or hearing was obstructed by the activities on the premises;

(h) Walked, ran, or darted into the path of a vehicle lawfully proceeding in a procession on a premises;

(i) Walked or ran through the premises in a careless and inattentive manner, without due regard for the traffic conditions then existing; and

(j) Failed to exercise his common law duty of due care for his own safety.

54. The negligence of the Plaintiff is greater than 50 percent, thus, barring his recovery. In the event that it is determined that the Plaintiff's negligence is 50 percent or less, then any damages awarded in his favor must be reduced by his proportion of negligence.

### FOURTH AFFIRMATIVE DEFENSE:

55. The plaintiff assumed the risk of his injuries.

### FIFTH AFFIRMATIVE DEFENSE:

56. The accident was unavoidable.

### SIXTH AFFIRMATIVE DEFENSE:

57. The injuries alleged by the Plaintiff were not proximately caused by any acts or omissions on the part of the Answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE:

58. The accident alleged by the Plaintiff was proximately caused by a superceding and/or intervening act, not caused by the Answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE:

59. The accident alleged by the Plaintiff was proximately caused by third parties for which the Answering Defendant had no duty to control.

## NINTH AFFIRMATIVE DEFENSE:

60. The injuries alleged by the Plaintiff were proximately caused by pre-existing and/or subsequent, medical conditions, lifestyles, exposures, accidents and/or other causes that are completely unrelated to the accident at issue or any alleged acts or omissions of the Answering Defendant.

## TENTH AFFIRMATIVE DEFENSE:

61. The Complaint must be dismissed due to failure to allege, with particularity, the basis for the alleged claim for punitive damages against the Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE:

62. The accident was proximately caused by a sudden emergency not created by the Answering Defendant.

## CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CO-DEFENDANTS, BLUE DIAMOND, LLC, HOUGHTONS AMUSEMENT PARK, LLC, JACK BRADY D/B/A KSR MOTOR SPORTS, BENCHMARK BUILDERS, INC., AND PARKWAY GRAVEL

63. In the event that the Answering Defendant is held primarily liable to the Plaintiff, then the alleged wrongful acts of the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports, Benchmark Builders, Inc., and Parkway Gravel, was a contributing cause of the damages sustained by the Plaintiff, and the Answering Defendant is entitled to contribution in any amount which he may be required to pay to the Plaintiff as a result of the Co-Defendants' wrongful acts based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. § 6301, et seq.

64. The Answering Defendant denies that he is liable to the Plaintiff in any respect. However, in the event that the Answering Defendant is held liable to the Plaintiff, then he cross-claims against the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports, Benchmark Builders, Inc., and Parkway Gravel, on the grounds that the conduct of the Co-Defendants was a primary cause

of the damages allegedly sustained by the Plaintiff, and that the Answering Defendant, if liable at all, is only secondarily liable. The Answering Defendant, therefore, is entitled to indemnification from the Co-Defendants.

WHEREFORE, the Answering Defendant demands that the Plaintiff's Complaint be dismissed against him, together with costs of this action or, in the alternative, that he is entitled to contribution and/or indemnification from the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports, Benchmark Builders, Inc., and Parkway Gravel, together with costs.

TYBOUT, REDFEARN & PELL

Dated: April 18, 2006

SHERRY RUGGIERO FALLON
Bar ID # 2464
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Answering Defendant,
Neal Shoemaker

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON | : | Case No. 06-CV00159 (SLR) |
| Plaintiff, | : | |
| v. | : | |
| BLUE DIAMOND LLC, a Delaware Corporation, HOUGHTON'S AMUSEMENT PARK LLC, a Delaware Corporation, JACK BRADY, individually and d/b/a KSR MOTOR SPORTS, BENCHMARK BUILDERS, INC., a Delaware Corporation, PARKWAY GRAVEL, a Delaware Corporation and NEAL SHOEMAKER, | : | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : | |

## AFFIDAVIT OF NON-AGENCY OF NEAL SHOEMAKER

**STATE OF**                )
                            ) SS.
**COUNTY OF**               )

Neal Shoemaker, being duly sworn according to law, deposes and says:

1. I am the owner of the vehicle described in the Complaint, a resident of the State of Pennsylvania, and a defendant in the above-captioned case.

2. The driver of the vehicle alleged in the complaint, was not my agent, servant or employee at the time of the accident or at any time relevant to the allegations in the complaint.

_____
**NEAL SHOEMAKER**

SWORN TO AND SUBSCRIBED before me, a Notary Public, this

_____ day of _____, 2006.

                                                           **NOTARY PUBLIC**

**CERTIFICATE OF SERVICE**

I, SHERRY RUGGIERO FALLON, hereby certify that I have had deposited in the mailbox at 750 South Madison Street, Wilmington, Delaware, on this 18th day of April, 2006, true and correct copies of the attached document addressed to:

Arthur M. Krawitz, Esquire
Matthew R. Fogg, Esquire
Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805
Attorneys for Plaintiff

Bruce C. Herron, Esquire
Akin & Herron, P.A.
1220 North Market Street #300
P.O. Box 25047
Wilmington, DE 19899
Attorneys for Defendant,
Blue Diamond, LLC and
Parkway Gravel

Colin M. Shalk, Esquire
Casarino, Christman & Shalk, P.A.
800 North King Street #200
P.O. Box 1276
Wilmington, DE 19899
Attorney for Defendant,
Benchmark Builders, Inc.

TYBOUT, REDFEARN & PELL

_____
SHERRY RUGGIERO FALLON
Bar ID # 2464
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Answering Defendant,
Neal Shoemarker

601.115