IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NEAL SHOEMAKER, as parent and legal : <br> guardian of TRAVIS SHOEMAKER, : <br> NEAL SHOEMAKER, individually, : <br> TRAVIS SHOEMAKER, individually, : <br> BLUE DIAMOND, LLC, a Delaware : <br> corporation, HOUGHTONS AMUSEMENT : <br> PARK, LLC, a Delaware corporation, : <br> JACK BRADY, individually and d/b/a KSR : <br> MOTOR SPORTS, and PARKWAY : <br> GRAVEL, a Delaware corporation, : <br> : <br> Defendants. | C.A. No.: 06-159 SLR <br><br><br> **JURY OF SIX DEMANDED** |

**PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT, BLUE DIAMOND, LLC**

These interrogatories are of a continuing nature; therefore, the answers should be kept current.

Throughout these interrogatories, whenever you are requested to "identify" a communication of any type, and such communication was oral, the following information should be furnished:

(a) By whom it was made and to whom it was directed;

(b) Its specific subject;

(c) The date upon which it was made;

(d) Who else was present when it was made;

(e) Whether it was recorded, described or summarized in any writing of any type; and if so, identify each such writing in the manner indicated below.

If you are requested to "identify" a communication, memorandum or record of any type, and such communication was written, the following information should be furnished (in place of identification, production is acceptable):

(a) Its nature, e.g., letter, memorandum, telegram, note, drawing, etc;

(b) Its specific subject;

(c) By whom and to whom it was directed;

(d) The date upon which it was made;

(e) Who has possession of the original and copies;

Whenever a person is to be "identified," you should furnish, except as otherwise noted:

(a) Name and present or last known address;

(b) If a corporation, the state of incorporation;


1. State the name, address, and job title, if applicable, of the person answering these interrogatories.

**ANSWER:**




2. Identify all persons who assisted you in the preparation of the responses to these interrogatories.

**ANSWER:**




3. If the defendant, Blue Diamond, LLC, is a corporation, state:

(a) The full and correct name of the corporation;

  (b)  The date on which the defendant was incorporated;

  (c)  The state of incorporation;

  (d)  The place of incorporation;

  (e)  The defendant's principal place of business;

  (f)  The type or nature of the defendant's business; and

  (g)  The names and present addresses of all of the defendant's officers.

**ANSWER:**




4. If, at the time of the accident, the defendant, Blue Diamond, LLC, was insured through a policy of liability insurance, state:

  (a)  The name and address of the insurer issuing the policy;

  (b)  The number of the policy;

  (c)  The limits of liability under the policy;

  (d)  The named insured under the policy;

  (e)  The nature and extent of the coverage which protects the defendant, Blue Diamond, LLC, against the risks of this suit.

**ANSWER:**




5. If the defendant, Blue Diamond, LLC, or its attorneys know, or have reason to believe, that the company issuing any policy which would protect you from the risk sued hereon, claims, or intends to claim, that it has some ground for denying coverage under the policy, explain the nature and extent of your knowledge or belief.

**ANSWER:**

6. If any of the insurers are handling your defense under any reservation of rights or non-waiver agreement, state:

    (a) The name and address of each company;

    (b) The number of the policy involved; and

    (c) The grounds for the reservation.

**ANSWER:**

7. If the defendant, Blue Diamond, LLC, or an agent or employee of the defendant, Blue Diamond, LLC, has had any conversations with the plaintiff, Delbert E. Rollison, concerning the accident at any time subsequent to the accident, state the substance of each conversation.

