IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | : | |
| | : | C.A. No.: 06-159 SLR |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY OF SIX DEMANDED** |
| | : | |
| NEAL SHOEMAKER, as parent and legal | : | |
| guardian of TRAVIS SHOEMAKER, | : | |
| NEAL SHOEMAKER, individually, | : | |
| TRAVIS SHOEMAKER, individually, | : | |
| BLUE DIAMOND, LLC, a Delaware | : | |
| corporation, HOUGHTONS AMUSEMENT | : | |
| PARK, LLC, a Delaware corporation, | : | |
| JACK BRADY, individually and d/b/a KSR | : | |
| MOTOR SPORTS, and PARKWAY | : | |
| GRAVEL, a Delaware corporation, | | |
| | | |
| Defendants. | | |

**PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT, NEAL SHOEMAKER**

These interrogatories are of a continuing nature; therefore, the answers should be kept current.

Throughout these interrogatories, whenever you are requested to "identify" a communication of any type, and such communication was oral, the following information should be furnished:

(a) By whom it was made and to whom it was directed;

(b) Its specific subject;

(c) The date upon which it was made;

(d) Who else was present when it was made;

(e) Whether it was recorded, described or summarized in any writing of any type; and if so, identify each such writing in the manner indicated below.

If you are requested to "identify" a communication, memorandum or record of any type, and such communication was written, the following information should be furnished (in place of identification, production is acceptable):

(a) Its nature, e.g., letter, memorandum, telegram, note, drawing, etc;

(b) Its specific subject;

(c) By whom and to whom it was directed;

(d) The date upon which it was made;

(e) Who has possession of the original and copies;

Whenever a person is to be "identified," you should furnish, except as otherwise noted:

(a) Name and present or last known address;

(b) If a corporation, the state of incorporation;

1. Please identify yourself fully, giving your full name, age, residence address, business address and occupation, and if married, give the name of your husband or wife.

**ANSWER:**

2. Identify all persons who assisted you in the preparation of the responses to these interrogatories.

**ANSWER:**

3. Give the names and last known addresses of all persons who were present at the scene of the accident when the accident occurred, noting specifically those who were eyewitnesses.

**ANSWER:**

4. Give the names and last known addresses of all persons who were present at the scene of the accident within ten minutes after it occurred.

**ANSWER:**

5. Give the names and last known addresses of all persons other than those listed in the answers to Interrogatories 3 and 4 who have knowledge of the facts concerning how the accident occurred.

**ANSWER:**

6. Give the names and last known addresses of all other persons who have knowledge of any facts alleged in the pleadings other than those persons given in the answers to

Interrogatories 3, 4 and 5. Please set forth the number or numbers of the paragraph or paragraphs of the complaint or answer containing the facts of which the person has knowledge.

**ANSWER:**

7. Give the names, last known addresses and telephone numbers of the persons from whom statements have been procured in regard to the facts alleged in the pleadings, and as to each such statement, state:

    (a) The name and last known address of the person who took the statement and the person from whom the statement was taken;

    (b) The date the statement was taken; and

    (c) The names and addresses of all persons who presently have copies of the statement.

**ANSWER:**

8. Give the name, address and telephone number of each person who has been interviewed on your behalf. As to each person interviewed, state:

    (a) The date of such interview;

    (b) The name and address of the person interviewed;

    (c) The name and last known address of each person who has a resume of such interview; and

    (d) A brief summary of the subject matter of the interview.

**ANSWER:**

9. Give the date(s) of any report, memorandum or resume prepared by you or anyone acting on your behalf but not necessarily limited to any investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the pleadings and as to each date given state:

   (a) The name and address of the person or persons who prepared such writing and the name, address and identity of the employer of such person or persons;

   (b) Whether such writing was prepared by you or on your behalf;

   (c) The number of pages of such writing;

   (d) A general description of such matter in writing (as, for instance, two-page typed summary of an interview between investigator Jones and witness Smith dated January 1, 1983, or five page report by investigator Smith concerning the results of his investigation of the facts of the accident, etc;

   (e) Whether such writing was prepared under the supervision of or pursuant to the instructions of your attorney and, if so, the name and address of that attorney; and

   (f) The names and addresses of persons who have copies of such matter in writing.

**ANSWER:**

10. Give the names and last known addresses of all persons who have taken photographs with regard to any fact alleged in the pleadings.

**ANSWER:**

11. Identify the states in which you have had a license to operate a vehicle of the same type you were operating at the time of the accident and the dates during which you have been so licensed.

**ANSWER:**

12. If you have ever had a license for the operation of any vehicle which contained any restrictions, state the nature of such restrictions and the dates when and places where such restrictions applied.

**ANSWER:**

13. If you have ever had a license to operate any vehicle suspended, canceled or revoked, state the name of the state suspending, canceling or revoking such license, the inclusive dates of the suspension, cancellation or revocation of the license and the reasons therefore.

