IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-159-SLR |
| | : | |
| v. | : | |
| | : | |
| NEAL SHOEMAKER, an individual, BLUE | : | TRIAL BY JURY OF |
| DIAMOND, LLC, a Delaware Corporation, | : | SIX DEMANDED |
| HOUGHTONS AMUSEMENT PARK, LLC, a | : | |
| Delaware Corporation, JACK BRADY, an | : | |
| individual and d/b/a KSR MOTOR SPORTS, and | : | |
| PARKWAY GRAVEL, a Delaware Corporation, | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF
## HOUGHTONS AMUSEMENT PARK, LLC
## TO THE COMPLAINT

1. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1.

2. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2.

4. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4.

5. Admitted.

6. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6.

7. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7.

8. Upon knowledge and information the Benchmark Builders defendant has already been

dismissed from this case.

9. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

## JURISDICTION

10. No answer required.

11. This is a legal averment which the answering defendant can neither admit nor deny.

12. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.

13. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13.

14. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

15. Admitted upon information and belief.

16. Upon information and belief the Benchmark Builder defendant has already been dismissed.

17. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17.

18. Denied.

19. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19.

20. No answer required.

21. (a) through (i). This paragraph is not directed to the answering defendant.

22. The answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 22.

23. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23.

24. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24.

25. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25.

26. Denied.

27. This paragraph is not directed to the answering defendant.

28. This paragraph is not directed to the answering defendant.

29. No answer required.

30. (a) through (r). This paragraph is not directed to the answering defendant.

31. This paragraph is not directed to the answering defendant.

32. No answer required.

33. (f) through (r). Denied.

34. Denied.

## COUNT IV

35. No answer required.

36. (a) through (r). This paragraph is not directed to the answering defendant.

37. This paragraph is not directed to the answering defendant.

## COUNT V

38. Upon information and belief this defendant has been dismissed from the lawsuit.

39. (a) through (r). Upon information and belief this defendant has been dismissed from

the lawsuit.

40. Upon information and belief this defendant has been dismissed from the lawsuit.

## COUNT VI

41. No answer required.

42. (a) through (r). This paragraph is not directed to the answering defendant.

43. This paragraph is not directed to the answering defendant.

44. No answer required.

45. The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

46. The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

47. The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

48. The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

49. The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

50. The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

## CROSS-CLAIM FOR CONTRIBUTION

## AND INDEMNIFICATION

The answering defendant denies that it is liable to the plaintiff in any respect. However, in

the event that the answering defendant is held liable to the plaintiff, then it cross-claims against the co-defendants, Neal Shoemaker, Blue Diamond, L.L.C., Jack Brady, KSR Motor Sports, and Parkway Gravel, on the grounds that the conduct of the co-defendants were the primary cause of the damage sustained by the plaintiff and that the answering defendant, if liable at all, is only secondarily liable. The answering defendant, Houghtons Amusement Park, L.L.C., therefore, is entitled to indemnification from the co-defendants, Neal Shoemaker, Blue Diamond, L.L.C., Jack Brady, KSR Motor Sports, and Parkway Gravel.

In the event that the answering defendant is held primarily liable to the plaintiff, then the alleged wrongful acts of the co-defendants are contributing causes of the damages sustained by the plaintiff and the answering defendant is entitled to contribution in any amount which it may be required to pay to the plaintiff as a result of the co-defendants' wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del.C. §6301 through §6308.

WHEREFORE, the answering defendant moves that the plaintiff's cause of action be dismissed against it, or in the alternative that answering defendant be indemnified by the co-defendants, together with costs of this action.

CASARINO, CHRISTMAN & SHALK, P.A.

/s/ Colin M. Shalk
_____
COLIN M. SHALK, ESQUIRE
Bar ID No. 99
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant Houghtons Amusement

Date:  July 31, 2006

## CERTIFICATE OF SERVICE

I, COLIN M. SHALK, ESQUIRE, hereby certify that I have had e-filed as well as deposited in the mailbox at 800 North King Street in Wilmington, Delaware on this 31st day of July, 2006, two true and correct copies of Defendant Houghtons' Answer to the Complaint to counsel of record:

Arthur M. Krawitz, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805

Bruce Herron, Esquire
Akin & Herron
1220 North Market Street, Suite 300
P.O. Box 25047
Wilmington, DE 19899

Sherry Fallon, Esquire
Tybout, Redfearn & Pell
750 South Madison Street, Suite 400
Wilmington, DE 19801

Jack Brady
KSR Motor Sports
P.O. Box 1701
Paoli, PA 19301

CASARINO, CHRISTMAN & SHALK, P.A.

/s/ *Colin M. Shalk*
_____
COLIN M. SHALK, ESQUIRE
Bar ID No. 99
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant Houghtons Amusement

Date:  July 31, 2006