## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON, | )C.A. No.: 06-CV00159 SLR |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEAL SHOEMAKER, an individual; | ) |
| BLUE DIAMOND, LLC, a Delaware | ) |
| corporation; HOUGHTONS AMUSEMENT | ) |
| PARK, LLC, a Delaware corporation; | ) |
| JACK BRADY, individually and | )TRIAL BY JURY OF |
| d/b/a KSR MOTOR SPORTS; | )TWELVE DEMANDED |
| and PARKWAY GRAVEL, | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT NEAL SHOEMAKER'S MOTION
### TO AMEND ANSWER AND CROSSCLAIM TO THE COMPLAINT

The Defendant, Neal Shoemaker, by and through his undersigned counsel, hereby moves to amend his Answer to the Complaint, in the form attached hereto as Exhibit "A", based upon the following grounds:

1.  This action was filed by Delbert E. Rollison, on or about March 9, 2006.  The Complaint arises from alleged personal injuires as the result of an accident which occurred at Blue Diamond Park in New Castle, Delaware, on or about July 3, 2004.

2.  On or about April 18, 2006, the Defendant, Neal Shoemaker, filed his Answer and Crossclaim to the Complaint.

3.  On or about May 31, 2006, the Court entered a Scheduling Order, permitting amendments to the pleadings to be filed on or before August 21, 2006.

4.    The Defendant, Neal Shoemaker, seeks to amend his Answer to the Complaint to assert additional affirmative defenses.

5.    Amendments to the pleadings shall be freely given when justice so requires. Annone v. Kawasaki Motor Corp., 316 A.2d 209 (Del. 1974).

6.    The Motion to Amend is made within the time specified in the Scheduling Order and no prejudice will result to the Plaintiff or Co-Defendants if the amendment to the Answer is granted.

WHEREFORE, based upon the foregoing reasons, the Defendant, Neal Shoemaker, respectfully requests that his Motion to Amend the Answer in the form attached hereto as Exhibit "A", be granted.

TYBOUT, REDFEARN & PELL

Dated: August 11, 2006

SHERRY RUGGIERO FALLON
Bar ID # 2464
300 Delaware Avenue #1100
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Defendant,
Neal Shoemaker

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DELBERT E. ROLLISON,                        ) C.A. No.: 06-CV00159 SLR
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )
                                            )
NEAL SHOEMAKER, an individual;             )
BLUE DIAMOND, LLC, a Delaware              )
corporation; HOUGHTONS AMUSEMENT           )
PARK, LLC, a Delaware corporation;         )
JACK BRADY, individually and               ) TRIAL BY JURY OF
d/b/a KSR MOTOR SPORTS;                     ) TWELVE DEMANDED
and PARKWAY GRAVEL,                         )
a Delaware corporation,                     )
                                            )
            Defendants.                     )

# O R D E R

      AND NOW this _____ day of _____, 2006, the Court having considered Defendant, Neal Shoemaker's Motion to Amend Answer, it is:

      ORDERED that the Motion of Defendant, Neal Shoemaker, to Amend his Answer to Complaint, is hereby GRANTED.

_____
J.

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | C.A. No.: 06-CV00159 SLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ARBITRATION CASE |
| | ) | |
| NEAL SHOEMAKER, an individual; | ) | |
| DIAMOND, LLC, a Delaware | ) | |
| corporation; HOUGHTONS AMUSEMENT | ) | |
| PARK, LLC, a Delaware corporation; | ) | |
| JACK BRADY, individually and | ) | TRIAL BY JURY OF |
| d/b/a KSR MOTOR SPORTS; | ) | TWELVE DEMANDED |
| BENCHMARK BUILDERS, INC., | ) | |
| a Delaware corporation; | ) | |
| and PARKWAY GRAVEL, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, NEAL SHOEMAKER'S
## AMENDED ANSWER AND CROSS-CLAIM TO COMPLAINT

### PARTIES:

1.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2.    Admitted.

4.    [sic] The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## **JURISDICTION**:

10.    The Defendant repeats his responses to paragraphs 1 through 9 and incorporates them herein by reference, as if fully set forth herein.

