IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-159 SLR |
| | ) | |
| NEAL SHOEMAKER, an individual, | ) | TRIAL BY JURY DEMANDED |
| BLUE DIAMOND, LLC, a Delaware | ) | |
| corporation, HOUGHTONS | ) | |
| AMUSEMENT PARK, LLC, a | ) | |
| Delaware corporation JACK | ) | |
| BRADY, individually and d/b/a | ) | |
| KSR MOTOR SPORTS, BENCHMARK | ) | |
| BUILDERS, INC. a Delaware | ) | |
| corporation, and PARKWAY | ) | |
| GRAVEL, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF OF DEFENDANTS
BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC.,
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**AKIN & HERRON, P.A.**
/s/Roger A. Akin
Roger A. Akin, Esquire
Bar No. 395
1220 N. Market Street, Suite 300
P.O. Box 25047
Wilmington, DE 19899
(302) 427-6987
Attorney for Defendants
Blue Diamond, LLC and
Parkway Gravel, Inc.

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Citations | ii |
| Statement of the Nature and Stage of Proceedings | 1-2 |
| Statement of Facts | 3-4 |
| Argument | 5 |
|    I. SUMMARY JUDGMENT STANDARD | 5 |
|    II. THE GENERAL RELEASE SIGNED BY PLAINTIFF IS A COMPLETE BAR TO SUIT AGAINST DEFENDANTS BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC. | 6-7 |
|       A. The General Release That Plaintiff Signed Is Clear and Unambiguous. | 7-8 |
|       B. The General Release That Plaintiff Signed Is Not Unconscionable. | 9 |
|       C. The General Release That Plaintiff Signed Does Not Violate Public Policy. | 10-11 |
|    III. IF THIS COURT DETERMINES THAT THE GENERAL RELEASE DOES NOT BAR SUIT, THEN, IN THE ALTERNATIVE, THE PLAINTIFF, IN LIGHT OF HIS KNOWLEDGE OF THE RISKS INVOLVED, ASSUMED THE RISK OF HIS PRESENCE AT THE BLUE DIAMOND FACILITY AND AS A PARTICIPANT IN THE MUD DRAG RACING ACTIVITY. | 12 |
|    IV. THE ACCIDENT WAS CAUSED BY PLAINTIFF'S CARELESSNESS IN FAILING TO MAINTAIN A PROPER LOOKOUT AS HE WALKED AMONG THE MOVING MUD DRAGSTER CARS AND/OR BY THE NEGLIGENCE OF 12-YEAR OLD TRAVIS SHOEMAKER AND HIS FATHER, NEAL, THROUGH THEIR OWN LACK OF DUE CARE. | 13 |
| Conclusion | 14 |

**TABLE OF CITATIONS**

Cases                                                                Pages

Burkhart v. Davies ...................................5
   602 A.2d 56 (Del. 1991)

Celotex Corp. v. Catrett .............................5
   477 U.S. 317 (1986)

Chakov v. Outboard Marine Corp. ......................6
    Del. Supr., 429 A.2d 984, 985 (1981)

Egan & Sons Air Conditioning Co. v. General Motors Corp.6
   Del. Super., C.A. Nos. 88L-MY-18 and 88L-MY-28 (4/27/88)

Hallman v. Dover Downs, Inc. .........................6,7,8,9,10
    D.Del., C.A. No. 85-618-CMW (12/31/86)

Hollerman v. Hicks ...................................6
    Del. Super., C.A. 95C-06-027

Huber v. Hovey .......................................8
   Iowa 501 N.W. 2d 53(1993)

J.A. Jones Const. Co. v. City of Dover ...............10
   372 A.2d 540, 553 (1997)

Judge Trucking Co. v. Estate of Cooper ...............7
   C.A. No. 92C-03-041 (4/19/94)

McDonough v. National Off-Road Bicycle Ass............6,7
   D. Del., C.A. No. 95-504-SLR

Moore v. Sizemore ....................................5
   405 A.2d 679 (Del. 1979)

Tucker v. Albun, Inc., ...............................6,10
    Del. Super., C.A. 97C-04-025 (9/27/99)

