IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | C.A. No.: 06-159 SLR |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NEAL SHOEMAKER, as parent and | ) | |
| legal guardian of TRAVIS SHOEMAKER, | ) | |
| NEAL SHOEMAKER, individually, | ) | |
| TRAVIS SHOEMAKER, individually, | ) | |
| BLUE DIAMOND, LLC, a Delaware | ) | JURY TRIAL DEMANDED |
| corporation; HOUGHTONS AMUSEMENT | ) | |
| PARK, LLC, a Delaware corporation; | ) | |
| JACK BRADY, individually and | ) | |
| d/b/a KSR MOTOR SPORTS; | ) | |
| and PARKWAY GRAVEL, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWERING BRIEF OF DEFENDANTS NEAL AND TRAVIS SHOEMAKER
IN SUPPORT OF THEIR JOINDER IN, OR IN THE ALTERNATIVE,
IN LIMITED OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF
CO-DEFENDANTS, BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC.**

SHERRY RUGGIERO FALLON (BAR ID #2464)
Tybout Redfearn & Pell
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Defendants,
Neal Shoemaker and
Travis Shoemaker

December 11, 2006

**TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . 5

    II.   THE GENERAL RELEASE SIGNED BY PLAINTIFF BARS HIS SUIT AGAINST DEFENDANTS NEAL AND TRAVIS SHOEMAKER AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . 5

        A.    The General Release Signed by Plaintiff Satisfies the Three Validity Requirements: . . 6

            1.    The Release is Clear and Unambiguous. 6

            2.    The Release Not Unconscionable. . . . . 8

            3.    The Release Does Not Violate Public Policy. . . . . . . . . . . . . . . . . 10

    III.  IN THE ALTERNATIVE, BASED ON HIS KNOWLEDGE AND APPRECIATION OF THE DANGERS AT BLUE DIAMOND, PLAINTIFF CAN NOT RECOVER FOR HIS INJURIES AS HE ASSUMED THE RISK . . . . . . . . . . . . . . . . . 11

    IV.   IN THE ALTERNATIVE, PLAINTIFF IS CONTRIBUTORILY NEGLIGENT AS A MATTER OF LAW . . . . . . . . . . . . 12

    V.    IN THE ALTERNATIVE, THE SHOEMAKER DEFENDANTS OPPOSE THE MOTION FOR SUMMARY JUDGMENT OF CO-DEFENDANTS BLUE DIAMOND AND PARKWAY, ON THE BASIS THAT THERE IS A MATERIAL ISSUE OF FACT CONCERNING THE NEGLIGENCE OF THE DEFENDANTS, BLUE DIAMOND AND PARKWAY. . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF CITATIONS

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) . . . . 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . . . . 5

*Hallman v. Dover Downs, Inc.*, Civ.A.No. 85-618-CMW, 1986 WL 535 (D. Del. Dec. 31, 1986) . . . . . . . . . . . . . 6, 8, 9, 10

*Hansen v. Umtech Industrieservice Und Spedition, GbmbH*, Civ.A.No.95-516-MMS, 1996 WL 622557 (D. Del. July 3, 1996) . 12

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . 5

*McDonough v. Nat'l Off-Road Bicycle Assn.*, No. Civ. A. 95-504-SLR, 1997 WL 309503 (D. Del. Jun. 2, 1997) . 5, 6, 7, 8, 13, 14

**STATE CASES**

*All-State Inv. v. Sec. Agcy., Inc.*, 301 A.2d 273 (Del. 1972) 10

*DiOssi v. Maroney*, 548 A.2d 1361 (Del. 1988) . . . . . . . . 13

*Furek v. Univ. of Delaware*, 594 A.2d 506 (Del. 1991) . . . . 13

*Jardel Co., Inc. v. Hughes*, 523 A.2d 518 (Del. 1987) . . . . 13

*Trievel v. Sabo*, No.Civ.A.94C-12-213-WTQ, 1997 WL 817878 (Del. Super. Ct. May 2, 1997) . . . . . . . . . . . . . . . . . 12, 13

