**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | : | |
| Plaintiff, | : | C.A. No. 06-159-SLR |
| v. | : | |
| NEAL SHOEMAKER, an individual, BLUE | : | TRIAL BY JURY OF |
| DIAMOND, LLC, a Delaware Corporation, | : | SIX DEMANDED |
| HOUGHTONS AMUSEMENT PARK, LLC, a | : | |
| Delaware Corporation, JACK BRADY, an | : | |
| individual and d/b/a KSR MOTOR SPORTS, and | : | |
| PARKWAY GRAVEL, a Delaware Corporation, | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF
## DEFENDANT, JACK BRADY
## TO THE COMPLAINT

1.    The answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 1.

2.    The answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 2.

4.    The answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 4.

5.    The answering defendant is without knowledge or sufficient information to form a belief
as to the truth of the averments of paragraph 5.

6.    Admitted.

7.    Admitted.

8.    Upon knowledge and information the Benchmark Builders defendant has already been

dismissed from this case.

9.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

## JURISDICTION

10.    No answer required.

11.    This is a legal averment which the answering defendant can neither admit nor deny.

12.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.

13.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13.

14.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

15.    Admitted upon information and belief.

16.    Upon information and belief the Benchmark Builder defendant has already been dismissed.

17.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17.

18.    Denied.

19.    Denied

20.    No answer required.

21.    (a) through (i). This paragraph is not directed to the answering defendant.

22.    The answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of paragraph 22.

    23.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23.

    24.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24.

    25.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25.

    26.    Denied.

    27.    This paragraph is not directed to the answering defendant.

    28.    This paragraph is not directed to the answering defendant.

    29.    No answer required.

    30.    (a) through (r). This paragraph is not directed to the answering defendant.

    31.    This paragraph is not directed to the answering defendant.

    32.    No answer required.

    33.    This paragraph is not directed to the answering defendant.

    34.    This paragraph is not directed to the answering defendant.

## COUNT IV

    35.    No answer required.

    36.    (a) through (r).  Denied.

    37.    Denied.

## COUNT V

    38.    Upon information and belief this defendant has been dismissed from the lawsuit.

    39.    (a) through (r). Upon information and belief this defendant has been dismissed from

the lawsuit.

40.   Upon information and belief this defendant has been dismissed from the lawsuit.

## COUNT VI

41.   No answer required.

42.   (a) through (r). This paragraph is not directed to the answering defendant.

43.   This paragraph is not directed to the answering defendant.

44.   No answer required.

45.   The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

46.   The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

47.   The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

48.   The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

49.   The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

50.   The answering defendant is not aware of the nature or extent of the plaintiff's injuries. Any allegation or implication of negligence on the part of the answering defendant is denied.

## FIRST AFFIRMATIVE DEFENCE:

51.    The Plaintiff's Complaint fails to state a cliam for punitive damages.

## SECOND AFFIRMATIVE DEFENCE:

52.    The Plaintiff's Complaint fails to name all necessary parties.

## THIRD AFFIRMATIVE DEFENCE:

53.    The Plaintiff Failed to warn others of a unsafe condition as stated in the release wavier he signed. Attached hereto as Exhibit A.

## FOURTH AFFIRMITIVE DEFENCE:

54.    The Plaintiff failed to comply with applicable regulations as stated in the release waiver he signed. Attached hereto as Exhibit A.

## FIFTH AFFIRMITIVE DEFENCE:

55.    The Plaintiff assumed the risk of injury upon entering the race track as stated in the release wavier he signed. Attached hereto as Exhibit A. and per Track rules. Attached hereto as Exhibit B and C.

## SIXTH AFFIRMITIVE DEFENCE:

55.    The Plaintiff's alleged injuries were not caused by any acts or omissions on the part of the answering defendant.

## SEVENTH AFFIRMITIVE DEFENCE:

56.    The Plaintiff's Complaint is barred by waiver and estoppel.

## EIGHTH AFFIRMITIVE DEFENCE:

57.    The Plaintiff's Claims are barred by the release and wavier he signed

on the date in issue, releasing all race participants, such as answering

defendant, from all liability, claims and causes of action, a copy of

which is attached hereto as Exhibit A.

WHEREFORE, the Answering Defendant Jack Brady demands that the

Plaintiff's Complaint be dismissed against him and KSR Motorsports, together

with costs of this action.

Dated: 12/19/06

Jack Brady
KSR Motorsports
P.O.BOX 1701
Paoli,Pa 19301
484-319-1118

# EXHIBIT A

# RELEASE AND WAIVER OF LIABILITY,
## ASSUMPTION OF RISK AND INDEMNITY AGREEMENT,

_Blue Diamond_                                          _July 3rd 2004_

DESCRIPTION AND LOCATION OF SCHEDULED EVENT(S)                    DATE RELEASE SIGNED

IN CONSIDERATION of being permitted to compete, officiate, observe, work for, or participate in any way in the EVENT(S) or being permitted to enter for any purpose any RESTRICTED AREA (defined as any area requiring special authorization, credentials, or permission to enter or any area to which admission by the general public is restricted or prohibited), I, THE UNDERSIGNED, for myself, my personal representatives, heirs, and next of kin:

1.  Am a driver, mechanic, pitcrew or other team member, or other participant engaged in racing, and I am not participating in the EVENT(S) or entering the RESTRICTED AREA for recreational purposes.

