IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | C.A. No. 06-159 SLR |
| ) | |
| NEAL SHOEMAKER, an individual,) | TRIAL BY JURY DEMANDED |
| BLUE DIAMOND, LLC, a Delaware ) | |
| corporation, HOUGHTONS ) | |
| AMUSEMENT PARK, LLC, a ) | |
| Delaware corporation JACK ) | |
| BRADY, individually and d/b/a ) | |
| KSR MOTOR SPORTS, BENCHMARK ) | |
| BUILDERS, INC. a Delaware ) | |
| corporation, and PARKWAY ) | |
| GRAVEL, a Delaware ) | |
| corporation, ) | |
| ) | |
|     Defendants. ) | |

**<u>REPLY BRIEF OF DEFENDANTS</u>**
**<u>BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC.,</u>**
**<u>IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

 

**AKIN & HEBRON, P.A.**
<u>/s/Roger A. Akin</u>
Roger A. Akin, Esquire
Bar No. 395
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806
(302) 427-6987
Attorney for Defendants
Blue Diamond, LLC and
Parkway Gravel, Inc.

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Citations | ii |
| Statement of Facts | iii |
| Argument | 2 |
| I. SUMMARY JUDGMENT STANDARD | 2 |
| II. THE INJURY THE PLAINTIFF SUFFERED IS THE RESULT OF A FORESEEABLE RISK OF INJURY THAT PLAINTIFF ASSUMED AND UNDERSTOOD WHEN SIGNING THE VALID GENERAL RELEASE. | 3-8 |
| III. THE PLAINTIFF, IN LIGHT OF HIS KNOWLEDGE OF THE RISKS INVOLVED, ASSUMED THE RISK OF HIS PRESENCE AT THE BLUE DIAMOND FACILITY AND AS A PARTICIPANT IN THE MUD DRAG RACING ACTIVITY WHO CARELESSLY FAILED TO MAINTAIN A PROPER LOOKOUT AS HE WALKED AMONG THE MOVING MUD DRAGSTER CARS. | 9-10 |
| Conclusion | 11 |

**TABLE OF CITATIONS**

Cases                                                                Pages

Berrios v. Wilkinson Match (USA), Inc. ..............  10
    Del. Super., C.A. No. 82C-AU-80, Bifferato, J. (10/26/83)

Celotex Corp. V. Catrett .........................  2
    477 U.S. 317 (1986)

Chakov v. Outboard Marine Corp. ....................  3
    429 A.2d 984 (1981)

Hallman v. Dover Downs, Inc. .......................  4,5,6,7
    D. Del., C.A. No. 85-618-CMW, Wright, J. (12/31/86)

Hollerman v. Hicks .................................  3
    Del. Super., C.A. 95C-06-027, Terry, J. (4/8/97)

J.A. Jones Const. Co. v. City of Dover .............  7
    372 A.2d 540 (1997)

Johnson v. Hockessin Tractor, Inc. .................  11
    420 A.2d 154 (1980

Judge Trucking Co. V. Estate of Cooper .............  4
    C.A. No. 92C-03-041, Graves, J. (9/29/94)

McDonough v. National Off-Road Bicycle Assn. ........  3
    D. Del., C.A. No. 95-504-SLR, Robinson, J. (6/2/97)

Moore v. Sizemore ..................................  2
    405 A.2d 679 (Del. 1979)

State v. Wolcott ...................................  10
    83 A.2d 759 (1951)

Tucker v. Albun, Inc. ..............................  3,7
    Del. Super., C.A. 97C-04-025, Lee, J. (9/27/99)

Wotten v. Kiger ....................................  11
    226 A.2d 238 (1967)

Yankanwich v. Wharton ..............................  10
    460 A.2d 1326 (1983)

TABLE OF AUTHORITIES

Restatement (Second) of Torts § 463 ................  10

**STATEMENT OF FACTS**

No employee of Blue Diamond or Parkway Gravel was involved in any capacity with the mud drag-racing vehicles at the time of the accident that caused the plaintiff's injury. (Deposition Transcript of Delbert E. Rollison at Defendants' Appendix to Reply Brief A-1-2; Deposition of Neal Shoemaker at Defendants' Appendix to Reply Brief A-3-6.)

Defendant Jack Brady, d/b/a KSR Motor Sports, has consistently ignored the rules of this Court and has resisted providing any discovery to the other parties in this case since its inception. Defendant Jack Brady will be deposed pursuant to the direction of the Court in the office of undersigned counsel on January 3, 2007. Defendants Blue Diamond and Parkway Gravel herein file this reply brief in accordance with the Court's applicable briefing rules and timelines, while also reserving the right to supplement their briefing following the deposition and other discovery from Defendant Brady.

