# AKIN & HERRON, P.A.
### ATTORNEYS AT LAW

ROGER A. AKIN

BRUCE C. HERRON

1500 SHALLCROSS AVENUE
SUITE 1-A
WILMINGTON, DELAWARE 19806

(302) 655-5552
(302) 655-3697 FAX

Writer's Direct Dial
(302) 427-6989

www.rabhlaw.com

E-Mail
raa@rabhlaw.com

March 6, 2007

**VIA ELECTRONIC FILING & FIRST CLASS MAIL**
Honorable Sue L. Robinson
U. S. District Judge
United States District Court
844 King Street, Lockbox 31
Wilmington, DE 19801

      **RE:  Rollison v. Shoemaker, et al.**
            **C. A. No. 06-159-SLR**

Dear Judge Robinson:

    This firm represents defendants Blue Diamond LLC and Parkway Gravel in the above-captioned action.  On behalf of our clients, we have a Motion for Summary Judgment now briefed and pending in the Court.

    Enclosed with this letter Your Honor will find a courtesy copy of a Motion for Sanctions which we have electronically filed on this date on behalf of our clients and against co-defendant Jack Brady d/b/a KSR Motor Sports.

    U. S. Magistrate Judge Thynge recently convened a mediation conference in this matter.  Judge Thynge requested that we also inform her when and if such a motion were to be filed.  I am therefore respectfully copying Judge Thynge with this letter and its enclosure as well.

    Thank you.

                          Respectfully submitted,

                           /s/ Roger A. Akin
                           Roger A. Akin

RAA:tad
Enclosure
cc:   Hon. Mary Pat Thynge, U. S. Magistrate Judge (w/encl.)(first class mail)
       Clerk of the Court (via first class mail)
       Matthew R. Fogg, Esquire (via electronic filing)
       Colin M. Shalk, Esquire (via electronic filing)
       Sherry Ruggiero Fallon, Esquire (via electronic filing)
       Jack Brady (w/encl.) (First Class Mail)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>NEAL SHOEMAKER, an individual,)<br>BLUE DIAMOND, LLC, a Delaware )<br>corporation, HOUGHTONS )<br>AMUSEMENT PARK, LLC, a )<br>Delaware corporation JACK )<br>BRADY, individually and d/b/a )<br>KSR MOTOR SPORTS, BENCHMARK )<br>BUILDERS, INC. a Delaware )<br>corporation, and PARKWAY )<br>GRAVEL, a Delaware )<br>corporation, )<br>)<br>    Defendants. ) | C.A. No. 06-159 SLR<br><br>TRIAL BY JURY DEMANDED |

**MOTION OF DEFENDANTS PARKWAY GRAVEL AND
BLUE DIAMOND FOR SANCTIONS AGAINST DEFENDANT
JACK BRADY d/b/a KSR MOTOR SPORTS PURSUANT TO
FED. R. CIV. P. 16(f) and 37(b)**

**COME NOW** defendants Parkway Gravel and Blue Diamond LLC, by and through their undersigned counsel, and which defendants respectfully move that this Court enter an Order imposing certain sanctions upon defendants Jack Brady d/b/a KSR Motor Sports; and, wherefore, in support of their motion, defendants represent the following:

1. The instant litigation was filed in March, 2006.

1

2. Defendants Jack Brady d/b/a KSR Motor Sports was properly served with process on or about March 15, 2006, yet failed to timely file an answer or to otherwise responsively plead to the Complaint and failed to make mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

3. On or about May 8, 2006, plaintiff moved for a default judgment against defendant Brady for failure to respond to the Complaint.

4. A telephonic scheduling conference was convened on May 24, 2006, yet defendant Brady failed and refused to participate therein.

5. In an Order dated May 24, 2006, the Court ordered defendant Brady to show cause why default judgment should not be entered against him on or before April 4, 2006.

6. On or about June 6, 2006, plaintiff noticed the deposition of defendant Jack Brady for June 29, 2006, which notice was thereafter vacated by plaintiff's counsel.

7. On June 26, 2006 the United States Magistrate Judge entered an Order scheduling a mandatory mediation conference for February 27, 2007.

8. On July 12, 2006 the Clerk of the Court entered a default in appearance against defendant Brady pursuant to Fed. R. Civ. P. 55(a) for failure to respond to the Complaint and for failure to respond to the show cause Order of the Court.

