

Law Offices
DOROSHOW
PASQUALE
KRAWITZ
& BHAYA

March 30, 2007

VIA E-FILING
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

    RE:  **Delbert Rollison v. Neal Shoemaker, et. al.**
        C.A. No.: 06-159 SLR

Dear Judge Robinson:

  Attached, please find a copy of the Joint Proposed Pre-Trial Order. A Pre-Trial Conference is scheduled before Your Honor on Wednesday, April 4, 2007 at 4:30 p.m.

  A Stipulation of Dismissal is being circulated with respect to defendant, Houghton Amusement Park, LLC. Colin Shalk, Esquire has not signed or reviewed this document and Mr. Shalk has sent correspondence to the Court.

  Sherry R. Fallon, Esquire is out-of-town this week. While her submissions are contained in the proposed Pre-Trial Order, Ms. Fallon has not had the opportunity to object to submissions of any other party. Furthermore, her signature is not contained on the document.

  The parties have not heard from defendant, Jack Brady. A Motion is presently pending before the Court with respect to Mr. Brady. Therefore, Mr. Brady's portions of the Pre-Trial Order are not contained herein and he has not signed this document.

  Should Your Honor wish to discuss this matter further, please feel free to contact me.

           Respectfully Submitted,

           MATTHEW R. FOGG

cc: Sherry R. Fallon, Esquire
   Roger A. Akin, Esquire
   Colin M. Shalk, Esquire
   Jack Brady
   Delbert Rollison

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELBERT E. ROLLISON, | : |
| | :    **C.A. No.: 06-159 SLR** |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| NEAL SHOEMAKER, as parent and legal | :    **JURY OF SIX DEMANDED** |
| guardian of T. S., NEAL SHOEMAKER, | : |
| individually, T. S., individually, BLUE | : |
| DIAMOND, LLC, a Delaware corporation, | : |
| HOUGHTONS AMUSEMENT PARK, | : |
| LLC, a Delaware corporation, JACK | : |
| BRADY, individually and d/b/a KSR | : |
| MOTOR SPORTS, and PARKWAY | : |
| GRAVEL, a Delaware corporation, | : |
| | : |
| Defendants. | : |

**JOINT PROPOSED PRETRIAL ORDER**

NOW COME the parties, by and through undersigned counsel, pursuant to Fed.R.Civ.P.16 and D. Del.L.R. 16.4(d), who hereby submit the proposed pretrial order as follows:

**(1)**    **THE NATURE OF THE ACTION**

     **A.**    **Plaintiff's Statement:**

This is a negligence action filed by Delbert Rollision. Mr. Rollison seeks damages from defendants, Neal Shoemaker, T.S., a minor, Blue Diamond, LLC, Parkway Gravel, and Jack Brady d/b/a KSR Motorsports as a result of injuries sustained by Mr. Rollison at Blue Diamond Park in New Castle, Delaware on July 3, 2004.

At some point prior to July 3, 2004, defendant Jack Brady, d/b/a KSR Motorsports, entered into an agreement with Blue Diamond, LLC and/or Parkway Gravel to hold an event on July 3, 2004 at Blue Diamond Park in New Castle, Delaware.

Jack Brady, d/b/a KSR Motorsports, Blue Diamond and/or Parkway Gravel jointly held an event at the Blue Diamond facility on July 3, 2004. Blue Diamond and/or Parkway Gravel participated by allowing the event to be promoted to take place at Blue Diamond.

Blue Diamond was paid a sum of money prior to the event and had a verbal agreement to be paid a percentage of profits based upon the amount of spectators for the event. A representative of Blue Diamond was present in the ticket booth monitoring ticket sales.

On July 3, 2004, Mr. Rollison attended the events at Blue Diamond with his brother and some of his brother's acquaintances. Mr. Rollison's brother was participating in the event and Mr. Rollison was a member of his brother's pit-crew. Shortly before the mud-dragster event began, a female approached all of the individuals in the staging area and produced a form to be signed. The form was passed around Mr. Rollison's group. He was the last to sign in and did not read it before he signed it.