**ANSWER:**

8. State the name, address, place of employment and job classification of each person known to the defendant, Blue Diamond, LLC, or any of its representatives who:

    (a) Observed the accident;

    (b) Was present at the scene of the accident immediately prior to its occurrence and at any time within one hour after the accident occurred;

    (c) Was within sight or hearing of the accident;

    (d) Rendered assistance to the plaintiff at the scene of the accident;

    (e) Removed plaintiff from the scene of the accident;

      (f)      Investigated the accident on the defendant, Blue Diamond, LLC's, behalf;

      (g)      Has knowledge of any facts concerning the property damaged directly or indirectly as a result of the accident;

      (h)      Has knowledge of any facts concerning the injuries suffered by the plaintiff as a result of the accident; and

      (i)      Has knowledge of any facts with regard to how the accident occurred.

**ANSWER:**


9.      If the defendant, Blue Diamond, LLC, or any of its representatives, obtained any statements from any person regarding the events that occurred at the scene of the accident, either immediately before the accident or thereafter, state with respect to each statement:

      (a)      The date on which it was taken;

      (b)      The name, address, place of employment and job classification of the person who gave the statement;

      (c)      The name, address, place of employment and job classification of the person who took the statement;

      (d)      The name, address, place of employment and job classification of any person present when the statement was taken;

      (e)      The name, address, place of employment and job classification of the person who has present custody or control over the statement; and

      (f)      Whether the statement was handwritten, typewritten, signed, or reported by electromagnetic means, court reporter or stenographer and, if so, attach copies.

**ANSWER:**

      10. If any reports were made or submitted on behalf of the defendant, Blue Diamond, LLC, as a result of the accident, state with respect to each such report:

      (a) The identity of the report, by date and subject matter;

      (b) The name, address, place of employment and job classification of each person involved in making the report;

      (c) The name, address, place of employment and job classification of each person to whom the report was directed;

      (d) The name, address, place of employment and job classification of the person(s) having present custody or control over the report; and

      (e) Whether the report was made or submitted in the regular course of business or in preparation for litigation.

**ANSWER:**


      11. If you claim that the plaintiff's injuries or damages were caused by persons over whom you had no control, state for such person:

      (a) His or her name and address; and

      (b) The manner in which he or she caused the injuries or damage.

**ANSWER:**


      12. If you claim that the plaintiff assumed the risk of the accident in question, state:

      (a)      The facts on which you intend to rely on proving this assumption of risk;

      (b)      The time at which the plaintiff obtained knowledge of the risk and danger;

      (c)      The actions taken by the plaintiff after obtaining knowledge of the risk; and

      (d)      The actions taken by the defendant, Blue Diamond, LLC, after the plaintiff learned of the risk.

**ANSWER:**

13.      If the defendant, Blue Diamond, LLC, has ever been a party to any lawsuit involving a claim for personal injuries, state for each such action:

      (a)      The title of the action;

      (b)      The defendant's status in the action;

      (c)      The nature of the action;

      (d)      The court in which the action was filed;

      (e)      The number assigned to the action;

      (f)      The date on which the action was filed; and

      (g)      The disposition of the action.

**ANSWER:**

14.      Give the date(s) of any report, memorandum or resume prepared by the defendant, Blue Diamond, LLC, or anyone acting on the defendant's behalf but not necessarily limited to

any investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the proceedings and as to each date given state:

 (a) The name and address of the person(s) who prepared such writing and the name, address and identity of the employer of such person(s);

 (b) Whether such writing was prepared by the defendant or the defendant's behalf;

 (c) The number of pages of such writing;

 (d) A general description of such matter in writing (as, for instance, two-page typed summary of an interview between investigator Jones and witness Smith dated January 1, 1983, or five-page report by investigator Smith concerning the results of his investigation of the facts of the accident, etc.);

 (e) Whether such writing was prepared under the supervision of or pursuant to the instructions of the defendant's attorney and, if so, the name and address of that attorney; and

 (f) The names and addresses of persons who have copies of such matter in writing.

**ANSWER:**

15. Give the names and last known addresses of all persons who have taken photographs with regard to any fact alleged in the pleadings.

**ANSWER:**

16. State the full name of the person who was in control of the area where the incident occurred, at the time of the incident and his/her capacity with the defendant, Blue Diamond, LLC.