**ANSWER:**

14. At the time of the occurrence alleged in the complaint, did you have the full use of all extremities?

**ANSWER:**

15. Do you now or did you in the past:

    (a) Wear a hearing aid;

    (b) Been treated for alcoholism or drug addiction;

    (c) Undergone psychiatric or psychological examination in the last five years;

    (d) Have 20/20 unimpaired vision.

**ANSWER:**

16. With respect to each accident of any nature in which you were involved prior to or subsequent to the date of this accident, state the following:

    (a) The date of any such accident;

    (b) A general description of the accident; and

    (c) Whether or not a lawsuit arose from the accident.

**ANSWER:**

17. Did you have any conversation with any of the other parties to this lawsuit concerning the accident at any time following the accident?

**ANSWER:**

18. If your answer to the preceding interrogatory is in the affirmative, state the following with respect to each such conversation:

    (a) The names and addresses of all persons present;

    (b) The date and place of the conversation; and

    (c) The general nature of the conversation.

**ANSWER:**

19. State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him or her as a witness at trial, and, as to each, state:

    (a) The dates of initial employment;

        (b)       The date or dates of any reports, letters or other writings prepared by such persons, brief description of such writing, and the names and addresses of persons having copies of them; and

        (c)       Whether such expert also rendered any service in connection with any aspect of any subject matter of this litigation or preparation for trial.

**ANSWER:**




20.       With respect to each expert, including but not limited to medical personnel, that you expect to call at trial to testify, state the following:

        (a)       The subject matter on which the expert is expected to testify;

        (b)       The substance of the facts and opinions to which the expert is expected to testify; and

        (c)       A summary of the grounds for each such opinion;

**ANSWER:**




21.       With respect to each piece of correspondence or report made by each expert identified in your answer to the preceding interrogatory concerning the facts and opinions as to which he is expected to testify, state the following:

        (a)       The name of the expert writing such correspondence or report;

        (b)       The date such correspondence or report was written; and

        (c)       A summary of the new subject matter of such correspondence or report;

**ANSWER:**

22. Please identify all reports, documents or things which have been or may be sent to any experts you have retained for this action.

**ANSWER:**

23. State whether you or anyone on your behalf was written to or spoken with any doctors, hospitals, or other persons trained in the healing arts or written to or spoken with any person or company who maintains any records concerning injuries, illnesses, or the physical condition of the plaintiff. If the answer is yes, as to each request for information state:

    (a) The date such request was made;

    (b) The name and address of each person making such request;

    (c) The name and address of each doctor, hospital, etc., upon whom such request was made; and

    (d) The type of records, information, etc., requested;

**ANSWER:**

24. State whether you or anyone on your behalf has received doctors' or hospital reports or records bearing on plaintiff's injuries. If the answer is "yes" state:

    (a) The name of each doctor, hospital, etc. issuing such reports or records;

    (b) The date(s) such reports or records were received by you or someone on your behalf; and

    (c) The subject matter of the reports or records received by you or by someone on your behalf;

**ANSWER:**


25. Do you contend that a person, not a party to this action, acted in such a manner as to cause or contribute to the accident involved in this lawsuit?

**ANSWER:**


26. If so, for each person, state:

    (a) The name, or other means of identification, and address;

    (b) The act of such other person which caused or contributed to the accident; and

    (c) A statement of all other facts on which you rely to support such contention.

**ANSWER:**

27. Have you ever been involved in any prior incidents that took place at Blue Diamond Park in New Castle, Delaware?

**ANSWER:**

28. If so, state:

    (a) The date of the incident;

    (b) The nature of the incident;

    (c) The names of those involved in the incident; and

    (d) The results of any legal proceedings subsequent to the incident.

**ANSWER:**

29. State what kind of vehicle you were operating at the time of the incident that is the subject of this litigation.

**ANSWER:**

30. Is Travis Shoemaker your son?

**ANSWER:**

31. State what kind of vehicle Travis was at the wheel of at the time of the incident that is the subject of this litigation.

**ANSWER:**

31. Was either vehicle involved in the incident licensed to operate on the road?

**ANSWER:**

32. Did you give Travis Shoemaker permission to operate the vehicle?

**ANSWER:**

33. How old was Travis Shoemaker on the date of the incident?

**ANSWER:**

34. With respect to any affirmative defenses set forth in defendant's answer, please state:

    (a)    The basis for such defense; and

    (b)    Whether the defense is voluntarily withdrawn.

**ANSWER:**


                              DOROSHOW, PASQUALE,
                              KRAWITZ & BHAYA


By: /s/ MATTHEW R. FOGG
ARTHUR M. KRAWITZ (I.D. No.: 2440)
MATTHEW R. FOGG (I.D. No.: 4254)
1202 Kirkwood Highway
Wilmington, DE 19805
(302) 998-0100
Attorneys for Plaintiff

DATED: 6-13-2006