11.    This paragraph states a legal conclusion to which no response is required.    By way of further answer, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**FACTUAL ALLEGATIONS:**

12. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. Admitted that, on the date, time, and location stated in this paragraph, the Answering Defendant, Neal Shoemaker, was participating in a procession of race cars. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in this paragraph. By way of further answer, the negligence of the Answering Defendant is denied.

14. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

-3-

19.   The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT I
## CLAIM AGAINST NEAL SHOEMAKER:

20.   The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21.   Denied.

22.   The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23.   Denied.

24.   Denied.

25.   Denied.  An Affidavit of Non-Agency is attached hereto. The original signed Affidavit will be supplemented, pursuant to an agreement with plaintiff's counsel.

26.   Denied.

27.   Denied.

28.   Denied.

## COUNT II:
## CLAIM AGAINST BLUE DIAMOND, LLC:

29.   The  Answering  Defendant  repeats  his  responses  to paragraphs 1 through 28 and incorporates them herein by reference, as if fully set forth herein.

30.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

31.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT III
## CLAIM AGAINST HOUGHTON'S AMUSEMENT PARK, LLC:

32.    The Answering Defendant repeats his responses to paragraphs 1 through 31 and incorporates them herein by reference, as if fully set forth herein.

33.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT IV
## CLAIM AGAINST JACK BRADY, INDIVIDUALLY
## AND D/B/A KSR MOTOR SPORTS:

35.    The Answering Defendant repeats his responses to paragraphs 1 through 34 and incorporates them herein by reference, as if fully set forth herein.

36.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

37.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT V:
## CLAIM AGAINST BENCHMARK BUILDERS, INC.:

38.   The Answering Defendant repeats his responses to paragraphs 1 through 34 and incorporates them herein by reference, as if fully set forth herein.

39.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT VI:
## CLAIM AGAINST PARKWAY GRAVEL:

41.   The Answering Defendant repeats his responses to paragraphs 1 through 40 and incorporates them herein by reference, as if fully set forth herein.

42.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

43.   The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT VII
## CLAIM OF DELBERT ROLLISON:

44.    The Answering Defendant repeats his responses to paragraphs 1 through 43 and incorporates them herein by reference, as if fully set forth herein.

45. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

46. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

47. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

48. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

49. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

50.   Denied    as    to    the    Answering    Defendant.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

### FIRST AFFIRMATIVE DEFENSE:

51.   The Plaintiff is barred from pleading or introducing into evidence those damages for which he was eligible to receive no-fault benefits, pursuant to 21 Del. C. § 2118(h).

### SECOND AFFIRMATIVE DEFENSE:

52.   The Complaint fails to state a claim for punitive damages for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE:

53.   The accident was proximately caused by the negligence of the Plaintiff, Delbert E. Rollison, in that he:

(a)   Failed to keep his bodily movements under proper control;

(b)   Failed to maintain a proper lookout for his own safety;

(c)   Failed to take an alternate path around an allegedly dangerous condition;

(d)   Assumed the risk of his injuries;

(e)   Failed to take reasonable precautions for his own safety;

(f)   Failed to observe clear and obvious traffic conditions on the premises;

(g)   Negligently continued to proceed upon the premises while his vision and/or hearing was obstructed by the activities on the premises;

-8-

(h)    Walked, ran, or darted into the path of a vehicle lawfully proceeding in a procession on a premises;

(i)    Walked or ran through the premises in a careless and inattentive manner, without due regard for the traffic conditions then existing; and

(j)    Failed to exercise his common law duty of due care for his own safety.

54.    The negligence of the Plaintiff is greater than 50 percent, thus, barring his recovery.  In the event that it is determined that the Plaintiff's negligence is 50 percent or less, then any damages awarded in his favor must be reduced by his proportion of negligence.

<b>FOURTH AFFIRMATIVE DEFENSE</b>:

55.    The plaintiff assumed the risk of his injuries.

<b>FIFTH AFFIRMATIVE DEFENSE</b>:

56.    The accident was unavoidable.

<b>SIXTH AFFIRMATIVE DEFENSE</b>:

57.    The injuries alleged by the Plaintiff were not proximately caused by any acts or omissions on the part of the Answering Defendant.