Statutes and Rules

Fed. R. Civ. P. 12 (b)(6) ............................5

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

The plaintiff, Delbert E. Rollison, filed this suit against, <u>inter alia</u>, the defendants Blue Diamond, LLC (hereinafter "Blue Diamond") and Parkway Gravel (hereinafter "Parkway") seeking damages for injuries he allegedly incurred when he was hit at the Blue Diamond facility by a vehicle operated by 12-year old Travis Shoemaker, a crew participant and also the son of race participant and defendant Neal Shoemaker.  Discovery has continued.[1]  The defendants Blue Diamond and Parkway move for summary judgment on the basis that plaintiff's claims are barred because the general release the plaintiff signed is a complete bar to suit.

If the Court holds that the release does not bar suit, then, in the alternative, the plaintiff, in light of his knowledge of the risks involved, assumed the risk of his presence at the Blue Diamond facility and as a participant in the mud drag racing activity.  Moreover, he was negligent in failing to maintain a proper lookout as he walked to the race staging area amidst the mud drag race cars.

---

[1] For reasons more fully set out in correspondence to the Court from undersigned counsel dated November 20, 2006, discovery has not been completed as to co-defendant Jack Brady d/b/a KSR Motor Sports.  Defendant Brady has ignored his legal responsibilities to the Court as a party in this litigation. (See Defendants' Appendix filed herewith at 1-3.)  He has failed to cooperate in producing documents and in appearing for his deposition.  Moving defendants reserve the right to supplement this Opening Brief after such discovery is taken from Mr. Brady.

Finally, the accident was caused not by the negligence of Blue Diamond or Parkway. It was caused by the negligence of a 12 year old boy, and his father, defendant Shoemaker, who actually injured the plaintiff through their own lack of due care.

This is the defendants' Opening Brief in support of their summary judgment motion.

**STATEMENT OF FACTS**

On July 3, 2004, Plaintiff went to the recreational facility operated by Blue Diamond with his brother to assist in the preparation of a "mud dragster" vehicle for mud-drag racing. (Deposition Transcript of Delbert E. Rollison at Appendix 4-6). He assisted his brother and others in unloading and preparing the "mud dragster" for the race. (Id.).

As a condition of participating, a representative of defendant Jack Brady, d/b/a KSR Motor Sports, requested that plaintiff and his team members sign a legal waiver form. (Id. at 7; *Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement* ("the release" or "the general release"). Plaintiff was not coerced to sign the form. (Def. App. at 8-23). He had adequate time to sign it and ask questions about it before he signed it. Id. Plaintiff did not read it before signing it. Id. He recognized that drag racing is a dangerous activity and knew, by signing the release, that he was releasing other drivers and crew members from liability for injuries caused by them to him. Id at 7.

After arrival at the site, plaintiff and his dragster team members remained in the parking lot area of the site. (Def. App. at 24-25). Team members and dragsters then moved along an unpaved path to a staging area near the spectator seating area. (Def. App. at 26-27). Plaintiff did not walk along the path

3

that led from the parking lot to the staging area; but, rather, he climbed over the guard rail and walked across a paved road to get to the staging area. (Def. App. at 28).

As plaintiff talked with another person and walked toward the staging area, he was struck from behind by another team member's mud racer. (Def. App. at 29). Nobody warned him to move prior to his being struck. Id. Twelve-year old Travis Shoemaker was the operator of the mud racer that struck the plaintiff. (Def. App. at 30-31). At the time Travis Shoemaker struck Plaintiff, there was "much chaos" and Defendant Neal Shoemaker, Travis' father, and Travis were distracted by a monster truck in the vicinity in which someone was "cowboying." (Deposition Transcript of Neal Shoemaker, Defendants' Appendix Def. App. at 32).