*Tucker v. Albun, Inc.*, No.Civ.A.97C-04-025, 1999 WL 1241073 (Del. Super. Ct. Sept. 27, 1999) . . . . . . 6, 7, 8, 9, 10, 14

*Warburton v. Phoenix Steel Corp.*, 321 A.2d. 345 (Del. Super. Ct. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Yankanwich v. Wharton*, 460 A.2d 1326 (Del. 1983) . . . . 11, 12

**FEDERAL RULES**

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . 5

## **NATURE AND STAGE OF THE PROCEEDINGS**

On March 9, 2006, the Plaintiff, Delbert "Gene" Rollison, filed the Complaint in this personal injury case against Neal and Travis Shoemaker and Co-Defendants, Houghtons Amusement Park, LLC, Jack Brady, individually and d/b/a KSR Motor Sports, Blue Diamond, LLC and Parkway Gravel, Inc. (hereinafter "Blue Diamond" and "Parkway"). (D.I. 1). A Co-Defendant, Benchmark Builders, Inc., was dismissed on June 26, 2006. (D.I. re 46).

The Plaintiff seeks damages for injuries incurred, as a pedestrian, as a result of an accident that occurred on July 3, 2004, during a KSR Motor Sports sponsored event at Blue Diamond Park. As to the Shoemakers, the Plaintiff contends that he was injured when he made contact with a "mud drag racer" vehicle, occupied by the minor Plaintiff, Travis Shoemaker, which was being pushed by an all terrain vehicle, a Polaris, operated by the Defendant, Neal Shoemaker.

The Shoemakers filed their initial Answers and Crossclaims on April 18, 2006. (D.I. 14). They answered the Defendants' cross claims on May 5, 2005. The Shoemakers moved to amend their Answer and Crossclaims, to include affirmative defenses relating to Plaintiff's signing of a Release and Waiver of Liability Agreement. (D.I. 19,79). The Court granted this Motion on November 14, 2006. (D.I. re 79).

1

The initial scheduling order was entered on May 31, 2006, and discovery has been ongoing.[1] (D.I. 34)

The Defendants Blue Diamond and Parkway moved for Summary Judgment on November 27, 2006. (D.I. 90-92). The Defendants Neal and Travis Shoemaker, join, in part, and, alternatively, oppose, in part, Blue Diamond's and Parkway's Motion for Summary Judgment.

The Shoemakers join in the Co-Defendants' Motion for Summary Judgment on the grounds that the Release and Waiver of Liability Agreement bars the Plaintiff's claims against the Defendants. In addition, the Plaintiff's assumption of the risk and/or comparative negligence, bar his claims as a matter of law.

In the alternative, the Shoemaker Defendants oppose the Motion for Summary Judgment of Co-Defendants Blue Diamond and Parkway, on the basis that there is a material issue of fact as to the negligence of the Co-Defendants, and they are no entitled to judgment as a matter of law.

This is the Answering Brief of Defendants, Neal and Travis Shoemaker, in support of their Joinder, in part, and, in the Alternative, Limited Opposition, to the Motion for Summary Judgment of the Defendants, Blue Diamond and Parkway.

---

[1] As explained in Defendants' Opening Brief, Defendant Jack Brady d/b/a KSR Motor Sports' failure to participate in this litigation has prevented the parties from completing discovery. (See D.I. 91 at 1 n.1). Therefore, in light of the pending December 14, 2006 default hearing and stipulation to further amend the scheduling order to allow discovery as to Mr. Brady and KSR Motor Sports, the Defendants Neal and Travis Shoemaker also reserve the right to supplement this Answering Brief.