2.  Acknowledge, agree, and represent that I have or will immediately upon entering any of such RESTRICTED AREAS, and will continuously thereafter, inspect the RESTRICTED AREAS which I enter, and I further agree and warrant that, if at any time, I am in or about RESTRICTED AREAS and I feel anything to be unsafe, I will immediately advise the officials of such and if necessary will leave that RESTRICTED AREA.

3.  HEREBY RELEASE, WAIVE, DISCHARGE AND COVENANT NOT TO SUE the promoters, participants, racing associations, sanctioning organizations or any subdivision thereof, track operators, track owners, officials, car owners, drivers, pit crews, rescue personnel, any persons in any RESTRICTED AREA, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the EVENT(S), premises and event inspectors, surveyors, underwriters, consultants and others who give recommendations, directions, or instructions or engage in risk evaluation or loss control activities regarding the premises or EVENT(S) and each of them, their directors, officers, agents and employees, all for the purposes herein referred to as "Releasees," FROM ALL LIABILITY TO THE UNDERSIGNED, my personal representatives, assigns, heirs, and next of kin FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY OR RESULTING IN DEATH OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

4.  HEREBY AGREE TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them FROM ANY LOSS, LIABILITY, DAMAGE, OR COST they may incur arising out of or related to the EVENT(S) WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

5.  HEREBY ASSUME FULL RESPONSIBILITY FOR ANY RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE arising out of or related to the EVENT(S) whether caused by the NEGLIGENCE OF RELEASEES or otherwise.

6.  HEREBY acknowledge that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve the risk of serious injury and/or death and/or property damage. I, THE UNDERSIGNED, also expressly acknowledge that INJURIES RECEIVED MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT RESCUE OPERATIONS OR PROCEDURES OF THE RELEASEES.

7.  HEREBY agree that this Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement extends to all acts of negligence by the Releasees, INCLUDING NEGLIGENT RESCUE OPERATIONS and is intended to be as broad and inclusive as is permitted by the laws of the Province or State in which the Event(s) is/are conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

I HAVE READ THIS RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT, FULLY UNDERSTAND ITS TERMS, UNDERSTAND THAT I HAVE GIVEN UP SUBSTANTIAL RIGHTS BY SIGNING IT, AND HAVE SIGNED IT FREELY AND VOLUNTARILY WITHOUT ANY INDUCEMENT, ASSURANCE OR GUARANTEE BEING MADE TO ME AND INTEND MY SIGNATURE TO BE A COMPLETE AN UNCONDITIONAL RELEASE OF ALL LIABILITY TO THE GREATEST EXTENT ALLOWED BY LAW.

## ALL SECTIONS MUST BE COMPLETED.

| PRINT NAME HERE | SIGN NAME HERE | DUTIES |
|---|---|---|
| _Bailey Hollison_ | I HAVE READ THIS RELEASE _ckes_ | _2nd Kras_ |
| _Mel Crandlay_ | I HAVE READ THIS RELEASE _266_ | _Send Dog_ |
| _Stephan Littler_ | I HAVE READ THIS RELEASE _267_ | _Can Drag_ |
| _Gene Hollison_ | I HAVE READ THIS RELEASE _268_ | _Sand Drags_ |
| | I HAVE READ THIS RELEASE _269_ | |

_____
SIGNATURE AND TITLE OF WITNESS                              ADDRESS OF WITNESS

CL-23NY (4/98)

# EXHIBIT B



# SAND DRAG GENERAL RULES

1. Entry fee of $35 will admit racing vehicle, driver and one pit crew member. Any additional person entering the pits will be charged $10. ARM BANDS MUST BE WORN AT ALL TIMES.

2. Anyone under the age of 18 must have parental permission with signature to race.

3. Everyone will sign a release form prior to event. Anyone under the age of 18 must have parental signature on realse form.

4. Participating vehicles must be teched and ready to race 1 hour prior to show time.

5. All vehicles will remain in the pits until directed. Any race vehicles that leaves the pit area without permission will be disqualified for that event and will forfeit entry fee.

6. ABSOLUTELY NO ALCOHOLIC BEVERAGES WILL BE ALLOWED IN THE PIT AREA PRIOR TO OR DURING SHOW TIMES. ANY OWNER, DRIVER OR PIT CREW FOUND DRINKING WILL BE DISQUALIFIED AND WILL FORFEIT ENTRY FEE.