## ARGUMENT

**I.   SUMMARY JUDGMENT STANDARD**

Summary judgment in this case is appropriate because the plaintiff has failed to establish the existence of a material fact. Fed. R. Civ. P. 12 (b)(6). While the defendants have identified portions of the record that demonstrate the absence of issues of material of fact, the plaintiff, the non-moving party, has rested on his own pleadings and has not pointed to evidence that supports his claim that summary judgment is inappropriate. See <u>Moore v. Sizemore</u>, 405 A.2d 679, 680-81 (Del. 1979); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). As such, summary judgment should be granted.

**II. THE INJURY THE PLAINTIFF SUFFERED IS THE RESULT OF A FORESEEABLE RISK OF INJURY THAT PLAINTIFF ASSUMED AND UNDERSTOOD WHEN SIGNING HIS VALID GENERAL RELEASE.**

The general release that plaintiff signed was unambiguous, conscionable and does not violate public policy. Tucker v. Albun, Inc., Del. Super., C.A. 97C-04-025, Lee, J., (Sept. 27, 1999) (Memo. Op.) (See Defendants' Opening Brief Appendix at Tab B) Citing Chakov v. Outboard Marine Corp., Del. Supr., 429 A.2d 984, 985 (1981) Id.); Hollerman v. Hicks, Del. Super., C.A. 95C-06-027, Terry, J., (April 8, 1997) (Opinion). (Appendix to Def. Reply Brief at 10-13) By signing the unambiguous, conscionable general release that is not inconsistent with public policy, the plaintiff assumed all known and unknown risks of the activity of mud-drag racing. The risks clearly include the risk of being injured by the actions of other individuals, one who was steering and one who was "pushing" the dragster car that ultimately struck the plaintiff while it was being moved to the staging area shortly before the drag-racing event started. See Tucker, supra at *2, citing, McDonough v. National Off-Road Bicycle Ass., D. Del., C.A. No. 95-504-SLR, Robinson, J. (June 2, 1997) (Mem. Op.) (Id.) (Appendix to Def. Reply Brief at 14-18)("Through a release, a person may assume all known or unknown risks in a particular situation.").

### A. The General Release That Plaintiff Signed Is Clear and Unambiguous.

To determine whether a release is clear and unambiguous, the intent of the parties as to the scope and effect of the release is controlling. Hallman v. Dover Downs, Inc., D.Del., C.A. No. 85-618-CMW, Wright, J. (Dec. 31, 1986) (See Defendants' Opening Brief Appendix at Tab B). The intent of the parties is ascertained from the overall language of the general release. See Id. Where the language of the release is clear and unambiguous, the release will not lightly be set aside. Judge Trucking Co. v. Estate of Cooper, C.A. No. 92C-03-041, Graves, J. (Sept. 29, 1994) (Mem. Op.) at 8. Id. (See Defendants' Opening Brief Appendix at Tab B).

Plaintiff likens his injuries to those of the Hallman plaintiff, which were held by the court to have been unforeseeable. However, unlike the plaintiff in this case, the Hallman plaintiff was the spectator of an activity – not an activity participant. The Hallman general release contemplated the release of liability for injuries resulting from the foreseeable risks of car racing. But the Hallman plaintiff was injured by falling when a fence railing gave way. The broken fence was determined to be the result of negligent property maintenance by Dover Downs International Speedway. Plaintiff's injuries were not due to the activity of car racing. Moreover,

the Hallman plaintiff testified that he understood the release and understood the risks of the race involving fast cars on a race track and other related dangers. But he did not understand that he was releasing the speedway grounds and buildings from liability for injuries caused by poor maintenance. Hallman, supra, at 6-7. There was apparently a fundamental lack of understanding by both parties as to the nature and extent of the release.

In contrast, the injuries in the case at bar uncontrovertedly resulted from the pre-race movement of the competing vehicles to a staging area. Moving a car in a restricted racing area is an associated risk of racing. The release here explicitly encompasses any race-related activity by any of the race participants "whether caused by the negligence of the releasees or otherwise." (Def. App. at 8-24). The plaintiff's intent is patent through his testimony that he clearly understood the terms and the language of the release and that, by signing the release, he was releasing other drivers and crew members as well as moving defendants from liability for race-related activity. Id.

Plaintiff's assertion that a "pre-adolescent being allowed to drive" was not a contemplated risk is not persuasive. The argument is an attempt to conveniently misconstrue an otherwise clear and clearly understood release. Plaintiff overlooks the

5

fact that the "pre-adolescent" was, in fact, a race-activity participant within the scope and contemplation of the general release that plaintiff signed.  The minor defendant Travis Shoemaker was a member of his father's mud-dragster racing team.

Accordingly, the release was clear and unambiguous.