9. On September 21, 2006 undersigned counsel noticed the deposition of defendant Brady *ad testificandum* and *duces tecum* for November 16, 2006.  Thereafter defendant Brady failed and refused to appear for his deposition on the noticed date.

10. On November 14, 2006 the Court entered an Order scheduling a default hearing on December 14, 2006 with respect to defendant Brady as a result of Brady's default in appearance.

11. During the aforementioned default hearing on December 14, 2006 the Court ordered defendant Brady to appear for his deposition at the offices of undersigned counsel on January 3, 2007.

12. Defendant Brady filed an Answer to the Complaint on or about December 19, 2006, nine months after the filing of this action.

13. On February 13, 2007 the U. S. Magistrate Judge convened a teleconference to discuss the scheduled mediation conference and related matters.  Defendant Brady failed and refused to participate in said teleconference.

14. On February 26, 2007 the U. S. Magistrate Judge convened a required mediation conference for all counsel and parties. Defendant Brady failed and refused to attend said conference without seeking to be excused from personal attendance.  Nor did defendant Brady submit a confidential mediation statement to the U. S. Magistrate Judge in conjunction with those proceedings.

15. Defendant Brady has demonstrated wilful, flagrant and persistent violations of the Orders and the Rules of this Court. His refusal to timely provide discovery and to cooperate in the scheduling of his deposition have caused inconvenience and prejudice to moving defendants.  His failure and refusal to participate in the required mediation proceedings have frustrated the ability of the U. S. Magistrate Judge to conduct a complete and meaningful alternative dispute resolution hearing.

16. The Court may enter sanctions against a party-litigant who fails to obey an Order entered pursuant to Fed. R. Civ. P. 26(f).  Fed. R. Civ. P. 37(b)(2).  Fed. R. Civ. P. 26(f) requires that parties comply with Orders of the Court entered pursuant to Fed. R. Civ. P. 16.  Under Fed. R. Civ. P. 16(c)(9), the Court may, in its discretion, schedule and order the parties and counsel to attend conferences for purposes of fostering settlement and resolving disputes.

17. Failure of a party to participate in such conferences may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(B)-(D).  Under those provisions of Rule 37, the Court may impose, inter alia, the sanctions of preclusion of the introduction of certain matters into evidence at trial, a judicial finding of contempt, and the entry of a judgment by default against a disobedient party.

**WHEREFORE**, defendants Blue Diamond and Parkway Gravel pray that this Honorable Court enter a judgment by default against defendant Jack Brady d/b/a KSR Motor Sports and further order such relief as may be just and equitable under the circumstances.

                                            **AKIN & HERRON, P.A.**

                                            /s/Roger A. Akin
                                            Roger A. Akin, Esquire
                                            Bar No. 395
                                            1500 Shallcross Avenue
                                            Suite 1-A
                                            Wilmington, DE 19806
                                            (302) 427-6987
                                            Attorney for Defendants
                                            Blue Diamond, LLC and
                                            Parkway Gravel, Inc.

Dated: March 6, 2007

H:\tmw5\data\files\Docs\3651.041\MOT\7002.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON,           )<br>                               )<br>    Plaintiff,                 )<br>                               )<br>    v.                         )<br>                               )<br>NEAL SHOEMAKER, an individual,)<br>BLUE DIAMOND, LLC, a Delaware )<br>corporation, HOUGHTONS        )<br>AMUSEMENT PARK, LLC, a        )<br>Delaware corporation JACK     )<br>BRADY, individually and d/b/a )<br>KSR MOTOR SPORTS, BENCHMARK   )<br>BUILDERS, INC. a Delaware     )<br>corporation, and PARKWAY      )<br>GRAVEL, a Delaware            )<br>corporation,                  )<br>                               )<br>    Defendants.                ) | C.A. No. 06-159 SLR<br><br>TRIAL BY JURY DEMANDED |

**<u>ORDER</u>**

The motion of defendants Blue Diamond LLC and Parkway Gravel against defendant Jack Brady for sanctions having been read and considered, the parties and counsel having been heard thereon, and there appearing good cause so to do,

**IT IS HEREBY ORDERED** this ____day of _____, 2007, that the following sanctions are hereby imposed against defendant Jack Brady d/b/a KSR Motor Sports:

<br><br>

_____
Hon. Sue L. Robinson
U. S. District Judge