After the mud-dragster participants were called from the pit area to the staging area, Mr. Rollison began to walk in a grassy area. The pathway on which the mud-dragsters were being pushed or pulled were to his right and parked monster trucks were to his left. While defendant, Jack Brady d/b/a KSR Motorsports and Blue Diamond had erected barriers between the event field and the spectators, there were no barriers erected in the in-field to separate events or to separate areas where pit-crew members walked and vehicles were traveling. As he was walking, Mr. Rollison was struck from behind by a vehicle being steered by minor defendant, T. S. and being pushed by an all-terrain vehicle operated by defendant, Neal Shoemaker. The Shoemakers were distracted by the monster trucks on the left.

As a result of this incident, Mr. Rollison sustained a ruptured patella tendon. He underwent surgical repair on July 7, 2004 followed by a course of physical therapy. Mr. Rollison subsequently developed an infection at the wound site and underwent additional surgery on December 2, 2004 to remove the suture granuloma and perform scar revision. Dr. Cook, the treating surgeon has opined that as a result of the July 3, 2004 incident, Mr. Rollison dislocated his right patella and sustained a small avulsion fracture. The diagnosis was right knee ruptured patella tendon. As a result of his injuries, Mr. Rollison sustained a permanent injury in that he has restrictions in his ability to crouch and/or crawl. Mr. Rollison has significant residual scarring to his leg. Mr. Rollison also sustained a back injury in the July 3, 2004 accident for which he has been treated.

Mr. Rollison alleges that defendants, Neal Shoemaker, T. S., a minor, Blue Diamond, LLC, Parkway Gravel, and Jack Brady were negligent in a manner proximately causing Mr. Rollison's injuries.

### B.    Defendants' Statements:

**Defendant Neal Shoemaker:**

This action is brought by Plaintiff, Delbert E. Rollison, for personal injuries that he alleges resulted from an accident which occurred on July 3, 2004 on the premises of Blue Diamond Park, in New Castle County, Delaware.

Defendant Neal Shoemaker was operating a Polaris all terrain vehicle, which was pushing a "mud racer," without its engine engaged, steered by Mr. Shoemaker's minor child, en route to an

area designated for vehicles and drivers, participating in an organized drag race. Mr. Rollison, a pedestrian, alleges that he was hit by the "mud racer" as he was walking in the vicinity of the procession of "mud racers" towards the staging area, designated for participating vehicles and drivers.

Defendant Neal Shoemaker disputes negligence, proximate cause and damages, and crossclaims against the Co-defendants for indemnity and contribution, pursuant to Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del.C. §6301 et seq.

**Defendant, Blue Diamond, LLC and Parkway Gravel:**

Plaintiff, Delbert Rollison contends that he sustained personal injuries to the lower extremity when he was struck from the rear by a "mud dragster" racing vehicle which was being steered by minor defendant Travis Shoemaker while such vehicle was being pushed by defendant Neal Shoemaker. At the time Mr. Rollison was acting as a "crew" member for another mud dragster which was to engage in a mud dragster competition later that day.

The accident occurred on the premises of Blue Diamond Park in New Castle County, De. The "mud dragster" competition and other vehicle competitions had been arranged and promoted by defendant Jack Brady, d/b/a KSR Motor Sports. At the time of the accident, the mud dragsters were being moved by their respective crews from a "pit" or parking area to a staging area proximate to where spectators were sitting on a hill under the supervision of defendant Brady or his agents.

Prior to engaging in the mud dragster competition, plaintiff and other members of his crew were required to sign a "Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement" form. That form, *inter alia*, released owners and operators of land and facilities in which racing competitions were to occur from any claim for personal injuries stemming from plaintiff's participation.

### (2)   BASIS OF FEDERAL JURISDICTION

Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which some of the defendants reside and the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

(3) **ADMITTED FACTS WHICH REQUIRE NO PROOF**

    A.    **By Plaintiff:**

1. Defendant, T. S., a minor, was twelve years old at the time of this incident.

2. T.S. was steering a mud dragster owned by defendant, Neal Shoemaker, which was being pushed by Neal Shoemaker, who was operating an all-terrain vehicle.