**ANSWER:**

17. If the defendant, Blue Diamond, LLC, was not in control of such premises, please state the name and address and identification of the person or the entity in control of that area of the premises which the defendant occupied on the date of the plaintiff's accident.

**ANSWER:**

18. Please describe, in complete detail, the safety protocol that you or any agent or employee follows concerning dangerous conditions on or near the premises.

**ANSWER:**

19. Please describe everything you or any agent or employee of the defendant, Blue Diamond, LLC, did in an attempt to avoid the alleged occurrence.

**ANSWER:**

20. State the names, addresses and qualifications of all expert witnesses who:

    (a) Have been consulted by you relative to this case;

    (b) Will testify in this case on your behalf.

**ANSWER:**




21. As to all expert witnesses identified in answer to interrogatory 20(b) above, please state:

    (a) The subject matter on which the expert is expected to testify;

    (b) The substance of the facts and opinions as to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**




22. State the name and present or last known address of each person whom you expect to call as an expert witness at trial (including all medical personnel) and, as to each person named, state:

    (a) The field in which the witness is an expert and a description of the witness' expertise therein;

    (b) The subject matter on which the witness is expected to testify;

    (c) The substance of the facts to which the witness is expected to testify;

    (d) The substance of the opinions to which the witness is expected to testify;

    (e) A summary of the grounds for each of the witness' opinion;

(f) The dates of all writings made by the witness with respect to the present case;

(g) The name and present or last known address and present or last known employer of each person who presently has custody, possession or control of the original and all copies of such writings;

(h) The dates on which the witness was interviewed or consulted, the names and present or last known addresses and present or last known employers of those persons who interviewed or consulted the witness, and the names and present or last known addresses and present or last known employers of all persons who were present during each such interview or consultations;

(i) A brief chronological resume of the witness' educational and professional background, including the associations and societies of which he or she is a member and, as to medical personnel, the names and present or last known addresses of all hospitals on whose staff such experts serve or where they have courtesy privileges or act as consultants; and

(j) The title, publisher, date and form of all documentary material published by the witness within his or her field.

**ANSWER:**

23. State the name and present or last known address of each person who has been consulted as an expert (including all medical personnel) in anticipation of litigation or preparation for trial, whether or not that person is expected to be called as a witness by you at trial and, as to each person, state:

(a) The field in which the person is an expert and a description of the person's expertise therein;

  (b) The subject matter on which the person was consulted;

  (c) The dates of all writings made by the person with respect to the present case;

  (d) The name and present or last known address and present or last known employer of each person who presently has custody, possession or control of the original and all copies of such writing;

  (e) The dates on which the person was interviewed or consulted, the names and present or last known addresses and present or last known employers of all persons who were present during each such interview or consultation;

  (f) A brief chronological resume of the witness' educational and professional background, including the associations and societies of which he or she is a member and, as to medical personnel, the names and present or last known addresses of all hospitals on whose staff such experts serve or where they have courtesy privileges or act as consultants; and

  (g) The title, publisher, date and form of all documentary material published by the witness within his or her field.

**ANSWER:**

24. Please identify all persons who have knowledge of facts material to any part of plaintiff's claim and as to each state:

  (a) Their full address and telephone number;

  (b) Whether such persons are employees of the defendant, Blue Diamond, LLC.

**ANSWER**:

25. With respect to any affirmative defense set forth in defendant's Answer, please state:

    (a)    The basis for such defense; and

    (b)    Whether the defense is voluntarily withdrawn.

**ANSWER:**

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

By:   /s/ MATTHEW R. FOGG
ARTHUR M. KRAWITZ (I.D. No.: 2440)
MATTHEW R. FOGG (I.D. No.: 4254)
1202 Kirkwood Highway
Wilmington, DE 19805
(302) 998-0100
Attorneys for Plaintiff

DATED: 6-13-2006