<b>SEVENTH AFFIRMATIVE DEFENSE</b>:

58.    The accident alleged by the Plaintiff was proximately caused by a superceding and/or intervening act, not caused by the Answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE:**

59.    The accident alleged by the Plaintiff was proximately caused by third parties for which the Answering Defendant had no duty to control.

**NINTH AFFIRMATIVE DEFENSE:**

60.    The injuries alleged by the Plaintiff were proximately caused by pre-existing and/or subsequent, medical conditions, lifestyles, exposures, accidents and/or other causes that are completely unrelated to the accident at issue or any alleged acts or omissions of the Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE:**

61.    The Complaint must be dismissed due to failure to allege, with particularity, the basis for the alleged claim for punitive damages against the Answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE:**

62.    The accident was proximately caused by a sudden emergency not created by the Answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE:**

63.    The Complaint is barred by waiver and estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

64.    The Plaintiff's claims are barred by the release and waiver he signed on the date in issue, releasing race participants, such as the answering defendant, from all liability, claims and

causes of action, a copy of which is attached hereto as Exhibit
"A".

### CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CO-DEFENDANTS, BLUE DIAMOND, LLC, HOUGHTONS AMUSEMENT PARK, LLC, JACK BRADY D/B/A KSR MOTOR SPORTS, BENCHMARK BUILDERS, INC., AND PARKWAY GRAVEL

65. In the event that the Answering Defendant is held
primarily liable to the Plaintiff, then the alleged wrongful acts
of the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park,
LLC, Jack Brady individually and d/b/a KSR Motor Sports, Benchmark
Builders, Inc., and Parkway Gravel, was a contributing cause of the
damages sustained by the Plaintiff, and the Answering Defendant is
entitled to contribution in any amount which he may be required to
pay to the Plaintiff as a result of the Co-Defendants' wrongful
acts based on the relative degrees of fault determined pursuant to
the provisions of Delaware's Uniform Contribution Among Tortfeasors
Law, 10 Del. C. § 6301, et seq.

66. The Answering Defendant denies that he is liable to the
Plaintiff in any respect. However, in the event that the
Answering Defendant is held liable to the Plaintiff, then he cross-
claims against the Co-Defendants, Blue Diamond, LLC, Houghtons
Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor
Sports, Benchmark Builders, Inc., and Parkway Gravel, on the
grounds that the conduct of the Co-Defendants was a primary cause

of the damages allegedly sustained by the Plaintiff, and that the Answering Defendant, if liable at all, is only secondarily liable. The Answering Defendant, therefore, is entitled to indemnification from the Co-Defendants.

WHEREFORE, the Answering Defendant demands that the Plaintiff's Complaint be dismissed against him, together with costs of this action or, in the alternative, that he is entitled to contribution and/or indemnification from the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports, Benchmark Builders, Inc., and Parkway Gravel, together with costs.

                    TYBOUT, REDFEARN & PELL


Dated:                    _____
                          SHERRY RUGGIERO FALLON
                          Bar ID # 2464
                          750 South Madison Street #400
                          P.O. Box 2092
                          Wilmington, DE 19899-2092
                          (302) 658-6901
                          Attorneys for Answering Defendant,
                          Neal Shoemaker

# Exhibit A

# RELEASE AND WAIVER OF LIABILITY,
## ASSUMPTION OF RISK AND INDEMNITY AGREEMENT

*Blue Diamond*                                          *July 3rd 2004*

DESCRIPTION AND LOCATION OF SCHEDULED EVENT(S)            DATE RELEASE SIGNED

IN CONSIDERATION of being permitted to compete, officiate, observe, work for, or participate in any way in the EVENT(S) or being permitted to enter for any purpose any RESTRICTED AREA (defined as any area requiring special authorization, credentials, or permission to enter or any area to which admission by the general public is restricted or prohibited), I, THE UNDERSIGNED, for myself, my personal representatives, heirs, and next of kin:

1. Am a driver, mechanic, pitcrew or other team member, or other participant engaged in racing, and I am not participating in the EVENT(S) or entering the RESTRICTED AREA for recreational purposes.