**ARGUMENT**

**I.   SUMMARY JUDGMENT STANDARD**

Summary judgment may be granted when no material issues of fact exist and plaintiff has failed to state a claim upon which relief can be granted as a matter of law.  Fed. R. Civ. P. 12(b)(6).  The moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of such issues.  Moore v. Sizemore, 405 A.2d 679, 680 (Del. 1979); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The burden then shifts to the non-moving party to establish the existence of material issues of fact.  Moore at 681.  The non-moving party may not rest on his own pleadings, but must produce evidence to support his claims.  Celotex, at 322-23.  If, after discovery, the non-moving party can not make a sufficient showing of the existence of an essential element of his or her case, summary judgment must be granted.  Burkhart v. Davies, 602 A.2d 56, 59 (Del. 1991). Celotex Corp. v. Catrett, supra.

**II. THE GENERAL RELEASE SIGNED BY PLAINTIFF IS A COMPLETE BAR TO SUIT AGAINST DEFENDANTS BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC.**

Delaware Courts recognize as valid a general release of a party from liability. Tucker v. Albun, Inc., Del. Super., C.A. 97C-04-025, Lee, J., (Sept. 27, 1999) (Memo. Op.) (See Appendix at Tab B) Citing Chakov v. Outboard Marine Corp., Del. Supr., 429 A.2d 984, 985 (1981) Id.); Hollerman v. Hicks, Del. Super., C.A. 95C-06-027, Terry, J., (April 8, 1997) (Opinion) Id.

A valid general release must satisfy three criteria: (1) the release is unambiguous; (2) the release is conscionable; and (3) the release is not contrary to public policy. Tucker, supra. (Citing Hallman v. Dover Downs, Inc., D.Del., C.A. No. 85-618-CMW, Wright, J. (Dec. 31, 1986) Id. See Egan & Sons Air Conditioning Co. v. General Motors Corp., Del. Super., C.A. Nos. 88L-MY-18 and 88L-MY-28, Gebelein, J. (April 27, 1988) (Mem. Op.) at 6. Id. ("[T]he Court first scrutinizes the releases for their validity, secondly for their clarity, and finally, for their scope.").

By signing an unambiguous, conscionable general release that is not inconsistent with public policy, the plaintiff assumed all known and unknown risks of the activity of mud-drag racing. See Tucker, supra at *2, citing, McDonough v. National Off-Road Bicycle Ass., D. Del., C.A. No. 95-504-SLR, Robinson, J. (June 2, 1997) (Mem. Op.) (Id.) ("Through a release, a person may assume all known or unknown risks in a particular situation."). Therefore,

the general release is valid and Defendants Blue Diamond, LLC and Parkway Gravel are entitled to summary judgment.

### A. The General Release That Plaintiff Signed Is Clear and Unambiguous.

To determine whether a release is clear and unambiguous, the Delaware courts utilize the following standard:

> In construing a release, the intent of the parties as to its scope and effect are [sic] controlling, and the court will attempt to ascertain the intent from the overall language of the document. And where the language of the release is clear and unambiguous, it will not lightly be set aside. Judge Trucking Co. v. Estate of Cooper, C.A. No. 92C-03-041, Graves, J. (Sept. 29, 1994) (Mem. Op.) at 8. Id.

The evidence must also establish that the parties intended the release to apply to the particular conduct that caused the harm. See McDonough v. National Off-Road Bicycle Ass., D. Del., C.A. No. 950504-SLR, Robinson, J. (June 2, 1997) (Mem. Op.)(Id.) (Summary Judgment is appropriate where the normal hazards of an activity are contemplated by a release for that activity.). This case is distinguishable from Hallman v. Dover Downs, Inc., supra, in which this Court denied summary judgment on the basis that the injury suffered by the plaintiff was outside of the realm of foreseeable injuries contemplated by the general release. In Hallman, the plaintiff leaned against a wooden railing that gave way and caused him to fall to the ground. The Hallman plaintiff's injury was

caused by negligent property maintenance by Dover Downs International Speedway and not due to the activity of car racing. However, the general release contemplated the release of liability for injuries resulting from foreseeable risks of car racing. The Hallman plaintiff testified that he understood the release and understood the risks of the race involving fast cars on a race track and other related dangers, but he did not understand that he was releasing the Dover Downs grounds and buildings from liability for injuries caused by poor maintenance. Id. at 6-7. Such testimony demonstrated a fundamental lack of understanding by both parties as to the nature and extent of the release.