## STATEMENT OF FACTS

On July 3, 2004, the Plaintiff went to Blue Diamond Park, a recreational facility owned by Parkway and operated by Blue Diamond. (See Defs.' Open. Br. at 3; Defs.' Answer to Compl. ¶17 at Appendix B-2) (D.I. 91, 12). He went, at his brother's request to prepare a "mud dragster" race car for racing in an event promoted by KSR Motor Sports. (D. Rollison's Dep. at 24-26,30; Def. N. Shoemaker Dep. at 12 (Appendix at B-9-11, B-39)). This event also involved a monster truck show and riding lawn mower races. (See Defs.' Answer to Interrog. No. 8; Pl. Dep. at 50, 117 (App. at B-52, B-16, B-32).

They parked in the racing participant's parking area and the Plaintiff's brother paid the entry fee. (See Pl. Dep. at 29, 35-36 (App. at B-10, B-12)). Later in the day, the Plaintiff and his teammates signed a Release and Waiver of Liability Agreement, and were instructed to move to the race staging area. (See Pl. Dep. at 36-37, 42, 99-100 (App. at B-12, B-14, B-28)). Racers and crews drove, pushed or pulled the dragsters along an unpaved path. (Pl. Dep. at 44-45, 49 (App. at B-14-15)).

The Plaintiff chose to walk. As there were no warning signs or fences to guide him, he took the route used by other people that day: over the guard rail; across a ditch and paved road; and onto a small grassy area between a monster truck display and the dragster path. (Pl. Dep. at 47-50, 117; Pl. Dep. Ex. 1; Def. N. Shoemaker Dep. at 20-21,27 (App. at B-15-16,B-32, B-54, B-41-43)). No one restricted access to this area.(Pl. Dep. at 117-118; Def. N. Shoemaker Dep. at 45 (App. at B-32-33, B-47)). While he walked, engaged in conversation and watched at the activity

3

around the display, the Plaintiff was knocked down from behind. (Pl. Dep. at 50-53, 57-58, 111; Pl. Dep. Ex. 2 (App. at B-16-18, B-31, B-56)).

Meanwhile, the Shoemakers pushed and steered their own mud dragster in the procession:  Neal on his ATV and Travis, his son, was in the dragster. (Def. N. Shoemaker Dep. at 22-24, Def. N. Shoemaker Dep. Ex. 1 (App. at B-42, B-55)).  The ignition of the dragster engine was not engaged.  Both Neal and Travis were also concerned about the proximity of a monster truck, labeled "Thrasher", that was "cowboying" close to the procession. (Def. N. Shoemaker Dep. at 26-27, 32 (App. at B-43-44)).

Travis Shoemaker alerted Neal Shoemaker that the Plaintiff was on the ground. (Def. N. Shoemaker Dep. 29-32; Pl. Dep. at 91-92 (App. at B-43-44, B-26)).  An on-site ambulance responded to the scene, taking the Plaintiff to the hospital. (Pl. Dep. at 60-61, 66; Pl. Dep. Ex. 2 (App. at B-18,B-20, B-56)).

**ARGUMENT**

I.  **SUMMARY JUDGMENT STANDARD**

Summary Judgment should be granted where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). It is the moving party's burden to prove that no genuine issue of material fact is in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Once the moving party satisfies this burden, the nonmoving party must offer specific facts to show there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587. "The mere existence of a scintilla of evidence" in support of the nonmoving party's position, however, is "insufficient". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). There must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* If the nonmoving party fails to make a sufficient showing on an essential element of the case, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 317-318 (1986).

II.  **THE GENERAL RELEASE SIGNED BY PLAINTIFF BARS HIS SUIT AGAINST DEFENDANTS NEAL AND TRAVIS SHOEMAKER AS A MATTER OF LAW**

The Defendants, Neal and Travis Shoemaker, adopt and join the arguments asserted by the Co-defendants, Blue Diamond and Parkway, and assert the following additional arguments.