7. ANY DRIVER WHO IS OBSERVED TO BE INTOXICATED BEFORE THE SHOW WILL BE ASKED TO LEAVE AND WILL FORFEIT ENTRY FEE.

8. Any protest must be heard by the end of the event. All decisions made by KSR Motor Sports are final - no exceptions.

9. Driver and crew attire are highly recommended.

10. All children must be in the grandstands 1 hour before the event starts.

11. Drivers and crew members only are allowed on the track and/or in the pit area during the show - NO EXCEPTIONS.

12. Driving to or returning from the track you MUST be at an idle (or as close to an idle as possible). NO EXCEPTIONS, NO WARNINGS - YOU WILL BE DISQUALIFIED AND ENTRY FEES WILL BE FORFEITED.

13. No fighting or disorderly conduct will be tolerated.

# EXHIBIT C

# RELEASE AND WAIVER OF LIABILITY,
## ASSUMPTION OF RISK AND INDEMNITY AGREEMENT

*Blue Diamond*                                         *7/3/04*

DESCRIPTION AND LOCATION OF SCHEDULED EVENT(S)                    DATE RELEASE SIGNED

IN CONSIDERATION of being permitted to compete, officiate, observe, work for, or participate in any way in the EVENT(S) or being permitted to enter for any purpose any RESTRICTED AREA (defined as any area requiring special authorization, credentials, or permission to enter or any area to which admission by the general public is restricted or prohibited), I,THE UNDERSIGNED, for myself, my personal representatives, heirs, and next of kin:

1.   Am a driver, mechanic, pitcrew or other team member, or other participant engaged in racing, and I am not participating in the EVENT(S) or entering the RESTRICTED AREA for recreational purposes.

2.   Acknowledge, agree, and represent that I have or will immediately upon entering any of such RESTRICTED AREAS, and will continuously thereafter, inspect the RESTRICTED AREAS which I enter, and I further agree and warrant that, if at any time, I am in or about RESTRICTED AREAS and I feel anything to be unsafe, I will immediately advise the officials of such and if necessary will leave that RESTRICTED AREA.

3.   HEREBY RELEASE,WAIVE, DISCHARGE AND COVENANT NOT TO SUE the promoters, participants, racing associations, sanctioning organizations or any subdivision thereof, track operators, track owners, officials, car owners, drivers, pit crews, rescue personnel, any persons in any RESTRICTED AREA, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the EVENT(S), premises and event inspectors, surveyors, underwriters, consultants and others who give recommendations, directions, or instructions or engage in risk evaluation or loss control activities regarding the premises or EVENT(S) and each of them, their directors, officers, agents and employees, all for the purposes herein referred to as "Releasees," FROM ALL LIABILITY TO THE UNDERSIGNED, my personal representatives, assigns, heirs, and next of kin FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY OR RESULTING IN DEATH OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

4.   HEREBY AGREE TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them FROM ANY LOSS, LIABILITY, DAMAGE, OR COST they may incur arising out of or related to the EVENT(S) WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

5.   HEREBY ASSUME FULL RESPONSIBILITY FOR ANY RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE arising out of or related to the EVENT(S) whether caused by the NEGLIGENCE OF RELEASEES or otherwise.

6.   HEREBY acknowledge that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve the risk of serious injury and/or death and/or property damage. I,THE UNDERSIGNED, also expressly acknowledge that INJURIES RECEIVED MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT RESCUE OPERATIONS OR PROCEDURES OF THE RELEASEES.

7.   HEREBY agree that this Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement extends to all acts of negligence by the Releasees, INCLUDING NEGLIGENT RESCUE OPERATIONS and is intended to be as broad and inclusive as is permitted by the laws of the Province or State in which the Event(s) is/are conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

I HAVE READ THIS RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT, FULLY UNDERSTAND ITS TERMS, UNDERSTAND THAT I HAVE GIVEN UP SUBSTANTIAL RIGHTS BY SIGNING IT, AND HAVE SIGNED IT FREELY AND VOLUNTARILY WITHOUT ANY INDUCEMENT, ASSURANCE OR GUARANTEE BEING MADE TO ME AND INTEND MY SIGNATURE TO BE A COMPLETE AN UNCONDITIONAL RELEASE OF ALL LIABILITY TO THE GREATEST EXTENT ALLOWED BY LAW.

ALL SECTIONS MUST BE COMPLETED.

| PRINT NAME HERE | SIGN NAME HERE | | DUTIES |
|---|---|---|---|
| *Ken Vrenson* | *I HAVE READ THIS RELEASE* | | *Bouncer* |
| *Sergio Dalimson* | *I HAVE READ THIS RELEASE* | | *Bouncer* |
| *Joel Shoemate* | *I HAVE READ THIS RELEASE* | 3/4 | *Vic 9* |
| *Kal Shoemate* | *I HAVE READ THIS RELEASE* | 3/5 | *1* |
| *Gary Shoemate* | *I HAVE READ THIS RELEASE* | 3/6 | *1* |
| *Neal Short* | *I HAVE READ THIS RELEASE* | 3/7 | *4* |
| *Ruth Shephardt* | *I HAVE READ THIS RELEASE* | | |
| *Florence Shoemaker* | *I HAVE READ THIS RELEASE* | 338 | |

SIGNATURE AND TITLE OF WITNESS                              ADDRESS OF WITNESS