> **B.  The Act of Negligence That Resulted in Plaintiff's Injury Was Incurred as a Result of a Foreseeable Risk Within the Scope of Activities Covered by the General Release.**

A release is unconscionable only if the signor has no choice but to sign the release and when the release does not relate to the harm involved.  Hallman v. Dover Downs, Inc., supra, at 9-10.

In Hallman, the plaintiff, a reporter, was required to sign a release in order to perform his job as a reporter.  Id. at 9.  His release did not relate to the harm which in fact occurred.  "An uncontrollable car may be a foreseeable risk, but a defective structure is not."  Id. at 10.  As such, the release in Hallman was found unconscionable.

Here, the plaintiff wishes to obviate the general release based upon the fact that the plaintiff was hit by a vehicle steered by a minor during a planned pre-race activity.  However, the plaintiff cites no law supporting the proposition that injury caused by a young race-participant will negate the effect of a general release signed by an injured party.  Further, the injury

was not caused by an "unanticipated act of negligence," as the plaintiff argues. A pre-race activity is a "related event" as contemplated by the general release. The injury was caused by negligence during the "related event." Thus, plaintiff's injury is covered by the scope of a release.

The general release bore a clear relation to the risk involved and the risk that materialized and caused plaintiff's injury. Accordingly, the general release is not unconscionable.

### C. The General Release That Plaintiff Signed Does Not Violate Public Policy.

The release language is clear in its intent to absolve the defendants of liability for the very occurrence that resulted in plaintiff's injury. The release explicitly states that the signor "release[s], waive[s], discharge[s]" and makes a "covenant not to sue . . . track operators, track owners . . . [or] owners . . . FROM ALL LIABILITY . . . . ON ACCOUNT OF INJURY . . . ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE." (Def. App. at 7). Plaintiff, having signed the release, or is deemed to have understood the release's terms and gave up substantial rights by signing it, and guaranteed that his signature would be a "COMPLETE AN [sic] UNCONDITIONAL RELEASE OF ALL LIABILITY TO THE GREATEST EXTENT . . . ." (Id.) Accordingly, the release does not violate public policy. Tucker, supra at 3 (citing Hallman, supra at 12; J.A. Jones Const. Co. v. City of Dover, Del. Super., 372 A.2d 540, 553 (1997)).

7

Plaintiff's injury was sustained as the result of a mud drag-racing activity at the hands of two event participants - Neal Shoemaker and the minor Travis Shoemaker.  The fact that a child steered the vehicle that struck the plaintiff does not render the release invalid.  The child was a race participant and he and his father were participating in a race-related activity at the time of the accident.  Moreover, no employee of Blue Diamond was involved with the vehicles at the moment of the accident.  (Appendix to Def. Reply Brief at 1-2).  In fact, no principal, employee or agent of either defendant Blue Diamond or Parkway was involved in any way with the access to the "staging area" nor direction or security of vehicles or the accident that caused injury to the plaintiff. Accordingly, even if the general release were determined by this Court not to  absolve the defendants' liability created by *their own* actions, the defendants are still entitled to summary judgment because they played no part whatsoever in causing plaintiff's injuries.

Furthermore, the scope of the release, "intended to be "broad and inclusive" is clear.  In signing the release, plaintiff released, waived, discharged and made a covenant not to sue defendants "FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY . . . ARISING OUT OF OR RELATED TO THE EVENT(S) . . . ." (Id.).  He also agreed to assume full responsibility for any risk of bodily

injury. (Id.) The release clearly applied, inter alia, to all "promoters...track operators, track owners...owners and lessees of the premises..." Id.

The scope of the release is clear. It applies to this incident. Plaintiff understood the scope of the release which was addressed the activity in which he was about to engage. Thus, the release does not violate public policy.

**III. THE PLAINTIFF, IN LIGHT OF HIS KNOWLEDGE OF THE RISKS INVOLVED, ASSUMED THE RISK OF HIS PRESENCE AT THE BLUE DIAMOND FACILITY AND AS A PARTICIPANT IN THE MUD DRAG RACING ACTIVITY WHO CARELESSLY FAILED TO MAINTAIN A PROPER LOOKOUT AS HE WALKED AMONG THE MOVING MUD DRAGSTER CARS.**

Plaintiff has failed to demonstrate the existence of a genuine issue of material fact with respect to the affirmative defenses of contributory negligence or assumption of the risk.  This Court may grant the defendants' request for summary judgment accordingly.  See Berrios v. Wilkinson Match (USA), Inc., Del. Super., C.A. No. 82C-AU-80, Bifferato, J. (Oct. 26, 1983) (Appendix to Def. Reply Brief at 7-9) (at *2, citing State v. Wolcott, Del. Supr., 83 A.2d 759 (1951).  Contributory negligence is "conduct on the part of a plaintiff which fails to meet the [objective] standard of conduct a reasonable man would conform to for his own protection, and which cooperates with the negligence of the defendant to bring about the plaintiff's injury."  Restatement (Second) of Torts § 463.  Assumption of the risk is judged by a subjective standard and occurs when a plaintiff "knows of the existence of risk, appreciates the danger of it and nevertheless does not avoid it." Berrios, supra, citing Yankanwich v. Wharton, Del. Supr., 460 A.2d 1326, 1330 (1983) (additional citations omitted).