3. The mud dragster being steered by minor defendant, T.S., and pushed by defendant, Neal Shoemaker, struck plaintiff, Delbert Rollison.

4. Plaintiff, Delbert Rollison sustained a right ruptured patella tendon requiring surgical intervention.

5. Plaintiff, Delbert Rollison's date of birth is July 4, 1960. The life expectancy for a 46 year-old male is 31.2 additional years based upon "2000 US National Center for Health Statistics", <u>National Vital Statistics Report</u>, Volume 4, No. 28, 2000, page 85.

5. At the time plaintiff, Delbert Rollison, sustained these injuries, he was a business licensee on the relevant premises.

    B.    **By Defendants:**

**Defendant Neal Shoemaker:**

1. The defendant, Neal Shoemaker, admits that an accident occurred on the date set forth in paragraph number 1. Negligence, proximate cause and damages are in dispute.

2. Defendant, Neal Shoemaker, has tendered his policy limits in the amount of $25,000.00 in satisfaction of the claims against him and his minor child.

3. Defendant Jack Brady, individually and d/b/a KSR Motor Sports, is precluded from a liability defense, due to his disregard of District Court Rules.

**Defendant, Blue Diamond, LLC and Parkway Gravel:**

1. That prior to his participation in the pertinent "mud dragster" competition on the date of the occurrence in this case, plaintiff executed a form captioned "Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement".

2. That the vehicle which struck plaintiff from behind and which caused his alleged injury was being steered and operated by minor defendant Travis Shoemaker.

3. That at the time when plaintiff sustained his alleged injury, he was a business licensee on the relevant premises.

(4) **ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

### A. By Plaintiff:

1. The negligence of all of the defendants.

2. Apportionment of liability pursuant to 10 Del. C. §6301 et. seq.

3. What injuries were suffered by Delbert Rollison as a result of the incident of July 3, 2004?

4. What damages were suffered by plaintiff, Delbert Rollison as a result of the incident of July 3, 2004?

5. To what monetary damages is plaintiff entitled to as a result of defendants' negligence?

### B. By Defendants:

**Defendant Neal Shoemaker:**

1. The Plaintiff's comparative negligence, if any, pursuant to his assumption of the inherent risk of walking in a procession of drag racers.

2. Apportionment of liability, if any, pursuant to Delaware's Uniform Contribution Among Tortfeasors statute, 10 Del. C. § 6301 et seq.

3. The nature and extent of the Plaintiff's alleged injuries, if any.

4. The amount of damages the Plaintiff is entitled to recover, if any.

**Defendant, Blue Diamond, LLC and Parkway Gravel:**

1. The comparative or sole negligence of plaintiff in failing to exercise due care while walking in the midst of mud dragster vehicles as they were being moved to a race staging area.

2. Whether the plaintiff assumed the risk of his injuries.

3. Whether the clear terms of the "Release and Waiver of Liability" form executed by plaintiff prior to his alleged injury in fact released parties such as Blue Diamond, LLC and Parkway Gravel.

4. Whether defendants Travis and Neal Shoemaker were negligent in a fashion which proximately caused or constituted the majority cause of plaintiff's alleged injury.

5. Whether defendants Blue Diamond, LLC and Parkway Gravel breached any tort duty owed to plaintiff.

6. Whether, and to what extent, liability ought to be apportioned as between the defendants under 10 Del. C. §6301 et seq., assuming that plaintiff's own negligence was not the majority cause of the accident in this case, and assuming that the "Release and Waiver of Liability" form executed by plaintiff prior to the relevant occurrence does not bar his claims against Blue Diamond, LLC and Parkway Gravel.

7. To what extend plaintiff has sustained damages or injuries proximately caused by the occurrence in this case.

(5) **ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

A. **By Plaintiff:**

1. The scope and enforceability of the Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement.

2. Whether defendant, Jack Brady, should be precluded from a liability defense, due to his disregard of District Court Rules.