2. Acknowledge, agree, and represent that I have or will immediately upon entering any of such RESTRICTED AREAS, and will continuously thereafter, inspect the RESTRICTED AREAS which I enter, and I further agree and warrant that, if at any time, I am in or about RESTRICTED AREAS and I feel anything to be unsafe, I will immediately advise the officials of such and if necessary will leave that RESTRICTED AREA.

3. HEREBY RELEASE, WAIVE, DISCHARGE AND COVENANT NOT TO SUE the promoters, participants, racing associations, sanctioning organizations or any subdivision thereof, track operators, track owners, officials, car owners, drivers, pit crews, rescue personnel, any persons in any RESTRICTED AREA, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the EVENT(S), premises and event inspectors, surveyors, underwriters, consultants and others who give recommendations, directions, or instructions or engage in risk evaluation or loss control activities regarding the premises or EVENT(S) and each of them, their directors, officers, agents and employees, all for the purposes herein referred to as "Releasees," FROM ALL LIABILITY TO THE UNDERSIGNED, my personal representatives, assigns, heirs, and next of kin FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY OR RESULTING IN DEATH OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

4. HEREBY AGREE TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them FROM ANY LOSS, LIABILITY, DAMAGE, OR COST they may incur arising out of or related to the EVENT(S) WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

5. HEREBY ASSUME FULL RESPONSIBILITY FOR ANY RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE arising out of or related to the EVENT(S) whether caused by the NEGLIGENCE OF RELEASEES or otherwise.

6. HEREBY acknowledge that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve the risk of serious injury and/or death and/or property damage. I, THE UNDERSIGNED, also expressly acknowledge that INJURIES RECEIVED MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT RESCUE OPERATIONS OR PROCEDURES OF THE RELEASEES.

7. HEREBY agree that this Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement extends to all acts of negligence by the Releasees, INCLUDING NEGLIGENT RESCUE OPERATIONS and is intended to be as broad and inclusive as is permitted by the laws of the Province or State in which the Event(s) is/are conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

I HAVE READ THIS RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT, FULLY UNDERSTAND ITS TERMS, UNDERSTAND THAT I HAVE GIVEN UP SUBSTANTIAL RIGHTS BY SIGNING IT, AND HAVE SIGNED IT FREELY AND VOLUNTARILY WITHOUT ANY INDUCEMENT, ASSURANCE OR GUARANTEE BEING MADE TO ME AND INTEND MY SIGNATURE TO BE A COMPLETE AN UNCONDITIONAL RELEASE OF ALL LIABILITY TO THE GREATEST EXTENT ALLOWED BY LAW.

## ALL SECTIONS MUST BE COMPLETED.

| PRINT NAME HERE | SIGN NAME HERE | | DUTIES |
|---|---|---|---|
| *Randy Rollison* | I HAVE READ THIS RELEASE | *265* | *Dam Krag* |
| *Mark W Jones Clay* | I HAVE READ THIS RELEASE | *266* | *Snd Drag* |
| *Steph Kithbur* | I HAVE READ THIS RELEASE | *267* | *Car Drag* |
| *Geve Rollison* | I HAVE READ THIS RELEASE | *268* | |
| | I HAVE READ THIS RELEASE | *269* | *Sand Dreags* |

SIGNATURE AND TITLE OF WITNESS                    ADDRESS OF WITNESS

CL-29NY (4/96)

*Rollison 3*

## CERTIFICATE OF SERVICE

I, SHERRY RUGGIERO FALLON, hereby certify that I have caused to be served by First Class Postage Pre-paid U.S. Mail, on this _11th_ day of _August_, 2006, two (2) true and correct copies of the attached document addressed to:

Matthew R. Fogg #4254
Doroshow Pasquale, Krawitz &
Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805
(302)998-0100
Attorneys for Plaintiff

Jack Brady
P.O. Box 1701
Paoli, PA  19301

Roger A. Akin #395
Bruce C. Herron #2315
Akin & Herron, P.A.
1220 N. Market Street, #300
P.O. Box 25047
Wilmington, DE 19899
(302)427-6989
Attorneys for Defendants
Blue Diamond LLC and
Parkway Gravel

Colin M. Shalk #99
Casarino, Christman & Shalk, P.A.
800 North King Street
P.O. Box 1276
Wilmington, DE 19899
(302)594-4500
Attorneys for Houghton's Amusement
Park, LLC