    Unlike Hallman, plaintiff's alleged injuries in the case at bar are clearly due to the activity of the mud drag racing during the pre-race movement of the competing vehicles to the staging area. Although the plaintiff did not read the release before signing it, he clearly understood the terms and language of the release. (Def. App. at 8-24). In any event, failure to read a contract does not negate it. Huber v. Hovey, Iowa 501 N.W. 2d 53 (1993). Plaintiff knew, by signing the release, that he was releasing other drivers and crew members from liability. (Def. App. at 8-24).

    Accordingly, because the plaintiff understood the release to apply to the conduct that resulted in plaintiff's injuries, the release was clear and unambiguous.

8

**B.  The General Release That Plaintiff Signed Is Not Unconscionable.**

A release is unconscionable only if the signor has no choice but to sign the release and when the release does not relate to the harm involved.  <u>Hallman v. Dover Downs, Inc.</u>, <u>supra</u>, at 9-10.

In <u>Hallman</u>, the plaintiff, a reporter, had to sign the release in order to do his job as a reporter.  <u>Id.</u> at 9.  The release did not relate to the harm which occurred.  "An uncontrollable car may be a foreseeable risk, but a defective structure is not."  <u>Id.</u> at 10.  As such, the release in <u>Hallman</u> was unconscionable.

Here, the plaintiff had a choice whether or not to sign the release as one of a multi-member "team."  Mud-drag racing was not plaintiff's job.  It was simply an activity he participated in, for the first time, at the request of his brother.  Unlike the <u>Hallman</u> plaintiff who was injured by a poorly maintained fencepost, the plaintiff here was injured in the pre-race preparation activity of moving the mud-drag race cars to the staging area for the start of the race, the race being the event referenced in the signed release. (Def. App. at 7.)  The release bore a clear relation to the risk involved and the risk that materialized, causing plaintiff's injury.  Accordingly, the release plaintiff signed is not unconscionable.

9

### C. The General Release That Plaintiff Signed Does Not Violate Public Policy.

Although "the law does not favor provisions relieving one from liability for harm caused by his own fault or wrong," such a provision will be upheld when the language and intent of the parties clearly absolve the protected party of liability created by his own actions. Tucker, supra at *3 (citing Hallman, supra at 12); J.A. Jones Const. Co. v. City of Dover, Del.Super., 372 A.2d 540, 553 (1997).

Here, the plaintiff was injured by another event participant and not by the defendants Blue Diamond and Parkway. In fact, no principal, employee or agent of either defendant Blue Diamond or Parkway was involved in any way with the direction of vehicles or the accident that caused injury to the plaintiff. Accordingly, even if the general release were determined by this Court not to absolve the defendants' liability created by *their own* actions, the defendants are still entitled to summary judgment because they played no part whatsoever in causing plaintiff's injuries.

Furthermore, the scope of the release, "intended to be "broad and inclusive" is clear. (Def. App. at 7). In signing the release, plaintiff released, waived, discharged and made a covenant not to sue defendants "FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY . . . ARISING OUT OF OR RELATED TO THE EVENT(S) . . . ." (Id.). He also agreed to assume full responsibility for any risk

10

of bodily injury.  (<u>Id</u>.)  The release clearly applied, <u>inter alia</u>, to all "promoters...track operators, track owners...owners and lessees of the premises..." <u>Id</u>.

The scope of the release is clear and applies to the incident alleged in this litigation.  Plaintiff understood the scope of the release and it was designed to contemplate precisely the activity in which he was about to engage.  Thus, the release does not violate public policy.

**III. IF THIS COURT DETERMINES THAT THE GENERAL RELEASE DOES NOT BAR SUIT, THEN, IN THE ALTERNATIVE, THE PLAINTIFF, IN LIGHT OF HIS KNOWLEDGE OF THE RISKS INVOLVED, ASSUMED THE RISK OF HIS PRESENCE AT THE BLUE DIAMOND FACILITY AND AS A PARTICIPANT IN THE MUD DRAG RACING ACTIVITY.**

Plaintiff assumed the risk of his injuries by deliberately engaging in an activity which he had acknowledged to carry a risk of extreme danger. He undertook to walk in a designated area for the movement of racing vehicles and not for pedestrians. He placed himself in a position where he was directly proximate to vehicles which were being moved to a staging area or race track. He apparently did not pay attention to the movement of motor vehicles directly proximate to his location and walked into the path of a vehicle being operated by the Shoemaker defendants. Further, prior to the occurrence in this litigation, plaintiff had signed a valid waiver agreement in which he assumed the risk of his own injuries. Both in the waiver and at his deposition, plaintiff acknowledged that he knew and appreciated the risks inherent in drag racing activities.