Through a valid general release, a plaintiff assumes all risks inherent in a particular situation, both known or unknown. *McDonough v. Nat'l Off-Road Bicycle Assn.*, No.Civ.A.95-504-SLR,

1997 WL 309503, at *5 (D. Del. Jun. 2, 1997); *Tucker v. Albun, Inc.*, No.Civ.A.97C-04-025, 1999 WL 1241073, at *2 (Del. Super. Ct. Sep. 27, 1999). Delaware Courts recognize the validity of such releases where the release is not:(1) ambiguous; (2) unconscionable or (3) against public policy. *Tucker*, 1999 WL 1241073, at *2; *citing Hallman v. Dover Downs, Inc.*,Civ.A.No.85-618-CMW, 1986 WL 535, at *2 (D. Del. Dec. 31, 1986). Where no material issues of fact are in dispute as to validity and application of a release, summary judgment should be granted. *See Tucker*, at *2.

### A. The General Release Signed by Plaintiff Satisfies the Three Validity Requirements:

#### 1. The Release is Clear and Unambiguous.

"A release will not be set aside if the language is clear and unambiguous." *McDonough*, 1997 WL 309503, at *5, *citing Hallman*, at *2. When construing a release, the Court looks to the plain language of the document to determine the parties' intent as to its scope and effect. *Tucker,* at *2. A release will be found effective where the evidence shows the parties intended that it apply to the conduct that caused the harm and that the plaintiff, or a reasonable person in his position, understood its terms. *Tucker*, at *2, *citing McDonough,* at *5.

In this case, the language of the release signed by Plaintiff states in pertinent part that:

> In CONSIDERATION of being permitted to compete, ... observe, work for, or participate ... in the EVENT(S)... I, THE UNDERSIGNED,....
>> 3. HEREBY RELEASE, WAIVE, DISCHARGE AND COVENANT NOT TO SUE the ... participants ... car owners, drivers, pit crews ...in any RESTRICTED AREA...FROM ALL LIABILITY...

> FOR ... ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON ... OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE....
>
> 5. HEREBY ASSUME FULL RESPONSIBILITY FOR ANY RISK OF BODILY INJURY ...arising out of or related to the EVENT(S) whether caused by the NEGLIGENCE OF RELEASEES OR OTHERWISE.
>
> 6. HEREBY acknowledge that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve risk of serious injury and/or death.... (Pl. Dep. Ex.3 (App. at B-57)).

Although the Plaintiff claims not to have read the release on the day he signed it, the facts show he was already familiar with the dangers of events like car racing when he signed it, through his participation in five or six other drag races (Pl. Dep. at 32-33, 37 (App. at B-11-12)). Plaintiff agreed during his deposition that mud drag races are dangerous and noted that dragsters moving around spectators and crew are an inherent danger in such events. (Id. at 106-107 (App. at B-30)). He was also familiar with signing releases to participate in potentially dangerous activities having done so on two earlier occasions. (Pl. Dep. at 37-38, 105-106 (App. at B-12-13, B-29-30)). Finally, he explained that the terms of the release meant he could not hold someone responsible for "doing something they shouldn't be doing." (Pl. Dep. at 106-108 (App. at B-30)).

This evidence sufficiently distinguishes the circumstances at bar from those in *Tucker v. Albun, Inc.*, and cases like *McDonough v. National Off-Road Bicycle Association*, or *Hallman v. Dover Downs, Inc.*, such that the Court should find, as a matter of law, the release signed by Plaintiff is a bar to his

claims against the Shoemakers.

In the foregoing cases, issues of fact remained as to whether the plaintiffs understood the scope of the release and that it might include the kind of hazard that actually caused their injuries. *Tucker,* at *4-5 (finding questions of fact as to whether plaintiff understood that stepping in a hole during an auto race might be within the scope); *McDonough,* at *4,5-6 (finding questions of fact as to whether plaintiff understood that heat stroke due to negligent administration of a bicycle race might be within the scope); *Hallman* at *2 (finding questions of fact as to whether plaintiff understood that a faulty railing might be within the scope).

In this case, the Plaintiff considered collisions between people and moving dragsters a hazard of mud drag racing. *Compare Hallman* at *2 (finding a release ambiguous in part because plaintiff "wouldn't have thought it had anything to do with the grounds."). Moreover, by his own assertions, this is how he was injured. Finally, the evidence shows that the Plaintiff understands the general effect of releases like the one he signed. *Tucker*, at *5. Thus, as the Plaintiff understood the effect and that it applied to the conduct alleged to have caused his injuries. Therefore, the release is unambiguous.