"Though the application of these two defenses requires viewing conduct under different governing standards, a single act by a plaintiff may amount to both assumption of the risk and contributory negligence."  Berrios, supra.  Ordinarily these defenses are evaluated by a trier of fact.  But "if the undisputed

10

facts are such that a reasonable juror could only draw one conclusion, [then] summary judgment is appropriate." <u>Wootten v. Kiger</u>, Del. Supr., 226 A.2d 238 (1967); <u>Johnson v. Hockessin Tractor, Inc.</u>, Del. Supr., 420 A.2d 154 (1980).

In this case, the defendant agreed that drag racing is a dangerous activity. (Def. App. at A-7, A-22). Likewise, he acknowledged that the activities performed in conjunction with the race were also dangerous. (Def. App. at A-7, A-22). The plaintiff suggests there should be an inference of the defendants' negligence. But there is no evidence of negligence on the part of Blue Diamond or Parkway Gravel. Plaintiff cites to none. The plaintiff knew the risks of his activity and continued to participate in the activity. Accordingly, there remain no issues of material fact with regard to plaintiff's contributory negligence and assumption of the risk.

## **CONCLUSION**

**WHEREFORE**, for the reasons stated herein, defendants Blue Diamond, LLC and Parkway Gravel, Inc. respectfully request that summary judgment be entered on their behalf as to all claims asserted in Plaintiff's Complaint, as well as all cross-claims asserted against them.

                                        **AKIN & HEBRON, P.A.**
                                        /s/Roger A. Akin
                                        Roger A. Akin, Esquire
                                        Bar No. 395
                                        1500 Shallcross Avenue
                                        Suite 1-A
                                        Wilmington, DE 19806
                                        (302) 427-6987
                                        Attorney for Defendants
                                        Blue Diamond, LLC and
                                        Parkway Gravel, Inc.

Dated: December 21, 2006

```
                  IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF DELAWARE

DELBERT E. ROLLISON,            )
                                )
     Plaintiff,                 )
                                )
     v.                         )    C.A. No. 06-159 SLR
                                )
NEAL SHOEMAKER, an individual,  )    TRIAL BY JURY DEMANDED
BLUE DIAMOND, LLC, a Delaware   )
corporation, HOUGHTONS          )
AMUSEMENT PARK, LLC, a          )
Delaware corporation JACK       )
BRADY, individually and d/b/a   )
KSR MOTOR SPORTS, BENCHMARK     )
BUILDERS, INC. a Delaware       )
corporation, and PARKWAY        )
GRAVEL, a Delaware              )
corporation,                    )
                                )
     Defendants.                )
```

## CERTIFICATE OF SERVICE

I, **HEREBY CERTIFY** that on this 21st day of December, 2006, a copy of the **REPLY BRIEF OF DEFENDANTS BLUE DIAMOND, LLC AND PARKWAY GRAVEL, INC. IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was mailed first class to the following party:

Jack Brady
P.O. Box 1701
Paoli, PA 19301

and was electronically filed with the Clerk of the Court using CM/ECF which will send notifications of such filing(s) to counsel listed below: served via Lexis/Nexis File upon the following counsel:

| | |
|---|---|
| Arthur M. Krawitz, Esquire<br>Matthew R. Fogg, Esquire<br>Doroshow, Pasquale,<br>Krawitz & Bhaya<br>1202 Kirkwood Highway<br>Wilmington, DE 19805 | Colin M. Shalk, Esquire<br>Casarino, Christman & Shalk<br>800 North King Street<br>Suite 200<br>P.O. Box 1276<br>Wilmington, DE 19899 |

Sherry R. Fallon, Esquire
Tybout, Redfearn & Pell
750 South Madison Street
Suite 400
Wilmington, DE 19801

                                      **AKIN & HEBRON, P.A.**
                                      /s/Roger A. Akin
                                      Roger A. Akin, Esquire
                                      Bar No. 395
                                      1500 Shallcross Avenue
                                      Suite 1-A
                                      Wilmington, DE 19806
                                      (302) 427-6987
                                      Attorney for Defendants
                                      Blue Diamond, LLC and
                                      Parkway Gravel, Inc.