**B.    By Defendants:**

**Defendant Neal Shoemaker:**

1.  Whether the Plaintiff's claims should be barred as a matter of law, pursuant to the Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement, signed by him on the date of the accident.

2.  Whether the Plaintiff was comparatively negligent, as a matter of law, pursuant to his assumption of the inherent risk of walking in a procession of drag racers.

3.  Whether the Co-defendants were negligent, as a matter of law, due to lack the of personnel to direct pedestrians and racers, and due to the lack of warning signs and/or fences.

4.  Whether Defendant Jack Brady, individually and d/b/a KSR Motor Sports should be precluded from a liability defense, due to his disregard of District Court Rules.

The foregoing issues are presently pending before the Court, pursuant to the Shoemaker's Joinder to, or in the Alternative, in Limited Opposition to Motion for Summary Judgment of Co-Defendant Blue Diamond, LLC and Parkway Gravel, and the Answering Brief of Defendant Shoemaker in Support of the Joinder to, or in the Alternative, in Limited Opposition to Motion for Summary Judgment of Co-Defendant Blue Diamond, LLC and Parkway Gravel and Appendix, filed on December 11, 2006.

Defendant Shoemaker also joins in the Motion of Defendants Parkway Gravel and Blue Diamond for Sanctions Against Jack Brady, d/b/a KSR Motor Sports Pursuant to Fed.R.Civ.P. 16(f) and 37(b).

**Defendant, Blue Diamond, LLC and Parkway Gravel:**

1.  Defendants Blue Diamond, LLC and Parkway Gravel have filed a motion for summary judgment based primarily on the clear and conscionable terms of the "Release and Waiver of Liability". That motion has been briefed and awaits a ruling by the Court.

2.  Whether the plaintiff was comparatively negligent, as a matter of law, pursuant to his assumption of the risk of walking in a procession of "mud dragsters", an activity which plaintiff acknowledges to be dangerous.

3.  Whether the deliberate conduct of the defendant Brady d / b / a KSR Motor Sports in wilfully violating the Orders of the Court regarding mediation and other issues should cause a default judgment or other appropriate sanctions to be imposed against

him. Defendants Blue Diamond, LLC and Parkway Gravel have filed a motion seeking such sanctions which is now pending before the Court.

4. Whether the negligence of the Shoemakers in "rear ending" plaintiff should not be deemed to be causative negligence as a matter of law.

5. Whether the negligence of defendant Brady d / b /a KSR Sports in failing to adequately supervise and control the activities of racing contestants was the partial or sole proximate cause of the injuries allegedly sustained by plaintiff.

**(6) LIST OF PRE-MARKED EXHIBITS WHICH EACH PARTY INTENDS TO OFFER AT TRIAL WITH OR WITHOUT OBJECTION**

**A.    Plaintiff's Exhibits:**

By Delbert Rollison:                                                                                    Objections:

(a) Records from Delaware Basic Life Support of July 3, 2004;

(b) Records from Christiana Hospital of July 3, 2004;

(c) Records from Advanced Orthopedics & Pain Management of July 6, 2004 through November 14, 2005;

(d) MRI report of the lumbar spine of May 18, 2005;

(e) Operative report from Loudoun Hospital Center of July 7, 2004;

(f) Operative report from Loudon Hospital Center of December 2, 2004;

(g) Records from Health South Rehabilitation Center of Winchester of June 14, 2006.

(h) Records from Apple Blossom Family Practice of August 16, 2005 through March 24, 2006;

(i) Color photocopies of photographs of Mr. Rollison's injuries following the accident;

(j) Color photocopies of photograph of the Shoemaker's mud dragster;

(k) Copies of medical expenses totaling approximately $23,369.59;

(l) Chart summarizing gross lost wages of $11,399.08;

(m)  Chart summarizing damages;

(n)  Anatomical models and medical illustrations specifically depicting the plaintiff's injuries;

(o)  Copy of curriculum vitae of Randolph Cook, M.D.;

(p)  Deposition testimony as permitted by law;

(q)  Drawing of accident scene by Neal Shoemaker;

(r)  Drawing of accident scene by Plaintiff, Delbert Rollison;

(s)  Drawing of accident scene by Alan DeCarlo.