TYBOUT, REDFEARN & PELL

SHERRY RUGGIERO FALLON (#2464)
750 S. Madison St., Suite 400
P.C. Box 2092
Wilmington, DE   19899-2092
(3C2)658-6901
Attorneys for Defendant,
Neal Shoemaker

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | C.A. No.: 06-CV00159 SLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ARBITRATION CASE |
| | ) | |
| NEAL SHOEMAKER, an individual; | ) | |
| BLUE DIAMOND, LLC, a Delaware | ) | |
| corporation; HOUGHTONS AMUSEMENT | ) | |
| PARK, LLC, a Delaware corporation; | ) | |
| JACK BRADY, individually and | ) | TRIAL BY JURY OF |
| d/b/a KSR MOTOR SPORTS; | ) | TWELVE DEMANDED |
| and PARKWAY GRAVEL, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, NEAL SHOEMAKER'S
## AMENDED ANSWER AND CROSS-CLAIM TO COMPLAINT

### PARTIES:

1.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2.    Admitted.

4.    [sic]  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## **JURISDICTION:**

10.    The Defendant repeats his responses to paragraphs 1 through 9 and incorporates them herein by reference, as if fully set forth herein.

11.    This paragraph states a legal conclusion to which no response is required.    By way of further answer, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## **FACTUAL ALLEGATIONS:**

12.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13.    Admitted that, on the date, time, and location stated in this paragraph, the Answering Defendant, Neal Shoemaker, was participating in a procession of race cars. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in this paragraph. By way of further answer, the negligence of the Answering Defendant is denied.

14.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19.    The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**COUNT I**

-3-

**CLAIM AGAINST NEAL SHOEMAKER:**

20. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. Denied.

22. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23. Denied.

24. Denied.

25. Denied. An Affidavit of Non-Agency is attached hereto. The original signed Affidavit will be supplemented, pursuant to an agreement with plaintiff's counsel.

26. Denied.

27. Denied.

28. Denied.

**COUNT II:**
**CLAIM AGAINST BLUE DIAMOND, LLC:**

29. The Answering Defendant repeats his responses to paragraphs 1 through 28 and incorporates them herein by reference, as if fully set forth herein.

30. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

-4-

31.    The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT III
## CLAIM AGAINST HOUGHTON'S AMUSEMENT PARK, LLC:

32.    The  Answering  Defendant  repeats  his  responses  to paragraphs 1 through 31 and incorporates them herein by reference, as if fully set forth herein.

33.    The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34.    The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT IV
## CLAIM AGAINST JACK BRADY, INDIVIDUALLY
## AND D/B/A KSR MOTOR SPORTS:

35.    The  Answering  Defendant  repeats  his  responses  to paragraphs 1 through 34 and incorporates them herein by reference, as if fully set forth herein.

36.    The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

37.    The  Answering  Defendant  is  without  knowledge  or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**COUNT V:**
**CLAIM AGAINST PARKWAY GRAVEL:**

38. The Answering Defendant repeats his responses to paragraphs 1 through 37 and incorporates them herein by reference, as if fully set forth herein.

39. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**COUNT VI**
**CLAIM OF DELBERT ROLLISON:**

41. The Answering Defendant repeats his responses to paragraphs 1 through 40 and incorporates them herein by reference, as if fully set forth herein.

42. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

43. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

44. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient

-6-

to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

<u>45</u>.   Denied   as   to   the   Answering   Defendant.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

<u>46</u>.   Denied   as   to   the   Answering   Defendant.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

<u>47</u>.   Denied   as   to   the   Answering   Defendant.     The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

### **FIRST AFFIRMATIVE DEFENSE:**

<u>48</u>.    The Plaintiff is barred from pleading or introducing into evidence those damages for which he was eligible to receive no-fault benefits, pursuant to 21 <u>Del.</u> <u>C.</u> § 2118(h).

### **SECOND AFFIRMATIVE DEFENSE:**

<u>49</u>.    The Complaint fails to state a claim for punitive damages for which relief may be granted.