**IV. THE ACCIDENT WAS CAUSED BY PLAINTIFF'S CARELESSNESS IN FAILING TO MAINTAIN A PROPER LOOKOUT AS HE WALKED AMONG THE MOVING MUD DRAGSTER CARS AND/OR BY THE NEGLIGENCE OF OTHERS, INCLUDING 12-YEAR OLD TRAVIS SHOEMAKER AND HIS FATHER, NEAL, THROUGH THEIR OWN LACK OF DUE CARE.**

Plaintiff did not pay due care and attention to the operation of motor vehicles in his immediate vicinity and placed his body in a position where it was vulnerable to being struck by such vehicles. Further, the mud drag racer that struck plaintiff was being steered by Travis Shoemaker, a 12 year old boy. Neither Travis nor his father, Neal Shoemaker, paid due care nor attention to the task of operating the all-terrain vehicle pushing the "mud drag" racer and therefore, struck the plaintiff as he walked in proximity to the route such vehicles were taking. Finally, Jack Brady and other "promoters" and organizers of the racing activities did not exercise adequate supervision over the movement of vehicles in proximity to pedestrians. Accordingly, plaintiff's injuries were in no way caused by any act or omission of defendants Blue Diamond or Parkway.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, defendants Blue Diamond, LLC and Parkway Gravel, Inc. respectfully request that summary judgment be entered on their behalf as to all claims asserted in Plaintiff's Complaint.

          **AKIN & HEBRON, P.A.**
          /s/Roger A. Akin
          Roger A. Akin, Esquire
          Bar No. 395
          1220 N. Market Street, Suite 300
          P.O. Box 25047
          Wilmington, DE 19899
          (302) 427-6987
          Attorney for Defendants
          Blue Diamond, LLC and
          Parkway Gravel, Inc.

Dated: November 27, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-159 SLR |
| | ) | |
| NEAL SHOEMAKER, an individual, | ) | TRIAL BY JURY DEMANDED |
| BLUE DIAMOND, LLC, a Delaware | ) | |
| corporation, HOUGHTONS | ) | |
| AMUSEMENT PARK, LLC, a | ) | |
| Delaware corporation JACK | ) | |
| BRADY, individually and d/b/a | ) | |
| KSR MOTOR SPORTS, BENCHMARK | ) | |
| BUILDERS, INC. a Delaware | ) | |
| corporation, and PARKWAY | ) | |
| GRAVEL, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, **HEREBY CERTIFY** that on this 27th day of November, 2006, a copy of the **OPENING BRIEF OF DEFENDANTS BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC. IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was mailed first class to the following party:

Jack Brady
P.O. Box 1701
Paoli, PA 19301

and was electronically filed with the Clerk of the Court using CM/ECF which will send notifications of such filing(s) to counsel listed below: served via Lexis/Nexis File upon the following counsel:

15

Arthur M. Krawitz, Esquire
Matthew R. Fogg, Esquire
Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805

Colin M. Shalk, Esquire
Casarino, Christman & Shalk
800 North King Street
Suite 200
P.O. Box 1276
Wilmington, DE 19899

Sherry R. Fallon, Esquire
Tybout, Redfearn & Pell
750 South Madison Street
Suite 400
Wilmington, DE 19801

**AKIN & HEBRON, P.A.**
/s/Roger A. Akin
Roger A. Akin, Esquire
Bar No. 395
1220 N. Market Street, Suite 300
P.O. Box 25047
Wilmington, DE 19899
(302) 427-6987
Attorney for Defendants
Blue Diamond, LLC and
Parkway Gravel, Inc.