2. <u>The Release Not Unconscionable</u>.

A release is not unconscionable if (1) a plaintiff had a meaningful choice besides signing it and (2) the release bears a reasonable relationship to the risk or harm involved. *Tucker*, 1999 WL 1241073 at *5, *citing Hallman* 1986 WL 535, at *3-4. In

Delaware, courts find event releases unconscionable if a plaintiff has to sign the release to do his job or where plaintiff's injuries were caused by defects on property, like holes or rotted railings, which bare no relationship to the inherent risks of racing events. *Hallman*, at *3; *Tucker*, at *5.

By contrast, the evidence in this case shows the Plaintiff had a meaningful choice and the release was reasonably related to the alleged harm. The Plaintiff is employed as instructor/coordinator for Sino Swearingen Aircraft Corporation.(See Pl. Dep. at 8 (App. at B-5)). His job requires that he train people to build aircraft. (Id.). He makes no claims it requires him to attend mud drag races. The Plaintiff states that his brother asked him to come watch and that he helped out. (See Pl. Dep. at 25-26; 30-31 (App. at B-9-11)). Thus, like the Plaintiff in *Tucker*, his job did not require him to participate in or sign a release to participate in the mud drag race event at Blue Diamond. *Tucker*, at *5.

Finally, the Plaintiff does not claim that his injuries resulted from defects on the property, as was the case in *Hallman* and *Tucker*. *Hallman*, at *4; *Tucker*, at *5. He alleges injuries as a result of being struck by a moving mud dragster at a racing event. As Plaintiff's own testimony indicates, moving dragsters are clearly a risk inherent in mud drag racing. (Pl. Dep. at 107 (App. at B-30). Therefore, the release Plaintiff signed to participate in the race is reasonably related to the harm alleged.

3.   The Release Does Not Violate Public Policy.

As a general rule, provisions that relieve a party of liability for his own fault or wrong doing are disfavored. *Hallman*, at *4. *See Tucker*, at *6. Nonetheless, provisions that are sufficiently "clear" and "unequivocal" in exempting a protected party from his own negligence do not violate public policy. *Hallman*, at *4. In Delaware, courts have found language that specifically refers to the negligence of the protected party sufficiently clear to protect that party against a negligence claim. *Hallman,* at *4, *citing Warburton v. Phoenix Steel Corp.*, 321 A.2d. 345 (Del. Super. Ct. 1974); *All-State Inv. v. Sec. Agcy., Inc.*, 301 A.2d 273 (Del. 1972).

The provision at issue in this case states that the Plaintiff will:

> HEREBY RELEASE, WAIVE, DISCHARGE AND COVENANT NOT TO SUE the ...participants ... car owners, drivers, pit crews ... in any RESTRICTED AREA ... FROM ALL LIABILITY ... FOR ... ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON ... OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE. (Pl. Dep. Ex.3 (App. at B-57)).

The language of this provision specifically refers to the negligence of "participants," "car owners," and "drivers." It unequivocally addresses the negligent conduct of these specific types of individuals. In other words, this provision applies to any negligent conduct by the Shoemakers, together as participants, and Neal Shoemaker, alone as the car owner and driver, that arose from this event. Therefore, the release does not violate public policy.

10

III. **IN THE ALTERNATIVE, BASED ON HIS KNOWLEDGE AND APPRECIATION OF THE DANGERS AT BLUE DIAMOND, PLAINTIFF CAN NOT RECOVER FOR HIS INJURIES AS HE ASSUMED THE RISK**

The Defendants, Neal and Travis Shoemaker, adopt and join the argument asserted by the Co-defendants, Blue Diamond and Parkway, and assert the following additional arguments.