Mr. Rollison reserves the right to affirmatively use all exhibits identified by Defendants.

**Defendant's Objections to Plaintiff's Proposed Exhibits:**

Defendant Neal Shoemaker, Blue Diamond LLC and Parkway Gravel object to any exhibits by any party unless exchanged and initialled by counsel prior to trial.

**B.   Defendant's Exhibits:**

| **Defendant Neal Shoemaker:** | **OBJECTIONS** |
|---|---|
| Exhibit DS1:  Videotape of site inspection on September 21, 2006; | **Objection defendant Blue Diamond LLC in that this tape has not been produced.** |
| Exhibit DS2:  Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement, attached as "Exhibit 3" to Plaintiff's Deposition Transcript, dated August 4, 2006; | **Objection by plaintiff as to relevance.** |
| Exhibit DS3:  Drawing of accident scene by Defendant Neal Shoemaker, attached as "Exhibit 2" to his deposition transcript, dated August 1, 2006; | |
| Exhibit DS4:  Photograph of "Mud Racer" attached as "Exhibit 1" to Neal Shoemaker's deposition transcript, dated August 1, 2006 | |

Defendant Neal Shoemaker further reserves the right to introduce any exhibit identified by any other party herein and reserves the right to introduce enlargements of any exhibits. Defendant Neal

Shoemaker also reserves the right to introduce adverse party's admissions, answers to interrogatories, and deposition testimony, if relevant to the issues to be decided by the jury. Defendant Neal Shoemaker reserves the right to use charts, drawings, anatomical models, slides, and other articles of demonstrative aids and to offer them into evidence, if permitted under the applicable rules of evidence. Defendant Neal Shoemaker reserves the right to introduce into evidence impeachment materials and rebuttal exhibits, the identity of which cannot be known until the presentation of the adverse party's evidence at trial.

| By defendants Blue Diamond, LLC and Parkway Gravel: | Objections |
|---|---|
| Exhibit BD/PG 1: "Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement" executed by plaintiff. | **Objection by Plaintiff- Relevance** |
| Exhibit BD/PG 2: Drawing of scene of accident by plaintiff Prepared during his deposition. | |
| Exhibit BD/PG 3: Drawing of scene of accident by Allan DeCarlo prepared during his deposition. | |
| Exhibit BD/PG 4: Drawing of scene accident by Neal Shoemaker prepared during his deposition. | |
| Exhibit BD/PG 5: Drawing of scene of accident by Jack Brady Prepared during his deposition. | |
| Exhibit BD/PG 6: KSR Motor Sports "Monster Truck Schedule" identified at defendant Brady's deposition. | |
| Exhibit BD/PG 7: Photos of "monster truck" and "ride truck" Identified at defendant Brady's deposition. | |
| Exhibit BD/PG 8: KSR Motor Sports "Sand Drag General Rules" identified at defendant Brady's deposition. | |

Defendants Blue Diamond, LLC and Parkway Gravel intend to supplement this exhibit list with an additional document or documents which show the relationship of such defendants to the premises where the relevant accident occurred.

Defendants Blue Diamond, LLC and Parkway Gravel reserve the right to affirmatively introduce and reference any exhibit identified by any other party to this litigation, and reserve the right to enlarge any of said exhibits. Defendants further reserve the right to introduce any pleading filed by any other party or any deposition or excerpt therefrom if pertinent to an issue before the jury or in conjunction with the cross-examination of any witness. Defendants further reserve the right to prepare charts, drawings or other demonstrative exhibits to the extend that such exhibits are relevant and admissible under the Federal Rules of Evidence. Defendants further reserve the right to identify

additional exhibits during trial for purposes of impeachment or rebuttal, and the identity of which can not presently be determined until evidence is assessed in context.