### **THIRD AFFIRMATIVE DEFENSE:**

<u>50</u>.  The accident was proximately caused by the negligence of the Plaintiff, Delbert E. Rollison, in that he:

(a)  Failed to keep his bodily movements under proper control;

(b)   Failed to maintain a proper lookout for his own safety;

(c)    Failed to take an alternate path around an allegedly dangerous condition;

(d)   Assumed the risk of his injuries;

(e)   Failed to take reasonable precautions for his own safety;

(f)   Failed to observe clear and obvious traffic conditions on the premises;

(g)   Negligently continued to proceed upon the premises while his vision and/or hearing was obstructed by the activities on the premises;

(h)    Walked, ran, or darted into the path of a vehicle lawfully proceeding in a procession on a premises;

(i)    Walked or ran through the premises in a careless and inattentive manner, without due regard for the traffic conditions then existing; and

(j)    Failed to exercise his common law duty of due care for his own safety.

51.   The negligence of the Plaintiff is greater than 50 percent, thus, barring his recovery.  In the event that it is determined that the Plaintiff's negligence is 50 percent or less, then any damages awarded in his favor must be reduced by his proportion of negligence.

## FOURTH AFFIRMATIVE DEFENSE:

52.   The plaintiff assumed the risk of his injuries.

**FIFTH AFFIRMATIVE DEFENSE**:

<u>53</u>.   The accident was unavoidable.

**SIXTH AFFIRMATIVE DEFENSE**:

<u>54</u>.   The injuries alleged by the Plaintiff were not proximately caused by any acts or omissions on the part of the Answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**:

<u>55</u>.   The accident alleged by the Plaintiff was proximately caused by a superceding and/or intervening act, not caused by the Answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**:

<u>56</u>.   The accident alleged by the Plaintiff was proximately caused by third parties for which the Answering Defendant had no duty to control.

**NINTH AFFIRMATIVE DEFENSE**:

<u>57</u>.   The injuries alleged by the Plaintiff were proximately caused by pre-existing and/or subsequent, medical conditions, lifestyles, exposures, accidents and/or other causes that are completely unrelated to the accident at issue or any alleged acts or omissions of the Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**:

<u>58</u>.   The Complaint must be dismissed due to failure to allege, with particularity, the basis for the alleged claim for punitive damages against the Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE:

<u>59</u>.    The accident was proximately caused by a sudden emergency not created by the Answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE:

<u>60</u>.    <u>The Complaint is barred by waiver and estoppel.</u>

## THIRTEENTH AFFIRMATIVE DEFENSE:

<u>61</u>.    <u>The Plaintiff's claims are barred by the release and waiver he signed on the date in issue, releasing race participants, such as the answering defendant, from all liability, claims and causes of action, a copy of which is attached hereto as Exhibit "A".</u>

## CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CO-DEFENDANTS, BLUE DIAMOND, LLC, HOUGHTONS AMUSEMENT PARK, LLC, JACK BRADY D/B/A KSR MOTOR SPORTS,AND PARKWAY GRAVEL

<u>62</u>.    In the event that the Answering Defendant is held primarily liable to the Plaintiff, then the alleged wrongful acts of the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports and Parkway Gravel, was a contributing cause of the damages sustained by the Plaintiff, and the Answering Defendant is entitled to contribution in any amount which he may be required to pay to the Plaintiff as a result of the Co-Defendants' wrongful acts based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 <u>Del. C.</u> § 6301, <u>et seq</u>.

63. The Answering Defendant denies that he is liable to the Plaintiff in any respect. However, in the event that the Answering Defendant is held liable to the Plaintiff, then he cross-claims against the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports and Parkway Gravel, on the grounds that the conduct of the Co-Defendants was a primary cause of the damages allegedly sustained by the Plaintiff, and that the Answering Defendant, if liable at all, is only secondarily liable. The Answering Defendant, therefore, is entitled to indemnification from the Co-Defendants.

WHEREFORE, the Answering Defendant demands that the Plaintiff's Complaint be dismissed against him, together with costs of this action or, in the alternative, that he is entitled to contribution and/or indemnification from the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports and Parkway Gravel, together with costs.