"If the plaintiff knows of the existence of risk, appreciates the danger of it and nevertheless does not avoid it, he will be held to have assumed the risk and may not recover for his injuries." *Yankanwich v. Wharton*, 460 A.2d 1326, 1330 (Del. 1983). Delaware Courts apply a subjective standard, particular to the plaintiff, in order to determine if there is evidence that he voluntarily assumed the risk. *Id*.

The evidence shows that Plaintiff "spent most of [his] professional life around large aircraft - - dangerous areas." (Pl. Dep. at 64 (App. at B-19)). Additionally, he had participated in five or six similar drag racing events prior to this one. (Pl. Dep at 32-33 (App. at B-11)). And, although this was his first mud drag race, he admits observing riding mowers, cars on two wheels and rolling over near pedestrians along the same path he later took to the staging area. (Pl. Dep. at 25-26, 118, 123-124 (App. at B-9-10,B-33-34)). As he noted in his deposition, [t]here is always danger in any kind of activity like this. (Id. at 106 (App. at B-30)). Nonetheless, he still chose to proceed in spite of the danger without regard for his own safety.

Therefore, even under the subjective standard, this Plaintiff knew the risks, appreciated the danger, and still chose

not to avoid them.

### IV. IN THE ALTERNATIVE, PLAINTIFF IS CONTRIBUTORILY NEGLIGENT AS A MATTER OF LAW

The Defendants, Neal and Travis Shoemaker, adopt and join the argument asserted by the Co-defendants, Blue Diamond and Parkway, and assert the following additional arguments.

"Issues concerning contributory negligence are ordinarily questions reserved for the trier of fact." *Yankanwich*, 460 A.2d 1326, 1331 (Del. 1983). *Cf Hansen v. Umtech Industrieservice Und Spedition, GbmbH*, Civ.A.No.95-516-MMS, 1996 WL 622557, at *10 (D. Del. July 3, 1996). However, a court may find contributory negligence as a matter of law, where the "undisputed material facts can lead to only one conclusion," that the plaintiff was more than 50% negligent for his own injuries. *See Yankanwich*, 460 A.2d at 1331. *Cf. Trievel v. Sabo*, Civ.A.No.94C-12-213-WTQ,1997 WL 817878, at *3 (Del. Super. Ct. May 2, 1997) (observing that "[i]t is not only within the power of the Court but it has been said it is 'the duty of the Court'" to decide the apportionment of negligence where the evidence permits no other inference).

Like the Plaintiff in *Trievel v. Sabo*, who attempted to cross a highly dangerous intersection on a bicycle without regard to oncoming traffic, this Plaintiff failed to keep a proper lookout as he moved along a path that he already knew was extremely hazardous due to moving vehicles. *Trievel,* at *3-4. Without care for his own safety, he engaged in conversation and watched the activities of people instead of the highly dangerous activities of the vehicles around him. (Pl. Dep. at 50-53, 57-58, 111, 118, 123-124 (App. at B-16-18, B-31, B-33-34)).

Although such determinations are normally left to the fact finders, the evidence in this case shows the Plaintiff's own negligent conduct was substantial. *Trievel*, at *3-5. His conduct can be deemed so "reckless" such that a jury could find him at least 51% negligent for his own injuries "regardless" of any finding with regard to the conduct of the defendant. *See Trievel* at *3-5.

Any assertions that Blue Diamond and Parkway are not responsible as a matter of law for the alleged injuries caused by third-parties is flawed. In Delaware, a "landowner who knows or should know of an unreasonably dangerous condition or use of his property has a duty to invitees to safeguard the invitee against such hazards including the conduct of third parties." *Furek v. Univ. of Delaware,* 594 A.2d 506, 520-521 (Del. 1991); citing *DiOssi v. Maroney*, 548 A.2d 1361 (Del. 1988); *Jardel Co., Inc. v. Hughes*, 523 A.2d 518 (Del. 1987).