(7) **NAMES AND ADDRESSES OF ALL WITNESSES A PARTY INTENDS TO CALL.**

A. **For Plaintiff:**

1. Plaintiff, Delbert Rollison,
2. Defendant, Neal Shoemaker, 1215 North Mink Road, Danielsville, PA 18038;
3. Defendant, T. S., 1215 North Mink Road, Danielsville, PA 18038;
4. Allan DeCarlo, 17 Phillips Avenue, Wilmington, DE 19809;
5. Defendant, Jack Brady, P.O. Box 1701, Paoli, PA 19301
6. Randolph Cook, M.D., 21785 Filigree Court, Ste. 103, Ashburn, VA 20147-6214;
7. If necessary, Records Custodian for Delaware Basic Life Support;
8. If necessary, Records Custodian for Christiana Hospital;
9. If necessary, Records Custodian for Advanced Orthopedics & Pain Management;
10. If necessary, Records Custodian for Health South;
11. If necessary, Records Custodian for Apple Blossom Family Practice
12. Representative of Sino Swearingin Aircraft Corp., 1770 Sky Place Blvd., San Antonio, TX 78216
13. Randy Rollison, 376 Pine Grove Rd., Bluemont, VA 20135.

Plaintiff, Delbert Rollison reserves the right to call all witnesses identified by defendants and reserve the right to add additional witnesses at a time closer to trial

B. **For Defendants:**

**Defendant Neal Shoemaker:**

1. Defendant, Neal Shoemaker (fact witness)-1215 North Mink Road, Danielsville, PA 18038;
2. Minor Defendant, Shoemaker (fact witness)-1215 North Mink Road, Danielsville, PA 18038;
3. Plaintiff, Delbert E. Rollison (fact witness) - 95 Burgess Way, Spring Millls, WV 25401;
4. Allan DeCarlo (fact witness) - 711 Phillips Avenue, Wilmington, DE 19809;
5. Defendant, Jack Brady (fact witness) - P.O. Box 1701 Paoli, PA 19301.

Defendant Neal Shoemaker reserves the right to call any witness listed by any other party herein and expressly reserves the right to call rebuttal witnesses, the identity of which cannot be known until after the presentation of the evidence at trial. Defendant Neal Shoemaker objects to the presentation of witnesses which were not identified by any adverse party, during the course of discovery.

**By defendants Blue Diamond, LLC and Parkway Gravel.** (The following are all either parties and/or fact witnesses).

1. Plaintiff Delbert Rollison: P.O. Box 272, Waterford, VA 22190;
2. Allen Decarlo: 711 Phillips Avenue, Wilmington, DE 19809;
3. Defendant Neal Shoemaker: 1215 North Mink Road, Danielsville, PA 18038;
4. Defendant Travis Shoemaker: 1215 North Mink Road, Danielsville, PA 18038;
5. Defendant, Jack Brady: P.O. Box 1701 Paoli, PA 19301.

Defendants Blue Diamond, LLC and Parkway Gravel reserve the right to call any witness listed by any other party. Defendants further reserve the right to call rebuttal witnesses, the identity of whom can not be known until the context of the evidence is shown.

**(8) BRIEF STATEMENT OF WHAT PLAINTIFF EXPECTS TO PROVE IN SUPPORT OF CLAIMS**

Plaintiff, Delbert Rollison expects that the evidence will show:

(a) That the negligence of defendants was a proximate cause of Delbert Rollison's injuries;

(b) That defendants, jointly and/or severally, were negligent in a manner proximately causing this accident;

(c) The personal injuries, both temporary and permanent, sustained by Delbert Rollison as a result of this accident;

(d) The damages that Delbert Rollison suffered as a result of these injuries.