TYBOUT, REDFEARN & PELL

/s/ Sherry Ruggiero Fallon

SHERRY RUGGIERO FALLON
Bar ID # 2464
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Answering Defendant,
Neal Shoemaker

-11-

# EXHIBIT A

# RELEASE AND WAIVER OF LIABILITY,
## ASSUMPTION OF RISK AND INDEMNITY AGREEMENT

*Blue Diamond*                                          *July 3rd 2004*

DESCRIPTION AND LOCATION OF SCHEDULED EVENT(S)                    DATE RELEASE SIGNED

IN CONSIDERATION of being permitted to compete, officiate, observe, work for, or participate in any way in the EVENT(S) or being permitted to enter for any purpose any RESTRICTED AREA (defined as any area requiring special authorization, credentials, or permission to enter or any area to which admission by the general public is restricted or prohibited), I, THE UNDERSIGNED, for myself, my personal representatives, heirs, and next of kin:

1.  Am a driver, mechanic, pitcrew or other team member, or other participant engaged in racing, and I am not participating in the EVENT(S) or entering the RESTRICTED AREA for recreational purposes.

2.  Acknowledge, agree, and represent that I have or will immediately upon entering any of such RESTRICTED AREAS, and will continuously thereafter, inspect the RESTRICTED AREAS which I enter, and I further agree and warrant that, if at any time, I am in or about RESTRICTED AREAS and I feel anything to be unsafe, I will immediately advise the officials of such and if necessary will leave that RESTRICTED AREA.

3.  HEREBY RELEASE, WAIVE, DISCHARGE AND COVENANT NOT TO SUE the promoters, participants, racing associations, sanctioning organizations or any subdivision thereof, track operators, track owners, officials, car owners, drivers, pit crews, rescue personnel, any persons in any RESTRICTED AREA, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the EVENT(S), premises and event inspectors, surveyors, underwriters, consultants and others who give recommendations, directions, or instructions or engage in risk evaluation or loss control activities regarding the premises or EVENT(S) and each of them, their directors, officers, agents and employees, all for the purposes herein referred to as "Releasees," FROM ALL LIABILITY TO THE UNDERSIGNED, my personal representatives, assigns, heirs, and next of kin FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY OR RESULTING IN DEATH OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

4.  HEREBY AGREE TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them FROM ANY LOSS, LIABILITY, DAMAGE, OR COST they may incur arising out of or related to the EVENT(S) WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

5.  HEREBY ASSUME FULL RESPONSIBILITY FOR ANY RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE arising out of or related to the EVENT(S) whether caused by the NEGLIGENCE OF RELEASEES or otherwise.

6.  HEREBY acknowledge that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve the risk of serious injury and/or death and/or property damage. I, THE UNDERSIGNED, also expressly acknowledge that INJURIES RECEIVED MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT RESCUE OPERATIONS OR PROCEDURES OF THE RELEASEES.

7.  HEREBY agree that this Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement extends to all acts of negligence by the Releasees, INCLUDING NEGLIGENT RESCUE OPERATIONS and is intended to be as broad and inclusive as is permitted by the laws of the Province or State in which the Event(s) is/are conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

I HAVE READ THIS RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT, FULLY UNDERSTAND ITS TERMS, UNDERSTAND THAT I HAVE GIVEN UP SUBSTANTIAL RIGHTS BY SIGNING IT, AND HAVE SIGNED IT FREELY AND VOLUNTARILY WITHOUT ANY INDUCEMENT, ASSURANCE OR GUARANTEE BEING MADE TO ME AND INTEND MY SIGNATURE TO BE A COMPLETE AN UNCONDITIONAL RELEASE OF ALL LIABILITY TO THE GREATEST EXTENT ALLOWED BY LAW.

ALL SECTIONS MUST BE COMPLETED.

| PRINT NAME HERE | SIGN NAME HERE | | DUTIES |
|---|---|---|---|
| *Buddy Rollison* | I HAVE READ THIS RELEASE | 265 | *Jerry Wear* |
| *Mark Armstrong* | I HAVE READ THIS RELEASE | 266 | *Snd Drag* |
| *Stephen Littleton* | I HAVE READ THIS RELEASE | 267 | *Car Drag* |
| *Gene Rollison* | I HAVE READ THIS RELEASE | 268 | *Sand Drags* |

SIGNATURE AND TITLE OF WITNESS                    ADDRESS OF WITNESS

CL-29NY (4/96)