Therefore, issues of material fact exist as to Blue Diamond and Parkway's obligations to safeguard business invitees from dangerous recreational events it hosts, sponsors or allows to take place on its premises, for profit. (Def. N. Shoemaker Dep. at 22-24, 26-27, 32, 53 (App. at B-42-44, B-49)).

V.  **IN THE ALTERNATIVE, THE SHOEMAKER DEFENDANTS OPPOSE THE MOTION FOR SUMMARY JUDGMENT OF CO-DEFENDANTS BLUE DIAMOND AND PARKWAY, ON THE BASIS THAT THERE IS A MATERIAL ISSUE OF FACT CONCERNING THE NEGLIGENCE OF THE DEFENDANTS, BLUE DIAMOND AND PARKWAY.**

Contrary to their assertions of Co-defendants, Blue Diamond and Parkway in their Motion, the absence of any personnel at the mud dragster track, as well as lack of warning signs or fencing, indicates that issues of material fact remain as to whether their

negligent acts or omissions as possessors of land fell within the scope of the release. *See Tucker,* at *6. *See also McDonough*, at *5; (Pl. Dep. at 48-50, 117-118; Def. N. Shoemaker Dep. at 20-21,27, 45-46 (App. at B-15-16, B-32-33, B-41, B-43, B-47-48)). (D.I. 91 at 10-11)).

To the extent the Co-defendants, Blue Diamond and Parkway assert that the Defendants, Neal and Travis Shoemaker, were negligent, as a matter of law, the Co-defendant's Motion fails to cite any facts or legal authority in support of the argument.

Furthermore, the Co-defendant, Jack Brady, has, to date, evaded all attempts to obtain discovery. Consequently, material issues of fact exist as to his liability for failure to adequately safeguard business invitees at a recreational event he promoted, for profit.

If the Release and/or the Plaintiff's conduct, do not bar the Plaintiff's claim against all defendants, as a matter of law, then a material issue of fact exists concerning the negligence, if any, of each Defendant, respectively, precluding summary judgment in favor of the Co-defendants, Blue Diamond and Parkway.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendants, Neal and Travis Shoemaker join with Blue Diamond and Parkway Gravel in respectfully requesting that summary judgment be entered, on their behalf, as to all claims asserted against them, in the Plaintiff's Complaint.

In the alternative, the Defendants, Neal and Travis Shoemaker, respectfully request that the Court deny, in part, the Motion for Summary Judgment of the Co-defendants, Blue Diamond and Parkway, on the basis that there are material issues of fact with regard to the negligence of the Co-defendants.

Respectfully Submitted,

_____
SHERRY RUGGIERO FALLON (BAR ID #2464)
Tybout Redfearn & Pell
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Defendants,
Neal Shoemaker and Travis Shoemaker

## CERTIFICATE OF SERVICE

I, Sherry Ruggiero Fallon, hereby certify that, on this _11th_ day of _December_, 2006, I have caused to be served upon the following, in the manner indicated below, two (2) true and correct copies of the attached document:

**Electronic Service Via**
**Lexis-Nexis File and Serve**
Matthew R. Fogg #4254
Doroshow Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805
Attorneys for Plaintiff

Colin M. Shalk #99
Casarino, Christman & Shalk, P.A.
800 North King Street
P.O. Box 1276
Wilmington, DE 19899
Attorneys for Benchmark Builders, Inc.

Roger A. Akin #395
Bruce C. Herron #2315
Akin & Herron, P.A.
1220 N. Market Street, #300
P.O. Box 25047
Wilmington, DE 19899
Attorneys for Blue Diamond, LLC and Parkway Gravel, Inc.

**First Class U.S. Mail**
Jack Brady
P.O. Box 1701
Paoli, PA 19301

TYBOUT, REDFEARN & PELL

_/s/ Sherry Ruggiero Fallon_
SHERRY RUGGIERO FALLON
(BAR ID# 2464)
750 S. Madison St., Suite 400
P.O. Box 2092
Wilmington, DE 19899-2092
(302)658-6901
Attorneys for Defendants,
Neal Shoemaker and Travis Shoemaker