**(9) BRIEF STATEMENT OF WHAT DEFENDANT INTENDS TO PROVE AS DEFENSES**

**Defendant Neal Shoemaker:**

Defendant Neal Shoemaker expects that the evidence will show that the Plaintiff's claims should be barred, as a matter of law, pursuant to the Release and Waiver of Liability, signed by him on the date of the accident. Furthermore, the evidence will show that the Plaintiff was more than 50% comparatively negligent and that he assumed the risk of his injuries. Moreover, the evidence will show that the Co-Defendants were negligent pursuant to a lack of personnel to direct pedestrians and drag racing vehicle drivers and pursuant to a lack of warning signs, barricades, etc.

**Defendants Blue Diamond, LLC and Parkway Gravel:**

Defendants Blue Diamond, LLC and Parkway Gravel will prove that plaintiff knew that he was engaged in a dangerous or hazardous activity on the date of his alleged injury. Defendants will further show that, prior to his injury, plaintiff had knowingly and willingly executed a "Release and Waiver of Liability" form which, *inter alia*, specifically and conscionably released defendants Blue Diamond, LLC and Parkway Gravel from any and all claims of liability resulting from the "mud dragster" even such as the claims which plaintiff makes in the instant proceeding.

Further, defendants will show that plaintiff was comparatively negligent in a fashion which proximately caused his alleged injury when he elected to walk between mud dragster vehicles as they were being moved from a pit area to a staging area in that he was engaged in conversation with another individual and did not pay due care and attention to his surroundings, including the movement of the mud dragster to his rear, knowing that the movement of such vehicles was a dangerous activity.

Defendants will further show that the Shoemaker defendants were negligent in a fashion which proximately caused plaintiff's alleged injuries in that Neal Shoemaker permitted his minor son Travis Shoemaker to steer or otherwise operate a mud dragster while Neal Shoemaker pushed the dragster toward a staging area, and while both Shoemakers failed to pay due care and attention to their driving such that they ran into plaintiff from the rear.

Defendants will further show that defendant Jack Brady d / b / a KSR Motor Sports was negligent in a fashion which proximately caused plaintiff's alleged injury in that he promoted, arranged and supervised the pertinent mud dragster competition, was directly proximate to the point of impact between the plaintiff and the Shoemaker dragster, and failed or refused to effectively supervise the movement of such vehicles such that plaintiff was exposed to imminent risk of harm.

Defendants will show that plaintiff's damages and injuries are not as he alleges them to be.

**(10) STATEMENTS BY COUNTER-CLAIMANTS/CROSS-CLAIMANTS**

Defendant, Neal Shoemaker, crossclaims against the co-defendants, Blue Diamond, LLC, Houghton's Amusement, LLC, Jack Brady, individually and d/b/a KRS Motor Sports and Parkway Gravel, for contribution and indemnification, pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del.C. §6301, et seq.

By Defendants Blue Diamond, LLC and Parkway Gravel:

Defendants Blue Diamond, LLC and Parkway Gravel have made cross-claims against all co-defendants for contribution and indemnification pursuant to 10 Del.C. §6301, et seq. Defendants allege that the Shoemakers stuck plaintiff from behind while he was or should have been clearly visible to them. Defendant Brady promoted, organized and supervised the "mud dragster" competition and failed or refused to adequately control and oversee the movement of vehicles and personnel as the mud dragsters were moved from a pit area to a staging area.

### (11) AMENDMENTS TO PLEADINGS

No additional amendments, other than to protect the identity of the minor Defendant, at trial.

### (12) CERTIFICATION OF GOOD FAITH SETTLEMENT NEGOTIATIONS

The parties, with the exception of Jack Brady, have attempted to engage in good faith settlement negotiations through mediation with United States Magistrate-Judge Thynge. Defendant Neal Shoemaker has tendered his policy limits of $25,000.00.

Defendant Neal Shoemaker, as an insured of State Farm Insurance Companies, has tendered his policy limits of $25,000.00, in satisfaction of the claims against him and his minor child. However, to date the tendered policy limits has not been accepted by the Plaintiff.

By defendants Blue Diamond, LLC and Parkway Gravel:

With the exception of defendant Brady, the parties hereto have engaged in good faith settlement discussions. Other than Brady and defendant Houghton's Amusement Park, the parties have participated in a mediation. Plaintiff has made a demand and defendants Blue Diamond, LLC and Parkway Gravel have extended an offer. Settlement discussions have not concluded and may continue prior to trial.

### (13) OTHER MATTERS

**By Plaintiff:**

(a) There is currently a Motion for Summary Judgment pending before the Court and a Motion for Sanctions against Defendant, Jack Brady d/b/a KSR Motorsports pending before the Court.

(b) A Stipulation of Dismissal with respect to defendant, Houghtons Amusement Park, LLC is being circulated.

**By Defendants:**

**Defendant Neal Shoemaker:**

Defendants Shoemaker filed a Joinder to, or in the Alternative, in Limited Opposition to Motion for Summary Judgment of Co-Defendant Blue Diamond, LLC and Parkway Gravel, which is still pending before the Court.

Defendants Shoemaker joins in the Motion of Defendants Parkway Gravel and Blue Diamond for Sanctions Against Jack Brady, d/b/a KSR Motor Sports Pursuant to Fed.R.Civ.P. 16(f) and 37(b).

**By defendants Blue Diamond, LLC and Parkway Gravel:**

Defendants have filed a motion for summary judgment which has been fully briefed and awaits decision by the Court. Defendants have further filed a motion for sanctions against defendant Brady which is also pending.

**A.   Jury Verdict Form**

By separate pleading, the parties will submit a Proposed Jury Verdict Form.

**B. Voir Dire Questions**

**Plaintiff Delbert Rollison:**

1. Is there any reason or cause to believe, either due to newspaper or magazine articles or due to other media discussion or publicity regarding the amount of money damages awarded by juries, that you could not render a fair and just verdict in this case?

2. Do you believe it is wrong or immoral to sue for personal injuries?

**Defendant Neal Shoemaker:**

1.   Is any member of the jury panel or their immediate family presently a party in a lawsuit in any jurisdiction where damages for personal injuries are sought; and

2.   In the past five years, has any member of the jury panel or their immediate family been a party in a lawsuit in any jurisdiction where damages for personal injuries are sought.

**By defendants Blue Diamond, LLC and Parkway Gravel:**

A.   Jury Verdict Form:

By separate pleading, the parties will submit a proposed Jury Verdict Form as directed by the Court.

  B. Jury Voire Dire:
  1. Is any member of the jury panel or their immediate family presently a party in a lawsuit in which damages are being sought for personal injuries?

  2. In the past five years, has any member of the jury panel or their immediate family been a party in a lawsuit in any jurisdiction where damages for personal injuries were sought?

### C. Jury Instructions

By separate pleading, the parties will submit Proposed Jury Instructions.

### (14) TRIAL TIME ESTIMATES

Trial is scheduled to begin April 16, 2007 and is estimated to last for 5 days.

**By defendants Blue Diamond, LLC and Parkway Gravel:**

Defendants estimate that the trial of this case should conclude within three days.

**THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**


DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

_/s/_

ARTHUR M. KRAWITZ #2440
MATTHEW R. FOGG #4254
1202 Kirkwood Highway
Wilmington, DE 19805
(302)009-0100
Attorneys for Plaintiff

TYBOUT, REDFEARN & PELL

_____
SHERRY RUGGIERO FALLON #2464
750 S. Madison Street, Suite 400
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Defendant Neal Shoemaker and T.S.

AKIN & HERRON, P.A.

*/s/ Roger A. Akin (BMF)*
ROGER A. AKIN #395
BRUCE C. HERRON #2315
1220 N. Market Street, #300
P.O. Box 25047
Wilmington, DE 19899
(302) 427-6989
Attorneys for Blue Diamond LLC and
Parkway Gravel

_____
Jack Brady
P.O. Box 1701
Paoli, PA 19301
Pro Se Defendant

**IT IS SO ORDERED**, this ___ day of _____, 2007.

_____
The Honorable Sue L. Robinson